**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CECIL KOGER,** | : | |
| | : | **Case No. 4:17-CV-02409** |
| **Plaintiff,** | : | |
| | : | **Judge Benita Y. Pearson** |
| v. | : | |
| | : | |
| **DIRECTOR GARY MOHR, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' ANSWER**

Defendants Gary Mohr, Todd Ishee, Michael Davis, Charmaine Bracy, Alexander Kostenko, and Richard Bowen, Jr. ("Defendants"), by and through counsel, hereby respond to Plaintiff Cecil Koger's ("Plaintiff") Complaint by answering and averring as follows:

**FIRST DEFENSE**

1.  Defendants admit that Plaintiff is a Rastafarian and that prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations contained in Paragraph 1.

2.  Defendants deny the allegations contained in Paragraph 2.

3.  Defendants admit they maintain faith-specific policies and afford religious accommodations to inmates, but deny the remaining allegations contained in Paragraph 3.

4.   Defendants deny the allegations contained in Paragraph 4.

5.  Defendants admit that prison policies prohibit inmates from wearing dreadlocks, that Plaintiff's hair was cut, that he has been sprayed with OC, and that he has been confined in the segregation unit, but deny the remaining allegations contained in Paragraph 5.

6.  Defendants admit that Plaintiff has brought a civil action seeking injunctive and declaratory relief as described in the Complaint. To the extent the allegations in

Paragraph 6 consist of legal conclusions, they require no answer. All remaining allegations in Paragraph 6 are denied.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit the allegations contained in Paragraph 8.

9. Defendants admit Plaintiff is an Ohio state prisoner and has been confined in various correctional facilities throughout the state, but deny the remaining allegations set forth in Paragraph 9 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

10. Defendants admit that Defendant Gary C. Mohr is the Director of ODRC, that he holds the office pursuant to the provisions of Ohio Rev. Code. § 5120.01, and that he is being sued by the Plaintiff in his individual and official capacities, but deny the remaining allegations contained in Paragraph 10.

11. Defendants admit that Defendant Todd Ishee is the Northeast Regional Director of ODRC and that he is being sued by the Plaintiff in his individual and official capacities, but deny the remaining allegations contained in Paragraph 11.

12. Defendants deny Defendant Mike Davis was responsible for enforcing ODRC's religious services policies and making all final decisions on appeals of religious accommodation requests made by inmates housed in ODRC facilities, but admit the remaining allegations contained in Paragraph 12.

13. Defendants admit the allegations contained in Paragraph 13.

14. Defendants admit the allegations contained in Paragraph 14.

15. Defendants admit the allegations contained in Paragraph 15.

16. Defendants deny the allegations set forth in Paragraph 16 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

17.     Defendants deny the allegations set forth in Paragraph 17 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

18.     Defendants deny the allegations set forth in Paragraph 18 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

19.     Defendants deny the allegations set forth in Paragraph 19 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

20.     Defendants deny the allegations set forth in Paragraph 20 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

21.     Defendants deny the allegations set forth in Paragraph 21 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

22.     Defendants deny the allegations set forth in Paragraph 22 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

23.     Defendants deny the allegations set forth in Paragraph 23 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

24.     Defendants deny the allegations set forth in Paragraph 24 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

25.     Defendants deny the allegations set forth in Paragraph 25 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

26.     Defendants deny the allegations set forth in Paragraph 26 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

27.     Defendants admit that prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations contained in Paragraph 27.

28.     To the extent the allegations in Paragraph 28 consist of legal conclusions, they require no answer. All remaining allegations in Paragraph 28 are denied.

29.     To the extent the allegations in Paragraph 29 consist of legal conclusions, they require no answer. All remaining allegations in Paragraph 29 are denied.

30.     To the extent the allegations in Paragraph 30 consist of legal conclusions, they require no answer. All remaining allegations in Paragraph 30 are denied.

31.     To the extent the allegations in Paragraph 31 consist of legal conclusions, they require no answer. All remaining allegations in Paragraph 31 are denied.

