# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CECIL KOGER, | : |
| | : Case No. 4:17-CV-02409 |
| Plaintiff, | : |
| | : Judge Benita Y. Pearson |
| v. | : |
| | : |
| DIRECTOR GARY MOHR, et al., | : |
| | : |
| Defendants. | : |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants the Ohio Department of Rehabilitation and Correction, Gary Mohr, Todd Ishee, David Bobby, Michael Davis, Charmaine Bracy, Alexander Kostenko, Richard Bowen, Jr. and David Marquis ("Defendants"), by and through counsel, hereby respond to Plaintiff Cecil Koger's ("Plaintiff") Amended Complaint by answering and averring as follows:

## FIRST DEFENSE

1. Defendants admit that Plaintiff is a Rastafarian and that prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations contained in Paragraph 1.

2. Defendants deny the allegations contained in Paragraph 2.

3. Defendants admit they maintain faith-specific policies and afford religious accommodations to inmates, but deny the remaining allegations contained in Paragraph 3.

4. Defendants deny the allegations contained in Paragraph 4.

5. Defendants admit that prison policies prohibit inmates from wearing dreadlocks, that Plaintiff's hair was cut, that he has been sprayed with OC, and that he has been confined in the segregation unit, but deny the remaining allegations contained in Paragraph 5.

6. Defendants admit that Plaintiff has brought a civil action seeking injunctive, declaratory and monetary relief as described in the Complaint. To the extent the allegations in Paragraph 6 consist of legal conclusions, they require no answer. All remaining allegations in Paragraph 6 are denied.

7. Defendants admit the Court has jurisdiction over Plaintiff's claims, but deny the remaining allegations contained in Paragraph 7.

8. Defendants admit that venue in this district is proper, but deny the remaining allegations contained in Paragraph 8.

9. Defendants admit Plaintiff is an Ohio state prisoner and has been confined in various correctional facilities throughout the state, but deny the remaining allegations set forth in Paragraph 9 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

10. Defendants admit that Defendant Gary C. Mohr is the Director of ODRC, that he holds the office pursuant to the provisions of Ohio Rev. Code. § 5120.01, that he is being sued by the Plaintiff in his individual and official capacities, but deny the remaining allegations contained in Paragraph 10.

11. Defendants admit that Defendant Mike Davis is the Religious Services Administrator and that he is being sued by the Plaintiff in his individual and official capacities, but deny the remaining allegations contained in Paragraph 11.

12. Defendants admit that Defendant David Bobby is the Northwest Regional Director of ODRC and that he is being sued by the Plaintiff in his official capacity, but deny the remaining allegations contained in Paragraph 12.

13. Defendants admit that David Marquis is the Warden of RCI and that he is being sued by the Plaintiff in his official capacity, but deny the remaining allegations contained in Paragraph 13.

14. Defendants admit that Defendant Todd Ishee is the Northeast Regional Director of ODRC and that he is being sued by the Plaintiff in his individual capacity, but deny the remaining allegations contained in Paragraph 14.

15. Defendants admit that Defendant Charmaine Bracy is the Warden at TCI and that she is being sued by the Plaintiff in her individual capacity, but deny the remaining allegations contained in Paragraph 15.

16. Defendants admit that Defendant Alexander Kostenko is the Chaplain at TCI and that he is being sued by the Plaintiff in his individual capacity, but deny the remaining allegations contained in Paragraph 16.

17. Defendants admit that Defendant Richard Bowen, Jr., is the Deputy Warden at TCI and that he is being sued by the Plaintiff in his individual capacity, but deny the remaining allegations contained in Paragraph 17.

