# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CECIL KOGER, | CASE NO: 4:17-cv-02409-BYP |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| v. | **PLAINTIFF CECIL KOGER'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS** |
| DIRECTOR GARY MOHR, et al., | |
| Defendants. | |

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant the Ohio Department of Rehabilitation and Correction ("Defendant") responds to the interrogatories and requests for production propounded by Plaintiff Cecil Koger ("Plaintiff") as follows:

## I. General Responses and Objections

1. As an initial matter, apart from information available to Defendant through facility records, it has no knowledge concerning the implementation and/or enforcement of hair and grooming policies at the Trumbull Correctional Institution ("TCI").

2. Defendant objects to each Request to the extent that it or any portion thereof seeks to impose obligations or requirements beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendant


EXHIBIT B

will respond, on its own behalf only, in accordance with the applicable local rules and Federal Rules of Civil Procedure.

3. Defendant objects to each Request to the extent that it seeks information: that is not relevant to any claim or defense asserted in this litigation; that is not readily identifiable as being sought by the Request; that will impose undue burden or expense; or that will result in annoyance, embarrassment, or oppression. Defendant also objects to each Request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to all of the "Definitions" and "Instructions" and all of the Requests to the extent that any of them seek information from any other person or party to this action besides Defendant itself, or require Defendant to obtain information or documents that are not within its possession, custody, or control. Defendant will respond only as to the Requests which apply to it and not on behalf of other Defendants and non-parties. These responses are submitted on behalf of, and they are only the responses of, Defendant. They are not responses of any other party or defendant to this action.

5. Defendant objects to the "Definitions" and "Instructions" and all of the Requests to extent that they seek information from any other party or defendant in this action, any non-parties to the litigation or other persons, or from his attorneys (whether in-house counsel or attorneys for the Ohio Attorney General's Office).

6. Defendant objects to each Request to the extent that it or any portion thereof seeks information that is not in Defendant's possession, custody, or control.

7. Defendant objects to each Request to the extent that it or any portion thereof seeks information that was already provided to Plaintiff, or that is already in Plaintiff's or his agents' possession, custody, or control.

8. Defendant objects to each Request to the extent that it or any portion thereof seeks information or documents protected by the attorney-client privilege, work-product doctrine or privilege, common-interest or defense privilege, or any other applicable privilege. Information or documents that fall within the scope of any such privilege or immunity will not be produced. Inadvertent disclosure of any information or documents within the scope of this objection shall not constitute a waiver or any privilege or any other ground for objecting to discovery, and shall not waive Defendant's right to object to the use of any such information or documents during any proceedings in this matter.

9. Defendant objects to each Request to the extent that it or any portion thereof is vague, ambiguous, overreaching, misleading, improper, unclear or incomprehensible, overly broad, unreasonably cumulative or duplicative, is not relevant to the claim or defense of any party, makes erroneous assumptions or states facts incorrectly, or seeks information that is more properly addressed through expert testimony.

10. Defendant objects to each Request to the extent that it or any portion thereof seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, or to the extent that responding will be oppressive, unduly burdensome, or expensive.

11. Defendant objects to each Request to the extent that it or any portion thereof seeks information that is publicly available or is a matter of public record.

12. Defendant objects to each Request to the extent that it or any portion thereof calls for a legal conclusion.

13. Neither the submission of these responses and objections, nor the production of any document, is or should be construed as an admission of any other material not stated, or as a waiver of any objection, including, without limitation, objections to the relevance, materiality, admissibility or authentication of any document, or the subject matter thereof, and any other objection under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. All such objections are expressly reserved.

14. Defendant objects to each Interrogatory to the extent that it or any portion thereof seeks a narrative response.

15. Defendant objects to each Request insofar as it seeks information that has not yet been obtained by Defendant.

16. Defendant states that these objections and answers provide and rely upon information and identify information that is currently available or known to it. Defendant reserves the right to supplement, amend, or revise these objections and answers as additional information becomes available or comes to its attention. Defendant also reserves the right to object to the relevancy and to the admissibility of any information provided in these objections and responses.

17. Nothing in these objections and answers is intended to, or should be construed to, waive or relinquish any rights that Defendant or any other defendants have under applicable law and rules. Defendant does not waive other objections to these Requests by expressing or asserting certain objections in these objections and responses. Defendant further reserves the right to assert additional objections and to revise or amend his objections as appropriate or necessary.

