IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Cecil Koger, | : |
| Plaintiff, | : Case No. 4:17-CV-02409 |
| v. | : Judge Benita Y. Pearson |
| Director Gary Mohr, et al., | : |
| Defendants. | : |

## RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION No. 1**: Admit that Mr. Koger identifies as a Rastafarian.

**RESPONSE**:

Admit that Mr. Koger states he is a Rastafarian, but deny for want of knowledge that Mr. Koger identifies as a Rastafarian.

**REQUEST FOR ADMISSION No. 2:** Admit that ODRC has no basis for disbelieving the sincerity of Mr. Koger's belief in Rastafarianism.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION No. 3**: Admit that ODRC has no basis for disbelieving the sincerity of Mr. Koger's belief that his religion requires him to wear his hair in Dreadlocks.

**RESPONSE**:

Deny, since the meaning of the term "Dreadlocks" is ambiguous.


EXHIBIT C

**REQUEST FOR ADMISSION No. 4:** Admit that the Force-Cutting of Mr. Koger's Dreadlocks violates his religious beliefs.

**RESPONSE:**

Deny, since the meaning of the term "Dreadlocks" is ambiguous.

**REQUEST FOR ADMISSION No. 5:** Admit that imposing discipline on Mr. Koger for refusing to comply with an order to cut his hair substantially burdens his religious beliefs.

**RESPONSE:**

Deny, since the meaning of the term "Dreadlocks" is ambiguous.

**REQUEST FOR ADMISSION No. 6:** Admit that Force-Cutting Mr. Koger's Dreadlocks substantially burdens his religious beliefs.

**RESPONSE:**

Deny, since the meaning of the term "Dreadlocks" is ambiguous.

**REQUEST FOR ADMISSION No. 7:** Admit that ODRC has means for addressing security concerns that are less restrictive than Force-Cutting their hair.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION No. 8:** Admit that ODRC has means for addressing hygiene concerns that are less restrictive means than Force-Cutting their hair.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION No. 9:** Admit that ODRC has sent Mr. Koger to administrative segregation for refusing to cut his hair.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION No. 10:** Admit that ODRC employees or contractors sent Mr. Koger to restricted housing for refusing to cut his hair.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION No. 11:** Admit that ODRC employees or contractors subjected Mr. Koger to ODRC discipline for refusing to cut his hair in the past five years.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION No. 12:** Admit that ODRC employees and contractors who participated in the Force-Cut of Mr. Koger's Dreadlocks on November 2, 2016, used physical force to do so, including the use of OC spray.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION No. 13:** Admit that one or more of the ODRC employees and contractors involved in the Force-Cut of Mr. Koger's Dreadlocks on November 2, 2016, knew at that time that Mr. Koger was a Rastafarian.

**RESPONSE:**

Admit that Mr. Koger stated he was a Rastafarian, but deny for want of knowledge that Mr. Koger was a Rastafarian.

**REQUEST FOR ADMISSION No. 14:** Admit that one or more ODRC employees and contractors involved in the Force-Cut of Mr. Koger's Dreadlocks on November 2, 2016, knew at the time that the Rastafarian religion forbids haircuts.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION No. 15:** Admit that one or more ODRC employees or contractors involved in the Force-Cut of Mr. Koger's Dreadlocks on November 2, 2016, knew at the time that a tenet of Rastafarianism prohibits cutting hair and requires the growing of Dreadlocks.

**RESPONSE:**

Deny, since the meaning of the term "Dreadlocks" is ambiguous.

**REQUEST FOR ADMISSION No. 16:** Admit that ODRC has no record indicating that any ODRC employee or contractor has ever asked Mr. Koger for permission to search his hair for contraband.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION No. 17:** Admit that ODRC has no record indicating that any ODRC employee or contractor has ever found contraband hidden in Mr. Koger's Dreadlocks.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION No. 18:** Admit that ODRC has no record indicating that any ODRC employee or contractor has ever found contraband hidden in any inmate's Dreadlocks.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION No. 19:** Admit that ODRC employees or contractors have searched Mr. Koger's dreadlocks to look for contraband.

**RESPONSE:**

Admit that ODRC employees or contractors have searched Mr. Koger's hair, but deny they have searched his Dreadlocks since the meaning of the term "Dreadlocks" is ambiguous.

**REQUEST FOR ADMISSION No. 20:** Admit that inmates are permitted to wear Dreadlocks at correctional institutions in some states other than Ohio.

**RESPONSE:**

Deny since the meaning of the term "Dreadlocks" is ambiguous.

**REQUEST FOR ADMISSION No. 21:** Admit that inmates are granted religious accommodations to wear Dreadlocks, even when they are not routinely permitted, at correctional institutions in some states other than Ohio.

**RESPONSE:**

Deny since the meaning of the term "Dreadlocks" is ambiguous.

**REQUEST FOR ADMISSION No. 22:** Admit that ODRC policy precludes religious accommodation to a Rastafarian inmate who wishes to grow or maintain Dreadlocks.

**RESPONSE:**

Deny since the meaning of the term "Dreadlocks" is ambiguous.

**REQUEST FOR ADMISSION No. 23:** Admit that Mr. Koger has requested religious accommodations for his Dreadlocks at least once during his confinement at ODRC institutions.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION No. 24:** Admit that ODRC grants inmates religious exemptions from its grooming policies (including the Grooming Policy) for hairstyles other than Dreadlocks.

**RESPONSE:**

Deny since the meaning of the term "Dreadlocks" is ambiguous.

**REQUEST FOR ADMISSION No. 25:** Admit that ODRC grants inmates religious exemptions from its grooming policies (including the Grooming Policy) for clothing or hair accessories.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION No. 26:** Admit that ODRC grants inmates religious exemptions from its grooming policies (including the Grooming Policy) for beard length.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION No. 27:** Admit that ODRC grants inmates religious exemptions from its grooming policies (including the Grooming Policy) for head coverings.

**RESPONSE:**

Admit.

Respectfully submitted,

MICHAEL DeWINE
Ohio Attorney General

/s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 728-0161; Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov

*Trial Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon Counsel for Plaintiff Andrew S. Pollis, Esq., Milton A. Kramer Law Clinic Center, Case Western Reserve University School of Law, 11075 East Boulevard, Cleveland, Ohio 44106, via e-mail and/or U.S. mail, postage prepaid this 30th day of July 2018.

/s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General