IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CECIL KOGER,   ) | |
| ) | Case No. 4:17-CV-02409 |
| Plaintiff,   ) | |
| ) | Judge Benita Y. Pearson |
| v.   ) | |
| ) | |
| DIRECTOR GARY MOHR, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**PLAINTIFF'S NOTICE OF OBJECTION & MOTION TO STRIKE
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF No. 52)**

**I.     Introduction**

Plaintiff, Cecil Koger, moves the Court for an order striking Defendants' Reply to Plaintiff's Opposition (ECF no. 52) (hereinafter the "Reply"). The Defendants submitted previously undisclosed, illegally collected, and irrelevant evidence with their Reply. Because Defendants cannot present this evidence in an admissible form, it should be disregarded or stricken.

Specifically, Defendants' evidence suffers from three serious infirmities that are germane not only to the merits, but also to counsel's professional obligations. First, *with no notice to Mr. Koger's attorneys* and without observing any of the other procedural requirements contained in Fed. R. Civ. P. 35, Defendants subjected Mr. Koger to a physical examination solely for collecting evidence to support their Reply, months after the discovery deadline passed. (*See* ECF No. 52-4.) Second, Defendants submitted the declarations of numerous individuals whom they failed to identify in their initial

1

disclosures or discovery responses, so Mr. Koger had no fair opportunity to obtain discovery from them. Third, rather than issuing a notice for Mr. Koger's deposition to question him about his religious beliefs, Defendants challenge the sincerity of those religious beliefs *using internet research conducted by their attorney*. These materials (and the arguments and assertions supported thereby) ignore the requirements of Fed. R. Civ. P. 56.

Specifically, Mr. Koger requests an order striking or disregarding Defendants' Reply entirely, or, alternatively, striking or disregarding the following evidentiary materials and any associated textual references:

- **Declaration of Kelly Riehle** (52-1)[Fed. R. Civ. P. 37(c)(1)];
- *The Fetha Nagast* (52-3)[Fed. R. Civ. P. 56(c)(2)];
- **Declaration of Rossi Azmoun**, with associated photographs (52-4) [Fed. R. Civ. P. 35; 56(e)];
- **Declaration of Rhonda L. Grys** (52-5) [Fed. R. Civ. P. 37(c)(1); 56(e)];
- **Declaration of Stuart Hudson** (52-6) [Fed. R. Civ. P. 37(c)(1)];

None of these materials meets the requirements of Fed. R. Civ. P. 56(c), and Defendants' disregard for the adversarial discovery process and the role of the court in overseeing that process justifies strict and immediate sanctions.

## II. Law and Argument

The Federal Rules of Civil Procedure set forth specific requirements for materials used to support a summary judgment motion. Specifically, Rule 56(c) provides that a party may support its factual assertions by "citing to … depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

2

those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(4) provides,

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

The Court may not consider inadmissible evidence. Fed. R. Civ. P. 56(c)(2). And it has authority to order sanctions, including awarding expenses and attorney fees, if it finds that a party has submitted declarations in bad faith or solely for delay. Fed. R. Civ. P. 56(h). Rule 56 ensures that only reliable, relevant, and admissible evidence is used to decide a case at the summary judgment stage.

### a. Defendants' Unlawful Physical Examination of Mr. Koger

In support of their Reply, Defendants submitted the declaration of Rossi Azmoun. (ECF No. 52-4). Ms. Azmoun's declaration says that she is the Warden's Assistant and that her duties include "conduct[ing] report appeals, visitation appeals, public records, and serving as contributing cameraperson for ODRC's online newsletter." *Id*. at ¶¶ 2-3. She further states that on April 5, 2019—two days after Mr. Koger filed his Opposition to Defendants' Motion for Summary Judgment—"[she] was asked to photograph Cecil Koger's dreadlocks." Prior to collecting this evidence from Mr. Koger, Defendants made no effort to secure the Court's permission; had they done so, they could not have met their burden to show that such an examination was justified and appropriate.

