PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CECIL KOGER, | ) | |
| | ) | CASE NO. 4:17CV2409 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GARY C. MOHR, *et al.* | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 74 and 76] |

Pending before the Court is Defendants' Motion to substitute Warden Kenneth Black for Warden Charmaine Bracy as a Defendant in this Case. ECF No. 74. Plaintiff has filed a motion for extension of time to respond, which includes, as an exhibit, its proposed response in opposition.[1] ECF No. 76. Having considered both filings, the Court grants Plaintiff's motion, and grants Defendants' in part. Warden Kenneth Black shall be substituted for Warden Charmaine Bracy as to claims for injunctive relief only.

The Court has also reviewed the Parties' Joint Notice of Ongoing Settlement Discussions (ECF No. 75). The parties were advised that if they sought to hold an additional Final Pretrial conference, they were responsible for proposing a date on which Plaintiff can be made available by videoconference, and that ORDC's procedures apparently require up to 4 weeks notice to schedule such a conference. ECF No. 73 at PageID #: 734. Trial is scheduled to commence at 9:00 a.m. on October 4, 2021. The Court will not delay the trial date to accommodate a belated Final Pretrial Conference proposal, and presumes, as no party has timely requested one, that none is necessary.

---

[1] Plaintiff shall file the response on the docket not later than September 7, 2021.

(4:17CV2409)

The Court makes the following modifications to the Civil Trial order entered in this case ([ECF No. 61](ECF No. 61)):

- Motions *in limine* (other than those addressed to documentary evidence (see Section D.1. above on objections to exhibits) and expert witnesses) shall be filed twenty one (21) days prior to trial. Responses to motions *in limine* shall be filed fourteen (14) days thereafter. No reply memoranda will be allowed absent prior leave of Court.

- The Documents listed on pages 2-3 of the order, previously due no later than 4:00 p.m. ten days before trial, shall be due no later than 9:00 a.m. fourteen (14) days before trial.

- Exhibits shall be filed on the Court's electronic filing docket for ease of access for Court and Counsel, by close of business Tuesday, September 28, 2021.  Counsel shall stipulate to joint use, authenticity, and/or admissibility of Exhibits when possible to aid in the efficient presentation of evidence at trial. To this end, Counsel shall file a joint notice on the docket specifically identifying any exhibit to which a party does *not* stipulate to joint use, authenticity, and/or admissibility by close of business Tuesday, September 28, 2021.  If no such notice is filed, the Court will consider all exhibits unobjected to.  The Court expects that counsel will coordinate regarding the planned use of exhibits well in advance of this cutoff.  Any exhibit that cannot be filed on the Court's electronic filing docket must arrive in chambers by the same cutoff.

Plaintiff's counsel shall file a Motion for writ of *habeas corpus ad testificandum*[2] to ensure their client's physical presence at trial, and a proposed order for the Court's signature, no later than 10:00 a.m. tomorrow, September 3, 2021.

IT IS SO ORDERED.

| | |
|---|---|
| September 2, 2021 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] *See, e.g.*, ECF Nos. [85](85) and [86](86) in *Hunt v. Sunquist et al*, No. 1:17CV1444 (N.D. Ohio, filed July 10, 2017).