# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CECIL KOGER, | : | |
| | : | Case No. 4:17-cv-02409 |
| Plaintiff, | : | |
| | : | Judge Benita Y. Pearson |
| v. | : | |
| | : | |
| DIRECTOR GARY C. MOHR, et al., | : | |
| | : | |
| Defendants. | : | |

## **DEFENDANTS' MOTION FOR A STATUS CONFERENCE**

Pursuant to the Court's inherent authority to manage its docket, Defendants respectfully move the Court to schedule a telephonic status conference at its earliest convenience to consider certain legal issues, namely whether the following Defendants should be dismissed from this case: those Defendants for whom there is no evidence of personal involvement in Plaintiff's dietary claims; those Defendants for whom there is no evidence of intentional interference with Plaintiff's dietary claims; and/or those Defendants who are no longer employed by ODRC and, thus, have no ability to afford Plaintiff the declaratory or injunctive relief he seeks. A memorandum in support is attached.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


/s/ Mindy Worly
MINDY WORLY (0037395)*
TRACY L. BRADFORD (0058556)
TONY H. SHANG (0100246)
   *Lead counsel
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
T: (614) 728-0161; F: (866) 474-4985
Mindy.Worly@OhioAGO.gov
Tracy.Bradford@OhioAGO.gov
Tony.Shang@OhioAGO.gov

*Counsel for Defendants*

2

**MEMORANDUM**

Absent some evidence that Defendants Mohr, Ishee, Bracy, Kostenko, and Bowen were personally involved in preventing Plaintiff from fasting or from having *Ital*, Plaintiff cannot demonstrate that they are liable in their personal capacities for violating his First or Fourteenth Amendment rights.  In fact, Plaintiff's complaint does not even allege that these specific Defendants prevented him from fasting. Complaint ¶¶ 4; 27; 28; 58; 66; 69; 136. ECF No. 32, at 312, 316-17, 322-23, 333.  Moreover, this Court implicitly granted summary judgment in favor of these Defendants, ECF No. 56, at 663, 668, and the Court of Appeals did not reinstate the case against them. ECF No. 59, at 693.  The allegations regarding these specific defendants concerned Plaintiff's forced haircuts, Complaint ¶¶ 17; 87-9; 95, 98, 100-102; 104-105; 116-119; 129-130; 132; 147; and 155, ECF No. 32, at 315, 326-332, 335-336, claims which were dismissed by this Court, and affirmed on appeal. ECF No. 59, at 693.

Liability for an individual-capacity claim under § 1983 hinges on a defendant's personal involvement in the deprivation of the constitutional right being asserted. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  By contrast, there is no evidence anywhere in the record, and Plaintiff's complaint fails to allege, that Defendants Mohr, Ishee, Bracy, Kostenko, or Bowen were personally involved in interfering with Plaintiff's ability to fast or to have *Ital*.  As such, because Plaintiff's complaint only raises allegations as to these five Defendants regarding forced hair-cuts, these Defendants were implicitly dismissed from this case when this Court granted summary judgment. ECF No. 56, at 663, 668.

Similarly, an individual defendant's liability under RLUIPA is limited to his or her intentional conduct. *Colvin v. Horton*, Case No. 2:19-cv-122, 2019 U.S. Dist. LEXIS 140718 at * 15 (W.D. Mich. 2019) (*citing Garrison v. Dutcher*, No. 1:07-cv-642, 2008 U.S. Dist. LEXIS

3

90504, 2008 WL 4534098, at *6 (W.D. Mich. Sept. 30, 2008); *Sossamon v. Texas*, 563 U.S. 277, 304 (2011).  Therefore, absent some evidence, or even allegation in Plaintiff's complaint, that Defendant Mohr intentionally impeded Plaintiff's right to observe any fast days or to have *Ital*, Plaintiff cannot demonstrate that Defendant Mohr is liable in his official capacity for violating Plaintiff's RLUIPA rights. Critically, however, there is no evidence whatsoever that Defendant Mohr intentionally took any action to impinge Plaintiff's religious practices.

Moreover, RLUIPA limits a claimant's recovery to declaratory and prospective injunctive relief.  *Ali v. Simmons*, Case No. 1:19-cv-126, 2019 U.S. Dist. LEXIS 91009, at * 8 (W.D. Mich. 2019).  But here, although Defendants Mohr and Marquis have been sued in their official capacities for declaratory and injunctive relief, neither of them is any longer employed by the Ohio Department of Rehabilitation and Correction.  As such, they can no longer afford Plaintiff the equitable relief he seeks.  Thus, their successors automatically substitute under Fed. Civ. R. 25(d).

This motion is not being posed as a substitute for a motion to dismiss.  Rather, it is meant to give effect to the Court's summary judgment ruling and the Court of Appeals' decision, and also conserve valuable judicial time and resources, eliminate any risk of jury confusion, efficiently expend state resources, and avoid the need for former state employees to defend against allegations for which they had no personal involvement nor intentional conduct.  Indeed, should Defendants Mohr, Ishee, Bracy, Kostenko, Bowen and Marquis be dismissed in the wake of the requested status conference, Defendants Davis, Black and Bobby will remain as Defendants, not only fully able to defend against Plaintiff's claims, but also subject to whatever liability the jury, or the Court, may decide to impose.

4

Respectfully submitted,

DAVE YOST
Ohio Attorney General


/s/ Mindy Worly
MINDY WORLY (0037395)
TRACY L. BRADFORD (0058556)
TONY H. SHANG (0100246)
 *Lead counsel
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
T: (614) 728-0161; F: (866) 474-4985
Mindy.Worly@OhioAGO.gov
Tracy.Bradford@OhioAGO.gov
Tony.Shang@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed on September 8, 2021.  Notice of this filing will be sent to counsel for all parties via the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/  Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General