IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CECIL KOGER, | : | |
| | : | Case No. 4:17-cv-02409 |
| Plaintiff, | : | |
| | : | Judge Benita Y. Pearson |
| v. | : | |
| | : | |
| DIRECTOR GARY C. MOHR, et al., | : | |
| | : | |
| Defendants. | : | |

### MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM ASSERTING ANY CLAIMS FOR MONEY DAMAGES RELATED TO *HIS ITAL* DIET

Pursuant to Federal Rules of Evidence 401, 402 and 403, Defendants respectfully move the Court for an Order prohibiting Plaintiff Cecil Koger ("Plaintiff") from asserting any claims for money damages related to his *Ital* diet at the trial of this matter. A memorandum in support is attached.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Mindy Worly
MINDY WORLY (0037395)*
TRACY L. BRADFORD (0058556)
TONY H. SHANG (0100246)
   *Lead counsel*
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
T: (614) 728-0161; F: (866) 474-4985
Mindy.Worly@OhioAGO.gov
Tracy.Bradford@OhioAGO.gov
Tony.Shang@OhioAGO.gov

*Counsel for Defendants*

**MEMORANDUM**

The doctrine of qualified immunity forbids awarding money damages in §1983 actions against prison officials whose conduct did "not violate clearly established statutory or constitutional rights." *See Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quotation omitted). A right is "clearly established" only if "any reasonable official in the defendant's shoes would have understood that he was violating it." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (*per curiam*) (quotation omitted). This standard is satisfied only when existing precedent places "the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Critically, "the clearly established right must be defined with specificity." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (*per curiam*). Accordingly, broad general propositions—for example, "arresting officers may not use excessive force," or "prison officials must not exhibit deliberate indifference to inmates' medical needs"—are not specific enough to permit the conclusion that the right is clearly established. *See id.*; *Soudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 568 (6th Cir. 2013).

Therefore, courts asking whether a right is clearly established must first hone in on the "specific context of the case." *Soudemire*, 705 F.3d at 568 (quotation omitted). Then, they must decide whether the illegality of the challenged action, given the context, is sufficiently obvious. Accordingly, Defendants are entitled to qualified immunity unless the illegality of the challenged action was so obvious that only a "plainly incompetent" officer would fail to see it. *City & Cty. of S.F. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (quoting *al-Kidd*, 563 U.S. at 743).

But here, the alleged unconstitutionality of Defendants' actions was not so obvious that only a "plainly incompetent" officer would fail to see it. *Sheehan*, 135 S. Ct. at 1774 (quoting *al-Kidd*, 563 U.S. at 743). Indeed, much like the inmate in *Curry v. Bobby*, No. 4:09-CV-614, 2010

U.S. Dist. LEXIS 28290, at * 13 (N.D. Ohio 2010), Plaintiff, an inmate serving a life sentence for aggravated murder, brought this action pursuant to § 1983 and RLUIPA seeking an *Ital* diet. But as this Court held in *Bobby*, the refusal of prison officials to provide a Rastafarian inmate with an *Ital* diet comports with both RLUIPA and with rational basis review. *Id.* at *9.

Indeed, the *Bobby* court found, the defendant prison officials had legitimate, penological justifications for denying the inmate the requested *Ital* diet. Offering him the standard vegetarian options rather than a diet composed solely of foods which are in the most natural state possible for human consumption not only saves the prison money and trouble, it also lessens potential security concerns.

Finding security and cost control are both legitimate penological concerns, *id.* (*citing Cutter v. Wilkinson*, 544 U.S. 709, 725, n. 13 (2005); *Williams v. Wilkinson*, Case No. 96-3715, 1997 U.S. App. LEXIS 36760, 1997 WL 809971, at *3 (6th Cir. Dec. 18, 1997)), the trial court awarded the defendant officers judgment as a matter of law. *Curry v. Bobby*, No. 4:09-CV-614, 2010 U.S. Dist. LEXIS 28290, at * 15.  *See also Njie v. Godinez,* No. 16-4223, 2019 U.S. Dist. LEXIS 23655, at * 9 (C.D. Ill. 2019) (quoting *Benjamin v. Coughlin*, 708 F. Supp. 570, 575-576 (S.D.N.Y. 1989), aff'd, 905 F.2d 571 (2d Cir. 1990) (it would cause undue financial and administrative burdens to provide an *Ital* diet that met with the religious views of every Rastafarian inmate.)); *Udey v. Kastner*, 805 F.2d 1218 (5th Cir. 1986) (the costs and inequities of feeding some prisoners only fresh foods and others canned foods, "would create undue costs and administrative burdens, and have a potentially disruptive effect on prison discipline..."); *Rossi v. Stevens,* 04 Civ. 1836, 2005 U.S. Dist. LEXIS, at * 48 (S.D.N.Y. 2005) (finding individual dietary practices vary among Rastafarian individuals and sects. Some refuse to eat vegetables that have been cooked for more than a few minutes, while others will eat only food that they have prepared themselves. To provide Rastafarians with an *Ital* diet in accord with the religious views of each and every

3

imprisoned Rastafarian would impose undue financial and administrative burdens on defendants and would thus have a significant impact on the allocation of prison resources generally.).

Though now eleven years old, *Bobby* is still good law. Nor is there any precedent from either the Sixth Circuit or the Supreme Court establishing beyond debate that the First Amendment and/or RLUIPA entitle Plaintiff to an *Ital* diet. Therefore, the specific issue in question on qualified immunity in this case, namely whether the Constitution and/or RLUIPA require that Plaintiff be provided a diet composed of foods which are natural, organic, vegan, and unprocessed, is *at least* debatable.

Accordingly, because "such references may unduly prejudice the jury against Defendants based on matters [that should] no longer [be] at issue in this case," *Silberstein v. City of Dayton*, Case No. 3:02CV522, 2007 U.S. Dist. LEXIS 4141 (S.D. Ohio 2007), Plaintiff should be precluded from asserting any claims for money damages related to his *Ital* diet at the trial of this matter.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Mindy Worly
MINDY WORLY (0037395)*
TRACY L. BRADFORD (0058556)
TONY H. SHANG (0100246)
   *Lead counsel*
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
T: (614) 728-0161; F: (866) 474-4985
Mindy.Worly@OhioAGO.gov
Tracy.Bradford@OhioAGO.gov
Tony.Shang@OhioAGO.gov

*Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendants' Motion in Limine to Preclude Plaintiff from Asserting any Claims for Money Damages Related to His Ital Diet* has been electronically filed on September 13, 2021. Notice of this filing will be sent to counsel for all parties via the Court's electronic filing system. Parties may access this filing through the Court's system.

>  s/ Mindy Worly
>  MINDY WORLY (0037395)
>  Principal Assistant Attorney General