# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CECIL KOGER, | : | |
| | : | Case No. 4:17-cv-02409 |
| Plaintiff, | : | |
| | : | Judge Benita Y. Pearson |
| v. | : | |
| | : | |
| DIRECTOR GARY C. MOHR, et al., | : | |
| | : | |
| Defendants. | : | |

## MOTION IN LIMINE ON THE ISSUE OF EXHAUSTION

Pursuant to Federal Rules of Evidence 401, 402 and 403, Defendants respectfully move the Court for an Order prohibiting Plaintiff Cecil Koger ("Plaintiff") from making any reference to his *Ital* diet or Rastafarian fast day claims at the trial of this matter because they were not administratively exhausted before he commenced this lawsuit. A memorandum in support is attached.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Mindy Worly
MINDY WORLY (0037395)*
TRACY L. BRADFORD (0058556)
TONY H. SHANG (0100246)
　*Lead counsel*
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
T: (614) 728-0161; F: (866) 474-4985
Mindy.Worly@OhioAGO.gov
Tracy.Bradford@OhioAGO.gov
Tony.Shang@OhioAGO.gov
*Counsel for Defendants*

## **MEMORANDUM**

Section 1997e(a) of the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997 provides that "no action shall be brought with respect to prison conditions under . . . (42 U.S.C. § 1983) . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Therefore, under the PLRA exhaustion of available administrative remedies is a mandatory prerequisite to filing suit in federal court. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). *See also Blissit v. Fiquris,* 345 F.Supp.3d 931, 937 (S.D. Ohio 2018).

Although Ohio has established a three-step grievance procedure which inmates must follow in order to administratively exhaust most claims related to institutional life, Ohio Administrative Code § 5120–9–31(K), this more general inmate grievance procedure does not serve as an additional or substitute appeal process for those issues or actions which already include a separate appeal mechanism beyond the institution level or where a final decision has been rendered by a managing officer. Ohio Administrative Code § 5120–9–31(B).

Since new religious accommodation dietary requests fall into the latter category, ODRC makes available a separate administrative exhaustion protocol for these requests. Indeed, pursuant to 72-REG-02 Religious Accommodations, new "[r]equests that would require the creation of a special diet, a religious 'feast' menu, or that would require the purchase of special foods (e.g., kosher, halal, etc.) not currently offered, or which would expand access to such diets to different or additional religious groups must be referred to the religious services administrator for *final* decision." ECF No. 52-7, Defendants' Ex. G, 72-REG-02(V)(H)(1) (emphasis added). Therefore, when it comes to the available administrative exhaustion of an inmate's special diet or fasting

2

request, the decision of the Religious Services Administrator, in this case Defendant Mike Davis, is final. *Id.*

ODRC provides religious accommodation for authorized religious practices which are not otherwise addressed within institutional policies. *See* ECF No. 52-7, Defendants' Ex. G, 72-REG-02. However, accommodation requests which are not specifically addressed in policy are not granted automatically based on affiliation alone. *See Hernandez v. Pugh*, Case No. 4:12cv2040, 2013 U.S. Dist. LEXIS 445 (N.D. Ohio 2013). Rather, such requests require review and further verification to determine whether the request is religiously based, not in conflict with the prison's operational and security concerns, 72-REG-02(V)(A), and remain subject to reasonable restrictions regarding the time, place and manner in which the practice may be accommodated. ECF No. 52-7, Defendants' Ex. G, 72-REG-02(V)(C).

Thus, to administratively exhaust a special diet or fasting claim, it is the inmate's responsibility to submit a properly completed request for religious accommodation form, DRC4326, to the appropriate prison officials for recommendation, which must then be forwarded to the Religious Services Administrator for final decision. ECF No. 52-7, Defendants' Ex. G, 72-REG-02(V)(G). To do so, the request must include the religion to which the inmate belongs, the specific accommodation being requested, the basis for the requested religious practice, and the contact information of the religious leaders who can verify the inmate's request. ECF No. 52-7, Defendants' Ex. G, 72-REG02(V)(G)(2-3). *See also* ECF No. 52-2, PageID 578, Defendant's Ex. B, Request for Religious Accommodation, Form DRC4326.

By contrast with these requirements, however, it is uncontroverted that the only request for religious accommodation (DRC4326) Plaintiff ever submitted to RCI's Chaplain that remotely refers to Rastafarian fast days was submitted on May 27, 2018 (for the "observance of Holidays

3

and Fast Days"), ECF No. 52-2, PageID 578, Defendant's Ex. B, Request for Religious Accommodation, Form DRC4326, and thereafter referred to the Religious Services Administrator on June 5, 2018 for his consideration and final decision. *Id*., at PageID 577.

Likewise, the only request for religious accommodation (DRC4326) Plaintiff ever submitted to RCI's Chaplain for an *Ital* diet was also submitted on May 27, 2018 ("To Have Ital"), ECF No. 52-2, PageID 578, Defendant's Ex. B, Request for Religious Accommodation, Form DRC4326, and thereafter referred to the Religious Services Administrator on June 5, 2018 for his consideration and final decision. *Id*., at 577.

Since Plaintiff did not submit his DRC4326 request for an *Ital* diet or for fast days until May 27, 2018, the form could not have been referred to the Religious Services Administrator for final decision as ODRC's administrative procedure requires until *after* this litigation was commenced on November 16, 2017. *A fortiori,* Plaintiff could not have exhausted his available administrative remedies prior to filing his Complaint as mandated by the PLRA.

Accordingly, because "such references may unduly prejudice the jury against Defendants based on matters [that should] no longer [be] at issue in this case," *Silberstein v. City of Dayton*, Case No. 3:02CV522, 2007 U.S. Dist. LEXIS 4141 (S.D. Ohio 2007), Plaintiff should be precluded from making any reference to his *Ital* diet or Rastafarian fast day claims at the trial of this matter.

4

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Mindy Worly
MINDY WORLY (0037395)*
TRACY L. BRADFORD (0058556)
TONY H. SHANG (0100246)
   *Lead counsel*
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
T: (614) 728-0161; F: (866) 474-4985
Mindy.Worly@OhioAGO.gov
Tracy.Bradford@OhioAGO.gov
Tony.Shang@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion in Limine on the Issue of Exhaustion* has been electronically filed on September 13, 2021. Notice of this filing will be sent to counsel for all parties via the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Mindy Worly
Mindy Worly (0037395)
Principal Assistant Attorney General