**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CECIL KOGER, | : | |
| | : | Case No. 4:17-cv-02409 |
| Plaintiff, | : | |
| | : | Judge Benita Y. Pearson |
| v. | : | |
| | : | |
| DIRECTOR GARY C. MOHR, et al., | : | |
| | : | |
| Defendants. | : | |

## MOTION IN LIMINE TO PREVENT PLAINTIFF FROM CLAIMING THAT DEFENDANTS PREVENTED HIM FROM FASTING AS A RASTAFARIAN

Pursuant to Federal Rules of Evidence 401, 402 and 403, Defendants respectfully move the Court for an Order prohibiting Plaintiff Cecil Koger ("Plaintiff") from claiming at trial that any of the Defendants prevented him from fasting as a Rastafarian. A memorandum in support is attached.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Mindy Worly
MINDY WORLY (0037395)*
TRACY L. BRADFORD (0058556)
TONY H. SHANG (0100246)
  *Lead counsel
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
T: (614) 728-0161; F: (866) 474-4985
Mindy.Worly@OhioAGO.gov
Tracy.Bradford@OhioAGO.gov
Tony.Shang@OhioAGO.gov

*Counsel for Defendants*

## MEMORANDUM

At trial, Plaintiff, an inmate serving a life sentence at the Richland Correctional Institution, may attempt to claim that Defendants prevented him from fasting as a Rastafarian. ODRC provides religious accommodation for authorized religious practices which are not otherwise addressed within institutional policies. *See* ECF No. 52-7, Defendants' Ex. G, 72-REG-02. However, accommodation requests which are not specifically addressed in policy are not granted automatically based on affiliation alone. *See Hernandez v. Pugh*, Case No. 4:12cv2040, 2013 U.S. Dist. LEXIS 445 (N.D. Ohio 2013). Rather, such requests require review and further verification to determine whether the request is religiously based, not in conflict with the prison's operational and security concerns, ECF No. 52-7, Defendants' Ex. G, 72-REG-02(V)(A), and remain subject to reasonable restrictions regarding the time, place and manner in which the practice may be accommodated. ECF No. 52-7, Defendants' Ex. G, 72-REG-02(V)(C).

Thus, it is the inmate's responsibility to submit a properly completed request for religious accommodation form, DRC4326, to prison officials. To do so, the request must include the branch of the religion to which the inmate belongs, the specific practice, observance, or item being requested, the basis for the requested religious practice, and the names of religious leaders who can verify the inmate's request. ECF No. 52-7, Defendants' Ex. G, 72-REG-02(V)(G)(2-3).

By contrast with these requirements, however, the only request for religious accommodation (DRC4326) Plaintiff ever submitted to fast as a Rastafarian was not submitted until more than five months *after* this litigation was initiated. ECF No. 52-2, Defendants' Ex. B, Davis Declaration at PageID 566-67. Nor did Plaintiff ever submit a request for religious accommodation to observe any specific Rastafarian fast days, much less the 180 Rastafarian fast

days his Response to Defendants' Motion for Summary Judgment claims Defendants prevented him from observing.  ECF No. 50, Opposition, PageID 456.

Indeed, the only DRC4326 Plaintiff ever submitted that remotely refers to Rastafarian fast days included no information detailing the religious basis for the request, nor did it provide any insight into the date the fast days would occur, when the fasts would begin and end, or what other accommodations would need to be provided. ECF No. 52-2, Defendants' Ex. B, Davis Declaration at PageID 566-67.  To the contrary, despite the fact that it was incumbent upon Plaintiff to submit a properly completed DRC4326 form containing the above information to prison officials in advance of filing this lawsuit, 72-REG-02(V)(J)(3), Plaintiff failed to submit any request seeking the ability to fast as a Rastafarian before this case was filed.  ECF No. 52-2, Defendants' Ex. B, Davis Declaration at PageID 566-67.

It is therefore not surprising that there is no evidence anywhere in the record that any of the Defendants took any action whatsoever to interfere with or prohibit Plaintiff from fasting as a Rastafarian, nor could they since it is uncontroverted that Plaintiff never designated the Rastafarian holiday(s) for which he wanted to fast, informed the Defendants when these fast days would occur, disclosed the accommodations he would require in order to observe these fasts, or submitted a DRC4326 accommodation form prior to filing this lawsuit. Nor was Defendant Davis provided any information pertaining to the what's, when's, where's, why's or how's of any Rastafarian fast, much less an opportunity to render a final decision regarding Plaintiff's request before this litigation was filed.[1] ECF No. 59, Sixth Circuit Opinion, at PageID 680.

