# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CECIL KOGER,<br><br>    *Plaintiff*,<br><br>v.<br><br>GARY C. MOHR, *et al.*<br><br>    *Defendant*. | Case No 4:17CV2409<br><br>Judge Benita Y. Pearson<br><br><br>**MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCTING EVIDENCE, TESTIMONY, AND ARGUMENT NOT PRODUCED PRIOR TO THE DISCOVERY DEADLINE** |

Plaintiff Cecil Koger moves this Court for an Order, *in Limine*, precluding the Defendants from introducing evidence, argument, and testimony not related to materials previously disclosed during the discovery period or via discovery supplementation. The allowance of the aforementioned evidence, argument, or testimony would violate Rules 26 and 37 of the Federal Rules of Civil Procedure (the "Rules"). Indeed, by failing to disclose materials during discovery or via supplementation prior to the deadlines set in the Court's Case Management Order, the Defendants have subjected themselves to the exclusionary sanctions mandated by Rule 37: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Broadly, a motion *in limine* "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The practice of using *in limine* rulings "has developed pursuant to the district court's inherent authority to manage the course of trials." *Id.* at 41 n.4. "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even then, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

This Court should grant an *in limine* ruling preventing Defendants from introducing evidence, testimony, or argument not related to materials previously disclosed during discovery or via discovery supplementation. The Rules require a party to disclose all materials whatsoever that it "may use to support its claims or defenses" unless such materials are used "solely for impeachment." Fed. R. Civ. P. 26(a)(1)(ii). Moreover, parties must disclose any expert witnesses it may use to introduce evidence under Fed. R. Evid. 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(a). The failure to disclose such material or identities of expert witnesses necessitates an exclusionary sanction under Rule 37 of the Rules, and granting such exclusion in a Motion *in limine* will keep

any untimely productions from reaching the jury and would minimize the unfair prejudice to Mr. Koger.

> **I.** **Defendants should be precluded from introducing any evidence, testimony, or argument not related to materials previously disclosed during discovery because such evidence, argument, or testimony is barred under the Federal Rules of Civil Procedure.**

Parties to litigation bear an affirmative duty to disclose "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(ii). Additionally, a party must provide to the other parties "and promptly file the following information about the evidence that it may present at trial … (iii) an identification of each document or other exhibit … it may offer if the need arises." Fed. R. Civ. P. 26(a)(3)(a)(iii). Under Rule 26(a), or if they previously responded to requests for interrogatories, production, or admission, they must supplement or correct their disclosure or response "in a timely manner" if the party learns that their disclosure or response is incorrect, or if "additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e).

Should a party plan on utilizing an expert witness to introduce scientific or other specialized knowledge, "the responsibility for disclosing the identity of an expert witness rests squarely on the party seeking to call that witness at trial." *Emerman v. Financial Commodity Investments, L.L.C.*, No. 1:13cv2546, 2015 WL 6742077 at *10 (N.D. Ohio Nov. 2, 2015). Indeed, pursuant to Rule 26(a)(2)(d)(ii), without a stipulation or a

court order, the disclosure of such expert "must be made at least 90 days before the date set for trial."

If a party fails to disclose the information or identify a witness as required by Rule 26(a) or (e), "*the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial.*" Fed. R. Civ. P. 37(c)(1) (emphasis added). Indeed, documents or witnesses disclosed after the discovery deadline are inadmissible by the producing party unless the failure was harmless. *Sommer v. Davis*, 317 F.3d 686, 691–92 (6th Cir. 2003), *citing Vance v. United States*, No. 98–5488, 1999 WL 455435, at *5 (6th Cir. June 25, 1999); *see also Fanning v. Fox Meadow Farm, Inc.*, 164 F. Supp. 2d 921 (E.D. Mich. 2001) (trial documents requested by defendants but not produced prior to expiration of discovery deadline were not admissible).