32.     Defendants admit that prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations contained in Paragraph 32.

33.     Defendants admit the allegations contained in Paragraph 33.

34.     Defendants admit prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations contained in Paragraph 34.

35.     Defendants deny the allegations set forth in Paragraph 35 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

36.     Defendants admit prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations contained in Paragraph 36.

37.     Defendants deny the allegations contained in Paragraph 37.

38.     Defendants deny the allegations contained in Paragraph 38.

39.     Defendants admit prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations contained in Paragraph 39.

40.     Defendants deny the allegations set forth in Paragraph 40.

41.     Defendants admit the allegations contained in Paragraph 41.

42.     Defendants admit the allegations contained in Paragraph 42.

43.     Defendants admit the allegations contained in Paragraph 43.

44.     Defendants admit the allegations contained in Paragraph 44.

45. Defendants admit the allegations contained in Paragraph 45.

46. Defendants admit each faith-specific policy includes a "Procedures" section, but deny the remaining allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants admit the Asatru Religious Services Policy includes a "Procedures" section containing various components.  All remaining allegations in Paragraph 48 are denied.

49. Defendants admit the Jewish Religious Services Policy includes a "Procedures" section containing various components.  All remaining allegations in Paragraph 49 are denied.

50. Defendants admit the Jewish Religious Services Policy includes a "Procedures" section containing various components.  All remaining allegations in Paragraph 50 are denied.

51. Defendants admit the Native American Religious Services Policy includes a "Procedures" section containing various components.  All remaining allegations in Paragraph 51 are denied.

52. Defendants admit the Muslim Religious Services Policy includes a "Procedures" section containing various components.  All remaining allegations in Paragraph 52 are denied.

53. Defendants admit the Muslim Religious Services Policy includes a "Procedures" section containing various components.  All remaining allegations in Paragraph 53 are denied.

54. Defendants admit the Muslim Religious Services Policy includes a "Procedures" section containing various components.  All remaining allegations in Paragraph 54 are denied.

55. Defendants admit the allegations contained in Paragraph 55.

56. Defendants admit prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants admit the allegations contained in Paragraph 58.

59.   Defendants deny the allegations contained in Paragraph 59.

60.   Defendants deny the allegations set forth in Paragraph 60 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

61.   Defendants deny the allegations set forth in Paragraph 61 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

62.   Defendants deny the allegations set forth in Paragraph 62 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

63.   Defendants deny the allegations set forth in Paragraph 63 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

64.   Defendants deny the allegations set forth in Paragraph 64 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

65.   Defendants deny the allegations set forth in Paragraph 65 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

66.   Defendants deny the allegations set forth in Paragraph 66 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

67.   Defendants admit the allegations set forth in Paragraph 67.

68.   Defendants deny the allegations set forth in Paragraph 68.

69.   Defendants admit prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations set forth in Paragraph 69 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

70.   Defendants deny the allegations set forth in Paragraph 70 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

71.   Defendants deny the allegations set forth in Paragraph 71 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

72.     Defendants deny the allegations set forth in Paragraph 72 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

73.     Defendants deny the allegations set forth in Paragraph 73 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

74.     Defendants deny the allegations set forth in Paragraph 74.

75.     Defendants deny the allegations set forth in Paragraph 75 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

76.     Defendants deny the allegations set forth in Paragraph 76 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

77.     Defendants deny the allegations set forth in Paragraph 77 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

78.     Defendants deny the allegations set forth in Paragraph 78 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

79.     Defendants admit the allegations set forth in Paragraph 79.

80.     Defendants deny the allegations set forth in Paragraph 80 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

81.     Defendants deny the allegations set forth in Paragraph 81 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

82.     Defendants deny the allegations set forth in Paragraph 82.

83.     Defendants deny the allegations set forth in Paragraph 83 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

84.     Defendants admit prison policies prohibit inmates from wearing dreadlocks, that Plaintiff was issued a direct order to comply with the Grooming Policy, and that Plaintiff refused, but deny the remaining allegations contained in Paragraph 84.

85.     Defendants admit prison policies prohibit inmates from wearing dreadlocks, that Plaintiff was issued a direct order to comply with the Grooming Policy, that Plaintiff refused, and that Plaintiff was issued a conduct report for a Rule 21 violation, but deny the remaining allegations contained in Paragraph 85.