18. Defendants deny the allegations set forth in Paragraph 18 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

19. Defendants deny the allegations set forth in Paragraph 19 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

20. Defendants deny the allegations set forth in Paragraph 20 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

21. Defendants deny the allegations set forth in Paragraph 21 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

22. Defendants deny the allegations set forth in Paragraph 22 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

23. Defendants deny the allegations set forth in Paragraph 23 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

24. Defendants deny the allegations set forth in Paragraph 24 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

25. Defendants deny the allegations set forth in Paragraph 25 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

26. Defendants deny the allegations set forth in Paragraph 26 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

27. Defendants deny the allegations set forth in Paragraph 27 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

28. Defendants deny the allegations set forth in Paragraph 28 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

29. Defendants deny the allegations contained in Paragraph 29.

30. To the extent the allegations in Paragraph 30 consist of legal conclusions, they require no answer. All remaining allegations in Paragraph 30 are denied.

31. To the extent the allegations in Paragraph 31 consist of legal conclusions, they require no answer. All remaining allegations in Paragraph 31 are denied.

32. To the extent the allegations in Paragraph 32 consist of legal conclusions, they require no answer. All remaining allegations in Paragraph 32 are denied.

33. To the extent the allegations in Paragraph 33 consist of legal conclusions, they require no answer. All remaining allegations in Paragraph 33 are denied.

34. Defendants deny the allegations set forth in Paragraph 34.

35. The provisions of Ohio Admin. Code § 5120-9-25(D) speak for themselves and, as such, the allegations contained in Paragraph 35 require no further response.

36. Defendants deny the allegations set forth in Paragraph 36.

37. The provisions of the so-called No-Exemptions Memo speak for themselves and, as such, the allegations contained in Paragraph 37 require no further response.

38. Defendants deny the allegations set forth in Paragraph 38.

39. Defendants deny the allegations set forth in Paragraph 39.

40. Defendants deny the allegations set forth in Paragraph 40.

41. Defendants admit the allegations set forth in Paragraph 41.

42. Defendants deny the allegations set forth in Paragraph 42.

43. The provisions of ODRC 72-REG-01(V) speak for themselves and, as such, the allegations contained in Paragraph 43 require no further response.

44. The provisions of ODRC 72-REG-03(II) speak for themselves and, as such, the allegations contained in Paragraph 44 require no further response.

45. Defendants admit the allegations set forth in Paragraph 45.

46. Defendants admit the allegations set forth in Paragraph 46.

47. Defendants admit the allegations set forth in Paragraph 47.

48. Defendants admit the allegations set forth in Paragraph 48.

49. Defendants admit the allegations set forth in Paragraph 49.

50. The provisions of ODRC 72-REG-10 (IV-VI) speak for themselves and, as such, the allegations contained in Paragraph 50 require no further response.

51. The provisions of ODRC 72-REG-07(V) speak for themselves and, as such, the allegations contained in Paragraph 51 require no further response.

52. The provisions of ODRC 72-REG-07(V) speak for themselves and, as such, the allegations contained in Paragraph 52 require no further response.

53. The provisions of ODRC 72-REG-13 (VI) speak for themselves and, as such, the allegations contained in Paragraph 53 require no further response.

54. The provisions of ODRC 72-REG-12 (VI) speak for themselves and, as such, the allegations contained in Paragraph 54 require no further response.

55. The provisions of ODRC 72-REG-12 (VI) speak for themselves and, as such, the allegations contained in Paragraph 55 require no further response.

56. The provisions of ODRC 72-REG-12 (VI) speak for themselves and, as such, the allegations contained in Paragraph 56 require no further response.

57. Defendants admit the allegations set forth in Paragraph 57.

58. Defendants admit there is no faith-specific policy for Rastafarians, but deny the remaining allegations set forth in Paragraph 58.

59. Defendants deny the allegations set forth in Paragraph 59.

60. Defendants deny the allegations set forth in Paragraph 60.

61. Defendants deny the allegations set forth in Paragraph 61.

62. Defendants deny the allegations set forth in Paragraph 62 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

63. Defendants deny the allegations set forth in Paragraph 63 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

64. Defendants deny the allegations set forth in Paragraph 64 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

65. Defendants deny the allegations set forth in Paragraph 65 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

66. Defendants deny the allegations set forth in Paragraph 66 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

67. Defendants deny the allegations set forth in Paragraph 67 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

68. Defendants deny the allegations set forth in Paragraph 68 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

69. Defendants admit that prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations contained in Paragraph 69.

70. Defendants deny the allegations set forth in Paragraph 70.

71. Defendants admit that prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations set forth in Paragraph 71 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