18. Defendant objects to each Request to the extent that it or any portion thereof seeks information that is protected or prohibited from disclosure pursuant to any applicable provision of the Ohio Revised Code, including but not limited to, R.C. §149.43 and R.C. §149.433.

19. Without waiving these or any other applicable objections, and subject to them, Defendant responds as follows to the specific Requests.

## INTERROGATORIES

**INTERROGATORY No. 1**: Identify all persons answering or contacted to answer these interrogatories, including which particular answers they provided or assisted in providing.

**RESPONSE**: Julie Loomis and Trevor Clark.

**INTERROGATORY No. 2**: Identify all persons present at or involved in planning the Force-Cut of Mr. Koger's hair that occurred on November 2, 2016.

**RESPONSE**: Warden Charmaine Bracy, Operations Deputy Warden Richard Bowen, Special Services Warden Anthony Davis, Unit Management Chief Andrea Carroll, Major Christopher Harris, NE Regional Director Todd Ishee, Deputy Director Ed

Voorhies, Attorney Trevor Clark, Captain Marcus Miller, Lieutenants Rocky Waller, Jeffrey Burke, William Ball, Ronald Pratt, Officers James Lucas, Austin McClellan, Jeffrey Sontag, and John McHenry.

**INTERROGATORY No. 3:** Define what ODRC means when it uses the term "dreadlocks" in its polices or other documents related to inmate grooming.

**RESPONSE:** ODRC's previous policies related to inmate grooming did not define the term "dreadlocks." However, ODRC recently filed a revised version of the male and female grooming ARs on July 19, 2018, a copy of which will be produced. In pertinent part, the revised policy reads as follows: "Haircuts shall be provided as needed. Hair shall be kept clean. Inmates' hair must, at all times, remain readily and thoroughly searchable for contraband. Hair that is in such condition that it cannot be readily and thoroughly searched is prohibited and shall be subject to forced cutting as provided in paragraph (I) of this rule. For purposes of this rule, "searchable" shall mean that it can be determined, through ordinary search procedures, whether the inmate's hair contains contraband. Ordinary search procedures include, but are not limited to, passing a hand-held metal detector over the inmate's hair and scalp to determine whether any metal objects are present and/or directing the inmate to turn his head upside-down and run his fingers vigorously through his hair."Although the earliest possible effective date for the revisions is October 4, 2018, a draft of the modified policy has been circulated among the facilities and is being followed. As a result, there is no longer an outright ban on dreadlocks.

**INTERROGATORY No. 4:** Describe the ODRC Dreadlocks policy before the No-Exemptions Memo was published.

**RESPONSE:** Objection. This interrogatory is vague, ambiguous, misleading, overly broad, is not relevant to the claim or defense of any party, makes erroneous

6

assumptions or states facts incorrectly, unlimited as to time or place, burdensome, and calls for a narrative response. Without waiving the objection, although there was no Dreadlock policy, ODRC's previous grooming policies were enacted to address institutional security concerns. See 5120-9-25 and 5120-9- 25.1

**INTERROGATORY No. 5:** Identify all persons who drafted, participated in drafting, or contributed to the content of the No-Exemptions Memo.

**RESPONSE: Objection.** This interrogatory is vague, ambiguous, misleading, overly broad, is not relevant to the claim or defense of any party, makes erroneous assumptions or states facts incorrectly, unlimited as to time or place, burdensome, and calls for a narrative response. Without waiving the objection, the Memo was issued by a previous warden, Christopher LaRose, who is no longer employed by ODRC. Mr. LaRose is not certain, but believes he may have been provided input on the memo from Richard Bowen and/or Anthony, both of whom served as Majors at TCI during Mr. LaRose's time there as Warden.

**INTERROGATORY No. 6:** Identify any other policies or protocols regarding Dreadlocks, other than the No-Exemptions Memo, currently in use by ODRC.

**RESPONSE: Objection.** This interrogatory is vague, ambiguous, misleading, overly broad, and makes erroneous assumptions or states facts incorrectly. Without waiving the objection, ODRC also maintains a grooming policy which is presently undergoing revision.

**INTERROGATORY No. 7:** Identify all persons who drafted, participated in drafting, or contributed to the content of the Transportation Coordinator Earlena Schorr Memo.