3

When a party's physical state is at issue in a case, a physical examination of a party requires a court order. Fed. R. Civ. P. 35(a)(1). A requesting party must file a motion demonstrating good cause for such examination, and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). The examination must be conducted "by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "Rule 35 . . . requires discriminating application by the trial judge" to ensure that "the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause . . .'" *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). Under Rule 35, "the movant must produce sufficient information . . . so that the district judge can fulfill [their] function mandated by the Rule." *Id*. No such process occurred here. Defendants simply ignored the Federal Rules of Civil Procedure, and took advantage of the power differential inherent in a carceral context to force Mr. Koger to submit to an examination without his attorney present to object or a judge to evaluate whether Defendants met the applicable requirements.

Not only did Defendants' counsel have a duty to comply with the Federal Rules of Civil Procedure in gathering evidence to support their filings, she had an ethical duty to avoid improper contact with a party she knew was represented by counsel. The Ohio Rules of Professional Conduct provide:

> In representing a client, a lawyer shall not communicate about the subject
> of the representation with a person the lawyer knows to be represented by

4

      another lawyer in the matter, unless the lawyer has the consent of the
      other lawyer or is authorized to do so by law or a court order.[1]

Prof. Cond. R. 4.2. Although such a breaches of professional obligations are rare, other courts dealing with this issue have struck testimony in similar situations. *See, e.g., Awan v. Awan*, 75 A.D.3d 597, 599 (N.Y. App. Div. 2010) (striking testimony of a physician retained by a party to interview and examine a child regarding the subject of the dispute without notice to the child's attorney or the opposing party's attorney); *see also Powell v. Texas*, 492 U.S. 680 (1989) (finding the state violated the Sixth Amendment when it ordered psychiatric evaluations of a criminal defendant without notice to his counsel).

    In spite of these clear procedural and ethical safeguards designed to ensure the reliability of evidence and the sanctity of the attorney-client relationship, counsel for Defendants commissioned a prison employee to examine Mr. Koger without notifying his counsel, demonstrating the requisite "good cause," of showing that their agent qualified to opine on the factual assertions contained in her affidavit. Mr. Koger's attorneys became aware of their client's physical examination when the rest of the public did—when Defendants' counsel filed their Reply. This is unconscionable conduct, and Mr. Koger respectfully submits that this Court should issue an order sanctioning Defendants and their counsel as appropriate.

      **b.**     **Defendants' Previously Undisclosed Witnesses**

---

[1] Ohio attorneys are responsible for the conduct of nonlawyer assistants if they order or ratify specific conduct that would be a violation of the lawyers' ethical duties. Prof. Cond. R. 5.3(c)(1).

Defendants' Reply attaches four affidavits from witnesses who Defendants never identified in their initial disclosures (or in any supplemental disclosure as required by rule) or as potential witnesses in their discovery responses. *See* Defendants' Initial Disclosures, attached as Exhibit 1; *see also* Defendants' Discovery Responses at ECF Nos. 50-2 and 50-3. Accordingly, Plaintiff had no opportunity to cross-examine or obtain discoverable information from Declarants Kelly Riehle (ECF No. 52-1), Rossi Azmoun (52-4), Stuart Hudson (52-5), or Rhonda Grys (52-6). Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence on a motion**, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

(Emphasis added) Fed. R. Civ. P. 37(c)(1). Under Rule 37(c) "the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010). Defendants' newly proffered witnesses offer testimony on potentially dispositive issues regarding Mr. Koger's claims, yet Defendants offer no reasonable justification for their failure to comply with discovery rules.[2] Consequently, Mr. Koger objects to the consideration of these declarations in connection with the summary judgment briefing.

---

[2] Defendants argue that Mr. Koger raised novel arguments in his Opposition. Reply at FN1, 4. Mr. Koger's Amended Complaint referenced a refusal to acknowledge his religious beliefs generally (ECF No. 30 at ¶¶ 129, 134) and specifically alleged violations relating to fasting multiple times. (Id. at ¶¶24, 27, 56.)