---

[1]By contrast, there is ample evidence that when Plaintiff requested to fast for a known holiday, on a known date certain, requiring known accoutrements, namely Ramadan, the request was accommodated. ECF No. 52-2, Defendants' Ex. B, Request to Change Religious Affiliation, PageID 573.

Thus, Plaintiff's allegations against the Defendants at best sound in negligence. But it is well established that negligent conduct will not state a damage claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 330, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (holding that the protections of the Due Process Clause of the constitution are not "triggered by a lack of due care by prison officials") (*citing Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner . . . ."), and *Baker v. McCollan*, 443 U.S. 137, 146, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979) (holding that false imprisonment does not violate the Fourteenth Amendment simply because the defendant is a state official).

Indeed, numerous courts, including the Sixth Circuit, have recognized that a prison official's negligent interference with a prisoner's religious diet does not violate the constitution. *Colvin v. Caruso*, 605 F.3d 282, 293-94 (6th Cir. 2010) (*quoting Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009) (affirming the dismissal of an inmate's claim that kosher utensils were contaminated because, despite evidence that prison officials might have "imperfectly implemented the kosher requirements, or were even negligent," there was "no basis to conclude that any of the defendants deliberately contaminated the kosher utensils")); *Colvin v. Horton*, Case No. 2:19-cv-122, 2019 U.S. Dist. LEXIS 140718, at * 37-38 (W.D. Mich. 2019).

 Not surprisingly, liability under RLUIPA is likewise limited to the very same intentional conduct. *Garrison v. Dutcher*, No. 1:07-cv-642, 2008 U.S. Dist. LEXIS 90504, 2008 WL 4534098, at *6 (W.D. Mich. Sept. 30, 2008) (concluding that the RLUIPA requires a state of mind higher than negligence) (*citing Lovelace*, 472 F.3d at 194). Other courts have agreed. *See Fisherman v. Schaefer*, No. 17-cv-3766, 2019 U.S. Dist. LEXIS 37752, 2019 WL 1086390, at *4 (D. Minn. Jan. 17, 2019) (holding that negligent conduct is not actionable under RLUIPA); *Guillory v. Ellis*, No.

9:11-cv-600, 2014 U.S. Dist. LEXIS 120709, 2014 WL 4365274, at *9 n.10 (N.D.N.Y. Aug. 29, 2014) (same); *Nelson v. Jackson*, No. 2:12-cv1167, 2014 U.S. Dist. LEXIS 5222, 2014 WL 197877, at *13 (S.D. Ohio Jan. 15, 2014) (same); *Carter v. Washington Dep't of Corr.*, No. C11-5626, 2013 U.S. Dist. LEXIS 36367, 2013 WL 1090753, at *14 (W.D. Wash. Feb. 27, 2013) (same).

Because Plaintiff failed to provide any of the Defendants with any detailed information about his Rastafarian fast days in any DRC4326 form, his fasting request was simply never directly addressed.  ECF No. 59, Sixth Circuit Opinion, at PageID 680.  And while Plaintiff's Rastafarian fast days request may have been overlooked, there is no evidence whatsoever that it was intentionally denied or deliberately interfered with by any of the Defendants, especially since no DRC4326 form was submitted to any of them until after this litigation had already been filed. *Id. See also* ECF No. 52-2, Defendants' Ex. B, Response to Request for Religious Accommodation, PageID 577.

Absent evidence of any Defendant's state of mind higher than negligence, Plaintiff should be precluded from asserting any fasting claims under § 1983 or RLUIPA during the trial of this matter.  This is because liability, whether under § 1983 or RLUIPA, is limited to intentional conduct.  *See, e.g.*, *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (to prevail on his § 1983 claim, plaintiff must establish that the deprivation of his rights was intentional, or at least the result of gross negligence).

In sum, because there is no evidence that any of the Defendants intentionally denied or deliberately interfered with Plaintiff's ability to fast as a Rastafarian, he should be precluded from asserting any fasting claims, whether under RLUIPA or § 1983, at the trial of this matter.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


/s/ Mindy Worly
MINDY WORLY (0037395)*
TRACY L. BRADFORD (0058556)
TONY H. SHANG (0100246)
   *Lead counsel
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
T: (614) 728-0161; F: (866) 474-4985
Mindy.Worly@OhioAGO.gov
Tracy.Bradford@OhioAGO.gov
Tony.Shang@OhioAGO.gov

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendants' Motion in Limine to Prevent Plaintiff from Claiming that Defendants Prevented Him From Fasting as a Rastafarian* has been electronically filed on September 13, 2021.  Notice of this filing will be sent to counsel for all parties via the Court's electronic filing system.  Parties may access this filing through the Court's system.


s/  Mindy Worly
Mindy Worly (0037395)
Principal Assistant Attorney General