Based on prior communications with the Defendants and representations made in the course of settlement discussions, we anticipate that the Defendants may attempt to introduce evidence, arguments, or testimony not related to disclosures made during discovery or via supplementary filings. Moreover, we anticipate, based on documents sent via electronic communication, that the Defendants will attempt to introduce lines of questioning the require the qualification of an expert witness. That anticipation is supported by the following instance in this litigation in which Defendants introduced materials not previously disclosed during discovery:

- **Email from Greg Glasgow** (July 15, 2021): Providing three Bates-stamped ODRC policies relating to Plaintiff Cecil Koger's dietary accomodation: (1) a Diet Formulary Protocol dated July 1, 2020, (2) a Therapeutic Diets policy dated July 30, 2018, and (3) a Vegetarian Diet

> Policy dated March 19, 2018. These documents were produced on July 15, 2021, well after the discovery cutoff.[1]
> - **Dietary concerns**: Defendants have alluded to concerns about Plaintiff's ability to meet his dietary needs by following an *Ital* diet (e.g., caloric intake, protein, calcium, etc.).

Should the Defendants attempt to introduce any evidence, testimony, lines of questioning, or argument based on the above referenced documents—or any other materials not disclosed during the discovery process—Plaintiff Cecil Koger would be severely prejudiced. Indeed, any testimony regarding the dietary concerns referenced above would require scientific or other specialized knowledge governed by Evid.R 702, and its introduction would deprive Plaintiff of the opportunity to retain an expert for the purpose of rebuttal - nor would Plaintiff have an opportunity to request additional discovery based on any non-disclosed materials. Additionally, this Court has set a trial date of October 4, 2021. Should the Defendants attempt to introduce any evidence or arguments based on expert testimony, such introduction would fly in the face of the 90-day disclosure requirement mandated in the Rules and this Court's Case Management Order. Because the introduction of such material or argument would be severely prejudicial to Mr. Koger, and because the time to introduce such expert testimony has passed, an exclusionary sanction is warranted.

---

[1] When Plaintiff's counsel objected to the late production of documents under Civ.R. 37, Defendants' counsel stated on July 28 that she has "no intention of using the diet policies as evidence at trial," thus forfeiting the right to introduce these documents. However, a Motion *in limine* is proper to ensure that no post-discovery documents are introduced into evidence, as that would confuse the jury and be prejudicial to Mr. Koger.

## II. Conclusion

For the aforementioned reasons, Plaintiff requests that the Court order that Defendants are barred from presenting evidence and argument not related to materials disclosed during discovery.

Respectfully submitted,

| | |
|---|---|
| /s/ Nathan Venesky<br>Student Intern<br>*Certified Legal Intern*<br><br>/s/ Makela Hayford<br>Student Intern<br>*Certified Legal Intern*<br><br>/s/ Ginger Pinkerton<br>Student Intern<br>*Certified Legal Intern*<br><br>/s/ Sara Coulter<br>Sara Coulter (#0096793)<br>*First Amendment Fellow* | /s/ Andrew Geronimo<br>Andrew Geronimo (#0086630)<br>*Director & Supervising Attorney*<br>FIRST AMENDMENT CLINIC<br>KRAMER LAW CLINIC CENTER<br>CASE WESTERN RESERVE UNIVERSITY SCHOOL OF LAW<br>11075 East Blvd.<br>Cleveland, Ohio 44106<br>nvenesky-lawclinic@case.edu<br>mhayford-lawclinic@case.edu<br>gpinkerton-lawclinic@case.edu<br>sara.coulter@case.edu<br>andrew.geronimo@case.edu<br>P: (216)-368-6855 F: (216)-368-2086<br>*Attorneys for Plaintiff Cecil Koger* |

## Certificate of Service

The undersigned certifies that on September 13, 2021, I submitted this *Motion in Limine* to the Court via the Court's ECF filing system, and it will be served on all counsel via ECF.

*/s/ Sara Coulter*
Sara Coulter (#0096793)