86.     Defendants deny the allegations set forth in Paragraph 86 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

87.     Defendants deny the allegations set forth in Paragraph 87 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

88.     Defendants deny the allegations set forth in Paragraph 88 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

89.     Defendants admit prison policies prohibit inmates from wearing dreadlocks, that Plaintiff was issued a direct order to comply with the Grooming Policy, that Plaintiff refused, that Plaintiff was issued a conduct report for a Rule 21 violation, and that Plaintiff was found guilty at RIB for violating Rule 21, but deny the remaining allegations contained in Paragraph 89.

90.     Defendants admit prison policies prohibit inmates from wearing dreadlocks, that Plaintiff was issued a direct order to comply with the Grooming Policy, that Plaintiff refused, that Plaintiff was issued a conduct report for a Rule 21 violation, and that Plaintiff was found guilty at RIB for violating Rule 21, and that the RIB ordered Plaintiff to comply with the Grooming Policy, but deny the remaining allegations contained in Paragraph 90.

91.     Defendants admit the allegations set forth in Paragraph 91.

92.     Defendants deny the allegations set forth in Paragraph 92 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

93.     Defendants admit prison policies prohibit inmates from wearing dreadlocks and that Plaintiff filed an Informal Complaint Resolution with Defendant Davis, but deny the remaining allegations set forth in Paragraph 93.

94.     Defendants admit the allegations set forth in Paragraph 94.

95.     Defendants admit the RIB decision ordering Plaintiff to comply with the Grooming Policy was affirmed, but deny the remaining allegations set forth in Paragraph 95.

96.     Defendants admit that the Plaintiff filed a request for religious accommodation seeking an exemption from the Grooming Policy, but deny the remaining allegations set forth in Paragraph 96.

97.      Defendants deny the allegations set forth in Paragraph 97.

98.     Defendants deny the allegations set forth in Paragraph 98.

99.     Defendants deny the allegations set forth in Paragraph 99.

100.    Defendants admit prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations set forth in Paragraph 100.

101.    Defendants admit prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations set forth in Paragraph 101.

102.    Defendants admit prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations set forth in Paragraph 102.

103.    Defendants admit the allegations set forth in Paragraph 103.

104.    Defendants deny the allegations set forth in Paragraph 104 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

105.    Defendants admit the allegations set forth in Paragraph 105.

106.    Defendants admit the allegations set forth in Paragraph 106.

107.    Defendants deny the allegations set forth in Paragraph 107.

108.	Defendants admit Plaintiff's hair was cut, but deny the remaining allegations set forth in Paragraph 108.

109.	Defendants admit the allegations set forth in Paragraph 109.

110.	Defendants deny the allegations set forth in Paragraph 110.

111.	Defendants deny the allegations set forth in Paragraph 111 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

112.	Defendants deny the allegations set forth in Paragraph 112 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

113.	Defendants admit that prison policies prohibit inmates from wearing dreadlocks and that Plaintiff was required to comply with the Grooming Policy, but deny the remaining allegations set forth in Paragraph 113.

114.	Defendants admit that prison policies prohibit inmates from wearing dreadlocks and that Plaintiff was required to comply with the Grooming Policy, but deny the remaining allegations set forth in Paragraph 114.

115.	Defendants admit that prison policies prohibit inmates from wearing dreadlocks and that Plaintiff was required to comply with the Grooming Policy, but deny the remaining allegations set forth in Paragraph 115.

116.	Defendants admit that prison policies prohibit inmates from wearing dreadlocks, that Plaintiff was required to comply with the Grooming Policy, and that he appealed the ruling that he comply with the Grooming Policy, but deny the remaining allegations set forth in Paragraph 116.

117.	Defendants admit that prison policies prohibit inmates from wearing dreadlocks, that Plaintiff was required to comply with the Grooming Policy, that he appealed the ruling

that he comply with the Grooming Policy, and that a decision on the appeal was subsequently rendered, but deny the remaining allegations set forth in Paragraph 117.

118.    Defendants admit that prison policies prohibit inmates from wearing dreadlocks, that Plaintiff was required to comply with the Grooming Policy, that he appealed the ruling that he comply with the Grooming Policy, and that a decision on the appeal was subsequently rendered, but deny the remaining allegations set forth in Paragraph 118.