72. Defendants deny the allegations set forth in Paragraph 72 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

73. Defendants deny the allegations set forth in Paragraph 73 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

74. Defendants deny the allegations set forth in Paragraph 74 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

75. Defendants deny the allegations set forth in Paragraph 75 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

76. Defendants admit the allegations set forth in Paragraph 76.

77. Defendants deny the allegations set forth in Paragraph 77.

78. Defendants deny the allegations set forth in Paragraph 78.

79. Defendants deny the allegations set forth in Paragraph 79.

80. Defendants deny the allegations set forth in Paragraph 80.

81. Defendants deny the allegations set forth in Paragraph 81.

82. Defendants admit the allegations set forth in Paragraph 82.

83. Defendants deny the allegations set forth in Paragraph 83.

84. Defendants deny the allegations set forth in Paragraph 84 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

85. Defendants deny the allegations set forth in Paragraph 85.

86. Defendants deny the allegations set forth in Paragraph 86 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

87. Defendants admit the allegations set forth in Paragraph 87.

88. Defendants admit the allegations set forth in Paragraph 88.

89. Defendants deny the allegations set forth in Paragraph 89.

90. Defendants deny the allegations set forth in Paragraph 90.

91. Defendants admit that prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations set forth in Paragraph 91.

92. Defendants admit the allegations set forth in Paragraph 92.

93. Defendants admit the allegations set forth in Paragraph 93.

94. Defendants deny the allegations set forth in Paragraph 94 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

95. Defendants admit that prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations set forth in Paragraph 95.

96. Defendants admit the allegations set forth in Paragraph 96.

97. Defendants admit the allegations set forth in Paragraph 97.

98. Defendants deny the allegations set forth in Paragraph 98.

99. Defendants deny the allegations set forth in Paragraph 99 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

100. Defendants admit the allegations set forth in Paragraph 100.

101. Defendants admit the allegations set forth in Paragraph 101.

102. Defendants deny the allegations set forth in Paragraph 102.

103. Defendants deny the allegations set forth in Paragraph 103.

104. Defendants admit the allegations set forth in Paragraph 104.

105. Defendants deny the allegations set forth in Paragraph 105.

106. Defendants admit the allegations set forth in Paragraph 106.

107. Defendants deny the allegations set forth in Paragraph 107 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

108. Defendants deny the allegations set forth in Paragraph 108 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

109. Defendants admit the allegations set forth in Paragraph 109.

110. Defendants deny the allegations set forth in Paragraph 110.

111. Defendants admit the allegations set forth in Paragraph 111.

112. Defendants admit the allegations set forth in Paragraph 112.

113. Defendants deny the allegations set forth in Paragraph 113.

114. Defendants deny the allegations set forth in Paragraph 114 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

115. Defendants deny the allegations set forth in Paragraph 115 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

116. Defendants deny the allegations set forth in Paragraph 116.

117. Defendants admit the allegations set forth in Paragraph 117.

118. Defendants admit the allegations set forth in Paragraph 118.

119. Defendants admit the allegations set forth in Paragraph 119.

120. Defendants admit the allegations set forth in Paragraph 120.

121. Defendants deny the allegations set forth in Paragraph 121.

122. Defendants deny the allegations set forth in Paragraph 122 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

123. Defendants deny the allegations set forth in Paragraph 123 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

124. Defendants deny the allegations set forth in Paragraph 124 for want of information or knowledge sufficient to form a belief as to the truth of the matter stated therein.

125. Defendants deny the allegations set forth in Paragraph 125.

126. Defendants deny the allegations set forth in Paragraph 126.

127. In response to Paragraph 127 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 126 above as though fully set forth herein.

128. Defendants admit the allegations set forth in Paragraph 128.

129. Defendants deny the allegations set forth in Paragraph 129.

130. Defendants deny the allegations set forth in Paragraph 130.

131. Defendants deny the allegations set forth in Paragraph 131.

132. Defendants deny the allegations set forth in Paragraph 132.

133. In response to Paragraph 133 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 132 above as though fully set forth herein.