**RESPONSE:** Objection. This interrogatory is vague, ambiguous, burdensome, duplicative of a previous discovery request, and irrelevant. Without waiving the objection, the Memo was issued by Ms. Earlena Miller (f/k/a Schorr). She adopted the language of the memo from a previous 2/11/14 memo issued by her predecessor, Transportation Coordinator, Paul Guyton. She does not know who drafted or provided input for her memo.

**INTERROGATORY No. 8:** Describe the protocols for the transfer of prisoners with Dreadlocks prior to the publication of the Transportation Coordinator Earlena Schorr Memo.

**RESPONSE:** Objection. This interrogatory is vague, ambiguous, misleading, overly broad, is not relevant to the claim or defense of any party, makes erroneous assumptions or states facts incorrectly, unlimited as to time or place, burdensome, and calls for a narrative response. Without waiving the objection, see the previous ARs, 5120-9-25 and 5120-9-25.1.

**INTERROGATORY No. 9:** Identify any and all religious accommodations that ODRC has provided Rastafarian inmates during the past five years, including without limitation accommodations involving Dreadlocks.

**RESPONSE:** Objection. This interrogatory is vague, ambiguous, overly broad, is not relevant to the claim or defense of any party, makes erroneous assumptions or states facts incorrectly, is unlimited as to place, is burdensome, makes erroneous assumptions, states facts incorrectly and calls for a narrative response. Without waiving the objection, see 72-REG-01 and 72-REG-02. Moreover, ODRC recently filed a revised version

of the male and female grooming ARs on July 19, 2018, a copy of which will be produced. Although the earliest possible effective date for the revisions is October 4, 2018, a draft of the modified policy has been circulated among the facilities and is being followed. As a result, there is no longer an outright ban on dreadlocks.

**INTERROGATORY No. 10:** Identify ODRC institutions that currently permit inmates to wear Dreadlocks.

**RESPONSE:** Previously, none. However, ODRC recently filed a revised version of the male and female grooming ARs on July 19, 2018, a copy of which will be produced. Although the earliest possible effective date for the revisions is October 4, 2018, a draft of the modified policy has been circulated among the facilities and is being followed. As a result, there is no longer an outright ban on dreadlocks.

**INTERROGATORY No. 11:** Identify all ODRC inmates who have undergone a Force-Cut over the past 10 years.

**RESPONSE: Objection.** This interrogatory is vague, ambiguous, overly broad, is not relevant to the claim or defense of any party, makes erroneous assumptions or states facts incorrectly, is unlimited as to place, and is burdensome. This information is not tracked by Central Office. Indeed, the only way to look this up is to review every inmate's conduct reports by name and number over the past ten years to determine whether any disposition was documented.

**INTERROGATORY No. 12:** Identify at what length an inmate's Dreadlocks violate the Grooming Policy.

**RESPONSE:** Objection. This interrogatory is vague, ambiguous, overly broad, is not relevant to the claim or defense of any party, and makes erroneous assumptions or states facts incorrectly. Without waiving the objection, the previous ARs, 5120-9-25 and AR 5120-9-25.1, did not regulate hair length. Moreover, ODRC recently filed a revised version of the male and female grooming ARs on July 19, 2018, a copy of which will be produced. Although the earliest possible effective date for the revisions is October 4, 2018, a draft of the modified policy has been circulated among the facilities and is being followed. As a result, there is no longer an outright ban on dreadlocks.

**INTERROGATORY No. 13:** Identify all ODRC inmates who have been subjected to any sort of punitive or disciplinary measures (including without limitation limited-privilege housing, administrative segregation, or restricted housing) for refusing to voluntarily cut their Dreadlocks and/or otherwise comply with the Grooming Policy.

**RESPONSE:** Objection. This interrogatory is vague, ambiguous, overly broad, is not relevant to the claim or defense of any party, is unlimited as to time and place, and makes erroneous assumptions or states facts incorrectly. This information is not tracked by Central Office. Indeed, the only way to look this up is to review every inmate's conduct reports by name and number since ODRC began incarcerating inmates to determine whether any disposition was documented.

**INTERROGATORY No. 14:** Identify any contraband that Mr. Koger has had (including contraband concealed in his Dreadlocks) while under ODRC control or supervision.

**RESPONSE:** Mr. Koger has been issued 24 conduct reports for contraband. To date, although no contraband has been detected in Mr. Koger's dreadlocks, they could not be effectively searched.

**INTERROGATORY No. 15:** Identify any disciplinary findings that ODRC employees or contractors have issued against Mr. Koger, including grievances, rule-infraction dispositions, and security violations, while he has been under ODRC control or supervision.