6

### c. Defendants' Counsel's Internet Research into Rastafarianism

Defendants reference a copy of *The Fetha Negast* "consulted by counsel in preparation for this Reply." Reply at 6. As an initial matter, this text is non-admissible hearsay, and may only be admissible in evidence through expert testimony. Fed. R. Evid. 803(18). Moreover, as stated more fully in Mr. Koger's Opposition to Defendants' Motion for Summary Judgment, the sincerity of a plaintiff's religious beliefs is a factual determination generally left to a factfinder at trial. ECF No. 50 at 4-6, FN2. Dogmatic religious texts are wholly irrelevant to the determination of Mr. Koger's sincerely held religious beliefs under RLUIPA; RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" 42 U.S.C. § 2000cc-5(7)(A). RLUIPA protects a broad spectrum of sincerely held religious beliefs, including practices that non-adherents might consider unorthodox, unreasonable or not 'central to' a recognized belief system." *Haight v. Thompson*, 763 F.3d 554, 566 (6th Cir. 2014). Yet, rather than seek to actually understand and accommodate Mr. Koger's beliefs by meaningfully evaluating his accommodation requests, or requesting his deposition, counsel for Defendants turned instead to the internet. Defendants dedicate a significant portion of their reply to telling Mr. Koger what his religious beliefs are and why their conduct does not violate those tenets, all based on a document they found on the internet—rather than complying with their duties to accommodate Mr. Koger's actual religious beliefs. Defendants' references to *The Fetha Negast* are irrelevant and unduly prejudicial, and the Court should strike or disregard them. Fed. R. Evid. 401, 403.

### III. Conclusion

Defendants' Reply is so imbued with inadmissible evidence that the Court should strike or disregard it in its entirety. Defendants do not attempt to interact with the authorities or arguments cited in Mr. Koger's opposition, and do not attempt to explain why their revised policy is the least restrictive means of achieving any compelling interest, or what makes Ohio different from the other states that have less-restrictive grooming policies.[3] Instead, Defendants used their Reply to attack Mr. Koger's testimony using inadmissible evidence.

Defendants' conduct in preparing their Reply flouts the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and this Court's supervisory authority over the discovery process. Without relief from this Court, Mr. Koger will be prejudiced by the lack of procedural or ethical safeguards built into the orderly marshaling of evidence contemplated by the applicable rules cited herein. Mr. Koger further requests the Court award his attorneys fees incurred for the purposes of this motion, along with any other appropriate sanction given the number and scope of discovery violations contained in Defendants' Reply.

Respectfully submitted,

/s/ John Wrench
*Certified Legal Intern*

/s/ Andrew C. Geronimo
*Supervising Attorney*

---

[3] *See* Plaintiff's Brief in Response to Defendants' Motion to Dismiss (ECF No. 22) at 16-18; *See also* Defendants' Motion for Summary Judgment (ECF No. 45 at 9-11) (listing excerpts from other states' grooming policies without reference to any applicable religious exemption policies or definitions of "searchable.").

8

Andrew C. Geronimo (#0086630)
MILTON A. KRAMER LAW CLINIC CENTER
CASE WESTERN RESERVE UNIVERSITY
SCHOOL OF LAW
11075 East Boulevard
Cleveland, Ohio  44106
T: 216.368.2766 F: 216.368.5137
Email: andrew.geronimo@case.edu
*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I certify that the foregoing is 8 pages, and complies with the page limits and other requirements set forth in Local Rule 7.1(F) regarding Length of Memoranda. This is a standard track case.

/s/ Andrew C. Geronimo
*One of the Attorneys for Plaintiff Cecil Koger*

**CERTIFICATE OF SERVICE**

On this 25th day of April, 2019 I filed the foregoing electronically. The Court's electronic filing system will send notice of this filing to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Andrew C. Geronimo
*One of the Attorneys for Plaintiff Cecil Koger*