119.    Defendants deny the allegations set forth in Paragraph 119 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

120.    Defendants deny the allegations set forth in Paragraph 120 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

121.    Defendants deny the allegations set forth in Paragraph 121 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

122.    Defendants admit that prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations set forth in Paragraph 122.

123.    In response to Paragraph 123 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 122 above as though fully set forth herein.

124.    Defendants admit the allegations set forth in Paragraph 124.

125.    Defendants deny the allegations set forth in Paragraph 125.

126.    Defendants deny the allegations set forth in Paragraph 126.

127.    Defendants deny the allegations set forth in Paragraph 127.

128.    Defendants deny the allegations set forth in Paragraph 128.

129.    In response to Paragraph 129 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 128 above as though fully set forth herein.

130.    Defendants deny the allegations set forth in Paragraph 130.

131.    Defendants deny the allegations set forth in Paragraph 131.

132.    Defendants deny the allegations set forth in Paragraph 132.

133.    Defendants deny the allegations set forth in Paragraph 133.

134.    Defendants deny the allegations set forth in Paragraph 134.

135.    Defendants deny the allegations set forth in Paragraph 135.

136.    Defendants deny the allegations set forth in Paragraph 136.

137.    In response to Paragraph 137 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 136 above as though fully set forth herein.

138.    Defendants deny the allegations set forth in Paragraph 138.

139.    Defendants deny the allegations set forth in Paragraph 139.

140.    Defendants deny the allegations set forth in Paragraph 140.

141.    Defendants deny the allegations set forth in Paragraph 141.

142.    Defendants deny the allegations set forth in Paragraph 142.

143.    In response to Paragraph 143 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 142 above as though fully set forth herein.

144.    Defendants deny the allegations set forth in Paragraph 144.

145.    Defendants deny the allegations set forth in Paragraph 145.

146.    Defendants deny the allegations set forth in Paragraph 146.

147.    Defendants deny the allegations set forth in Paragraph 147.

148.    Defendants deny the allegations set forth in Paragraph 148.

149.    Defendants deny the allegations set forth in Paragraph 149.

## **SECOND DEFENSE**

150.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

151.    Plaintiff's Complaint fails to state the deprivation of a constitutional right.

## FOURTH DEFENSE

152.    Plaintiff's injuries, if any, are solely the result of his own behavior and/or misbehavior and not the result of any action taken by the Defendants.

## FIFTH DEFENSE

153.    Defendants are entitled to immunity, including but not limited to qualified immunity, having acted in good faith compliance with the law at all times relevant to this Complaint.

## SIXTH DEFENSE

154.    Plaintiff's claims are barred in whole or in part by the statute of limitations and/or the doctrines of waiver, laches and estoppel.

## SEVENTH DEFENSE

155.    Plaintiff's claims are barred due to his failure to exhaust administrative remedies.

## EIGHTH DEFENSE

156.    The Prison Litigation Reform Act of 1995 limits Plaintiff's requested relief.

## NINTH DEFENSE

157.    Plaintiff's claims are barred by claim preclusion and/or issue preclusion.

## TENTH DEFENSE

158.    This Court lacks jurisdiction to consider any state law claims alleged within Plaintiff's Complaint.

## ELEVENTH DEFENSE

159.    Plaintiff's allegations are based on respondeat superior and/or supervisory liability, and are therefore barred as a matter of law.

## TWELFTH DEFENSE

160.    The Eleventh Amendment bars Plaintiff's claims.

## THIRTEENTH DEFENSE

161.    Plaintiff's claims are barred by the doctrine of mootness.

## FOURTEENTH DEFENSE

162.    Plaintiff lacks standing to prosecute this action.

## FIFTEENTH DEFENSE

163.    Defendants reserve the right to assert additional affirmative defenses as they become apparent.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint with prejudice as frivolous; certify pursuant to 42 U.S.C. §1915(a)(3) that an appeal from this decision cannot be taken in good faith; assess costs to Plaintiff; and award any other relief deemed necessary and just by this Court.

Respectfully submitted,

MICHAEL DeWINE (0009181)
Ohio Attorney General


s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 728-0161; Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov

*Trial Attorney for Defendants*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was electronically filed on April 12, 2018.  Notice of this filing will be sent to counsel for all parties via the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>s/  Mindy Worly</u>
Mindy Worly (0037395)
Principal Assistant Attorney General