134. Defendants deny the allegations set forth in Paragraph 134.

135. Defendants deny the allegations set forth in Paragraph 135.

136. Defendants admit that prison policies prohibit inmates from wearing dreadlocks, but deny the remaining allegations set forth in Paragraph 136.

137. Defendants deny the allegations set forth in Paragraph 137.

138. Defendants deny the allegations set forth in Paragraph 138.

139. Defendants deny the allegations set forth in Paragraph 139.

140. Defendants deny the allegations set forth in Paragraph 140.

141. Defendants deny the allegations set forth in Paragraph 141.

142. In response to Paragraph 142 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 141 above as though fully set forth herein.

143. Defendants deny the allegations set forth in Paragraph 143.

144. Defendants deny the allegations set forth in Paragraph 144.

145. Defendants deny the allegations set forth in Paragraph 145.

146. Defendants deny the allegations set forth in Paragraph 146.

147. Defendants deny the allegations set forth in Paragraph 147.

148. Defendants deny the allegations set forth in Paragraph 148.

149. In response to Paragraph 149 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 148 above as though fully set forth herein.

150. Defendants deny the allegations set forth in Paragraph 150.

151. Defendants deny the allegations set forth in Paragraph 151.

152. Defendants deny the allegations set forth in Paragraph 152.

153. Defendants deny the allegations set forth in Paragraph 153.

154. Defendants deny the allegations set forth in Paragraph 154.

155. Defendants deny the allegations set forth in Paragraph 155.

156. Defendants deny the allegations set forth in Paragraph 156.

157. Defendants deny each and every allegation set forth in the Complaint not specifically admitted herein.

## SECOND DEFENSE

150. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

151. Plaintiff's Complaint fails to state the deprivation of a constitutional right.

## FOURTH DEFENSE

152. Plaintiff's injuries, if any, are solely the result of his own behavior and/or misbehavior and not the result of any action taken by the Defendants.

## FIFTH DEFENSE

153. Defendants are entitled to immunity, including but not limited to qualified immunity, having acted in good faith compliance with the established law at all times relevant to this Complaint.

### SIXTH DEFENSE

154. Plaintiff's claims are barred in whole or in part by the statute of limitations and/or the doctrines of waiver, laches and estoppel.

### SEVENTH DEFENSE

155. Plaintiff's claims are barred due to his failure to exhaust administrative remedies.

### EIGHTH DEFENSE

156. The Prison Litigation Reform Act of 1995 limits Plaintiff's requested relief.

### NINTH DEFENSE

157. Plaintiff's claims are barred by claim preclusion and/or issue preclusion.

### TENTH DEFENSE

158. This Court lacks jurisdiction to consider any state law claims alleged within Plaintiff's Complaint.

### ELEVENTH DEFENSE

159. To the extent Plaintiff's allegations are based on respondeat superior and/or supervisory liability they are barred as a matter of law.

### TWELFTH DEFENSE

160. The Eleventh Amendment bars Plaintiff's claims in whole or in part.

### THIRTEENTH DEFENSE

161. Plaintiff's claims are barred by the doctrine of mootness.

### FOURTEENTH DEFENSE

162. Plaintiff lacks standing to prosecute this action.

**FIFTEENTH DEFENSE**

163. Defendants reserve the right to assert additional affirmative defenses as they become apparent.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Amended Complaint with prejudice as frivolous; certify pursuant to 42 U.S.C. §1915(a)(3) that an appeal from this decision cannot be taken in good faith; assess costs to Plaintiff; and award any other relief deemed necessary and just by this Court.

Respectfully submitted,

MICHAEL DeWINE (0009181)
Ohio Attorney General

s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 728-0161; Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov
*Trial Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was electronically filed on June 20, 2018. Notice of this filing will be sent to counsel for all parties via the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Mindy Worly
Mindy Worly (0037395)
Principal Assistant Attorney General