**RESPONSE:** See Mr. Koger's disciplinary record to be produced pursuant to Plaintiff's document request number 4.

**INTERROGATORY No. 16:** Identify all instances in which an ODRC inmate was found hiding contraband in their Dreadlocks over the past 10 years.

**RESPONSE:** Objection. This interrogatory is vague, ambiguous, overly broad, is not relevant to the claim or defense of any party, is unlimited as to place, and makes erroneous assumptions or states facts incorrectly. This information is not tracked by Central Office. Indeed, the only way to look this up is to review every inmate's conduct reports by name and number over the past 10 years to determine whether any disposition was documented.

**INTERROGATORY No. 17:** Identify all ODRC inmates who have worn their hair in Dreadlocks over the past 10 years, and state each such inmate's religion.

**RESPONSE:** This interrogatory is vague, ambiguous, overly broad, is not relevant to the claim or defense of any party, is unlimited as to place, and makes erroneous assumptions or states facts incorrectly. None with ODRC's permission. Otherwise, this

11

information is not tracked by Central Office. Indeed, the only way to look this up is to review every inmate's conduct reports by name and number over the past 10 years to determine whether any disposition was documented.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST No. 1:** Produce all documents identified, referred to, and relied upon in answering the Interrogatories and Requests for Admissions included in these Discovery Requests.

**RESPONSE:** The UoF Summary Report, Incident Report, memos, ODRC policies, UoF case, accommodations, contraband tickets, grievances, and the revised AR 5120-9-25 will be produced.

**DOCUMENT REQUEST No. 2:** Produce all documents the ODRC intends to use as an exhibit in any proceeding in this litigation.

**RESPONSE:** To be determined.

**DOCUMENT REQUEST No. 3:** If your response to any of the Requests for Admission is anything other than an unqualified "Admit," please provide any documentation that supports your denial or partial denial.

**RESPONSE:** Objection. This request is vague, ambiguous, unlimited as to time and place, burdensome and calls for documents protected by the attorney-client and work-product privileges. Without waiving the objection, see the response to Request No. 1.

**DOCUMENT REQUEST No. 4:** Produce Mr. Koger's full and complete ODRC file, including, but not limited to, documentation of disciplinary actions, documentation on

grievances, issues relating to Mr. Koger's having or concealing contraband, use-of-force reports, and requests for and responses to requests for religious accommodations for Dreadlocks.

**RESPONSE:** Objection. This request is vague, ambiguous, unlimited as to time and place, burdensome, makes erroneous assumptions or states facts incorrectly, and is not relevant to the claim or defense of any party and irrelevant. Without waiving the objection, Mr. Koger's disciplinary documents, grievance documents and accommodation documents will be produced.

**DOCUMENT REQUEST No. 5:** Produce all video of Mr. Koger's Force-Cut that occurred on November 2, 2016.

**RESPONSE:** To be provided, subject to the protective order entered by Judge Pearson.

**DOCUMENT REQUEST No. 6:** Produce all videos of Force-Cuts of inmates who violated the Grooming Policy or any other ban on Dreadlocks over the past five years.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unlimited as to place, burdensome, makes erroneous assumptions or states facts incorrectly, is not relevant to the claim or defense of any party, and seeks the production of confidential information about other inmates.

**DOCUMENT REQUEST No. 7:** Produce all ODRC documents that refer, relate or pertain to sanctions or discipline imposed on inmates for wearing Dreadlocks over the past five years.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unlimited as to place, burdensome, makes erroneous assumptions or states facts incorrectly, is not

relevant to the claim or defense of any party, and seeks the production of confidential information about other inmates. This request is vague, ambiguous, unlimited as to place, burdensome and irrelevant. Without waiving the objection, ODRC recently filed a revised version of the male and female grooming ARs on July 19, 2018, a copy of which will be produced. Although the earliest possible effective date for the revisions is October 4, 2018, a draft of the modified policy has been circulated among the facilities and is being followed. As a result, there is no longer an outright ban on dreadlocks. A copy of the revised AR will be produced.

**DOCUMENT REQUEST No. 8:** Produce all documents relating to the Grooming Policy.

**RESPONSE: Objection.** This request is vague, ambiguous, overly broad, unlimited as to time and place, burdensome, is not relevant to the claim or defense of any party, and seeks the production of information protected by the attorney-client and work product privileges. Without waiving the objection, ODRC recently filed a revised version of the male and female grooming ARs on July 19, 2018, a copy of which will be produced. Although the earliest possible effective date for the revisions is October 4, 2018, a draft of the modified policy has been circulated among the facilities and is being followed. As a result, there is no longer an outright ban on dreadlocks.

**DOCUMENT REQUEST No. 9:** Produce the January 2018 list and all documents relating thereto.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unlimited as to time and place, burdensome, and is not relevant to the claim or defense of any party. Without waiving the objection, the January 2018 list was previously produced.

**DOCUMENT REQUEST No. 10:** Produce all documents relating to the No-Exemptions Memo.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unlimited as to time and place, burdensome, and is not relevant to the claim or defense of any party. Without waiving the objection, the No-Exemptions Memo was previously produced.

**DOCUMENT REQUEST No. 11:** Produce all ODRC documents that address whether Rastafarianism is a religion.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unlimited as to time and place, burdensome, and is not relevant to the claim or defense of any party. Without waiving the objection, there are none.

**DOCUMENT REQUEST No. 12:** Produce reports for all occurrences of contraband found in Dreadlocks for the last five years at ODRC facilities.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unlimited as to place, burdensome, and is not relevant to the claim or defense of any party. Without waiving the objection, this information is not tracked by Central Office. Indeed, the only way to look this up is to review every inmate's conduct reports by name and number over the past 5 years to determine whether any disposition was documented.

**DOCUMENT REQUEST No. 13:** Produce any and all policies, procedures, guidelines, communications, or other documents from the last five years relating to searching Dreadlocks for contraband.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unlimited as to place, burdensome, seeks documents previously produced (the Schorr and LaRose memos), and is not relevant to the claim or defense of any party. Without waiving the objection, the revised AR, 5120-9-25, will be produced.

**DOCUMENT REQUEST No. 14:** Produce any and all policies, procedures, guidelines, communications, or other documents from the last five years relating to ODRC religious accommodations for Rastafarian practices, including those relating to Dreadlocks.

**RESPONSE:** 72-REG-01, 72-REG-02, the previous AR, 5120-9-25, and the revised AR, 5120-9-25, will be produced.

**DOCUMENT REQUEST No. 15:** Produce any and all communications and documents relating to the provisions of RLUIPA as they relate to ODRC grooming policies (including the Grooming Policy and No-Exemptions Memo) during the past five years.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, burdensome, and seeks information protected by the attorney-client and work product privileges.

**DOCUMENT REQUEST No. 16:** Produce any and all communications and documents relating to the Free Exercise Clause of the First Amendment of the United States Constitution as it relates to ODRC's grooming policies (including the Grooming Policy and No-Exemptions Memo) during the past five years.

16

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, burdensome, and seeks information protected by the attorney-client and work product privileges.

**DOCUMENT REQUEST No. 17:** Produce all documents from the last five years relating to health and/or hygiene concerns at ODRC facilities involving Dreadlocks.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unlimited as to place, burdensome, and is not relevant to the claim or defense of any party. Without waiving the objection, there are none, although, more generally, there is documentation relating to lice and scabies.

Respectfully submitted,

MICHAEL DeWINE
Ohio Attorney General

*[signature]*
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 728-0161; Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov

*Trial Attorney for Defendants*

As to Objections,

*[signature]*
MINDY WORLY (0037395)
Principal Assistant Attorney General

# VERIFICATION

I, Trevor M. Clark, swear or affirm that the *Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests to Admission to Defendant Ohio Department of Rehabilitation and Corrections* are true and accurate.

_____
Trevor Clark

Title: Assistant Chief Counsel

STATE OF OHIO      )
                   )   SS:
COUNTY OF Franklin )

Sworn to and signed before me this 24th day of August, 2018.

CHERYL A. JORDAN
Notary Public, State of Ohio
My Commission Expires 02-01-2022

_____
Notary Public
My Commission Expires:

Respectfully submitted,

MICHAEL DeWINE
Ohio Attorney General

_____
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 728-0161/(866) 474-4985 fax
Mindy.worly@ohioattorneygeneral.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon Counsel for Plaintiff Andrew S. Pollis, Esq., Milton A. Kramer Law Clinic Center, Case Western Reserve University School of Law, 11075 East Boulevard, Cleveland, Ohio 44106, via e-mail and/or U.S. mail, postage prepaid this 24th day of August 2018.

/s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General