# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CECIL KOGER, *Plaintiff*, v. GARY C. MOHR, *et al. Defendant*. | Case No 4:17CV2409 <br> Judge Benita Y. Pearson <br><br> **MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE AND ARGUMENT COMPARING PLAINTIFF'S RELIGIOUS EXERCISE TO CANONICAL DOCTRINE** |

Plaintiff Cecil Koger moves this Court for an Order, *in limine*, excluding Defendants from presenting evidence and argument in an attempt to demonstrate that Plaintiff's religious accommodation requests are not mandated by Rastafarianism. The Religious Land Use and Institutionalized Persons Act requires only that Mr. Koger's religious accommodation requests be based on "any exercise of religion, *whether or not compelled by, or central, to, a system of religious belief.*" 42 U.S.C. § 2000cc (7)(a) (emphasis added). Whether Mr. Koger's specific religious practices appear expressly in any Rastafarian doctrine or text is therefore wholly irrelevant to whether his practices are protected by RLUIPA. Moreover, the defense's introduction of evidence regarding the presence or lack thereof of Mr. Koger's specific religious practices in Rastafarian orthodoxy would be unduly prejudicial to Mr. Koger.

Broadly, a motion *in limine* "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The practice of using *in limine*

rulings "has developed pursuant to the district court's inherent authority to manage the course of trials." *Id.* at 41 n.4. "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a). Evidence is only relevant, and therefore admissible, under Fed. R. Evid. 401 if it has "any tendency to make a fact more or less probable than it would be without the evidence" *and* it is "of consequence in determining the action." *See* Fed. R. Evid. 401 (emphasis added). On the other hand, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The advisory committee's note to Fed. R. Evid. 403 states that the rule involves "balancing the probative value of *and* need for the evidence against the harm likely to result from its admission." (emphasis added). See also United States v. Ross, 588 F. Supp. 2d 777, 784 (E.D. Mich. 2008).

This Court should grant an *in limine* ruling preventing Defendants from arguing and introducing evidence that Mr. Koger's sincerely held religious practices are not mandated by Rastafarian doctrine. The Religious Land Use and Institutionalized Persons Act does not require any such showing. Therefore, such a showing is of no "consequence in determining the action[,]" and is not relevant under Fed. R. Evid. 401. *See* Fed. R. Evid. 401. Even if such evidence were relevant, it should still be excluded

because, on balance, it would be unduly prejudicial to Mr. Koger by confusing the issues and misleading the jury. *See* Fed. R. Evid. 403.

   I.   **Defendants should be precluded from introducing evidence about strict doctrinal adherence to Rastafarianism because whether Mr. Koger's religious practices are mandated by any express Rastafarian doctrine is not required by RLUIPA.**

The defense should be precluded from introducing any evidence or argument relating to whether Mr. Koger's religious beliefs and exercise accord with Rastafarian dogma because such an inquiry is expressly not required by the text of RLUIPA. RLUIPA requires only that Mr. Koger's religious beliefs be sincerely held. *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015) ("[A] prisoner's request for an accommodation must be sincerely based on a religious belief . . ."). Whether Mr. Koger's religious beliefs are validated by any official Rastafarian text or doctrine is irrelevant to that inquiry because RLUIPA protects Mr. Koger's sincerely held religious beliefs and exercise regardless of "whether or not [they are] compelled by, or central, to, a system of religious belief." 42 U.S.C. § 2000cc (7)(a). Whether Mr. Koger's religious exercise, and the underlying beliefs prompting that exercise, accord with any religious doctrine or text is wholly irrelevant—RLUIPA protects sincerely held religious beliefs regardless of whether or not they conform to official religious text or generally accepted religious doctrine. *Hobbs*, 574 U.S. at 360–61. "[T]he protection of RLUIPA . . . is 'not limited to beliefs which are shared by all of the members of a religious sect.'" *Id.* at 362. RLUIPA protects "a broad spectrum of sincerely held religious beliefs, including practices that non-

3

adherents might consider unorthodox, unreasonable or not 'central to' a recognized belief system." *Haight v. Thompson*, 763 F.3d 554, 566 (6th Cir. 2014).

Not only is such reference to official religious text not necessary in determining whether Mr. Koger's religious beliefs are sincerely held, but it has also already been determined that "[a]ppellees do not dispute that Koger's diet and fasting requests are grounded in a sincerely held religious belief." *Koger v. Mohr,* 964 F.3d 532, 541 (6th Cir. 2020). Indeed, at this point, after nearly five years of litigating in pursuit of his religious exercise, it would be highly prejudicial for the Defendants to attempt to measure Mr. Koger's religious exercise against official religious doctrine in front of the jury.

Although the Court of Appeals already found that Defendants "do not dispute that Koger's diet and fasting requests are grounded in a sincerely held religious belief," (*see Koger*, 964 F.3d at 541), based on the Defendants' prior briefing and recent arguments in the course of attempting to resolve this case, we anticipate that the Defendants will attempt to raise evidence and arguments regarding Rastafarian orthodoxy; specifically that Mr. Koger's beliefs are defined solely by canonical Rastafarian texts. Defendants have attempted to invalidate and find deficient Mr. Koger's beliefs by measuring them against official religious doctrine:

- In Defendants' Motion for Summary Judgment, counsel for the defense wrote: "[T]here is no allegation or evidence that the Islamic faith requires Plaintiff to grow dreadlocks or refrain from cutting his hair . . ." ECF Doc #45, PageID #406.[1]

---

[1] Although this quote is in reference to the grooming issues which the Court of Appeals dismissed, it is included here because it is relevant in showing an ongoing policy of discrimination against Rastafarians and demonstrates a consistent failure on the part of the Defendants to apply the text of RLUIPA correctly.

4

- In Defendants' Reply to Plaintiff's Opposition, counsel for Defendants extensively references *The Fetha Nagast* in an attempt to invalidate Mr. Koger's requests. "As instructed in *The Fetha Nagast* Chapter XV, On All The Fasts, Exhibit C, Rastafarians are obliged to observe both the fast of forty days (which ends on the Friday of Fesh) and the fast of the week of Crucifixion (for which no beginning or end dates are provided)." In the process, counsel for Defendants mischaracterizes Mr. Koger's actual sought accommodations. *See* ECF Doc #52, PageID #541–42 (asserting that *The Fetha Nagast* obligates Mr. Koger to participate in 180 fast days).

The above references demonstrate that the Defendants have consistently throughout this litigation proceeded from the incorrect assumption that RLUIPA requires Mr. Koger's religious beliefs and practices to conform precisely with an organized religion's official text. RLUIPA expressly declines to require that an individual's religious beliefs strictly conform to the doctrine of an organized religion. 42 U.S.C. § 2000cc (7)(a). An interpretation of RLUIPA that goes against both its statutory text and binding case law should be excluded because it is not "of consequence in determining the action" as required by Fed. R. Evid. 401. Even if it were relevant, it would also be highly prejudicial and misleading were the defense to convey an incorrect interpretation to the jury and should therefore be excluded under Fed. R. Evid. 403. Mr. Koger requests an order that the jury not be permitted to hear incorrect and therefore irrelevant evidence and argument about whether his religious beliefs and practices are mandated or supported by a strict reading of official Rastafarian doctrine.

II. Conclusion

Plaintiff requests that the Court order that Defendants are barred from presenting evidence and argument that Mr. Koger's religious beliefs are not mandated

or supported by Rastafarian orthodoxy. Such evidence is neither required by nor relevant to RLUIPA's requirement that Mr. Koger's religious beliefs be sincerely held. Any probative value of such evidence is outweighed by a danger of unfair prejudice, and such evidence and argument is "of no consequence in determining the action." *See* Fed. R. Evid. 401.

Respectfully submitted,

*/s/ Ginger Pinkerton*
Student Intern
*Certified Legal Intern*

*/s/ Makela Hayford*
Student Intern
*Certified Legal Intern*

*/s/ Nathan Venesky*
Student Intern
*Certified Legal Intern*

*/s/ Sara Coulter*
Sara Coulter (#0096793)
*First Amendment Fellow*

*/s/ Andrew Geronimo*
Andrew Geronimo (#0086630)
*Director & Supervising Attorney*

FIRST AMENDMENT CLINIC
KRAMER LAW CLINIC CENTER
CASE WESTERN RESERVE UNIVERSITY SCHOOL OF LAW
11075 East Blvd.
Cleveland, Ohio 44106
nvenesky-lawclinic@case.edu
mhayford-lawclinic@case.edu
gpinkerton-lawclinic@case.edu
sara.coulter@case.edu
andrew.geronimo@case.edu
P: (216)-368-6855 F: (216)-368-2086
*Attorneys for Plaintiff Cecil Koger*

**Certificate of Service**

  The undersigned certifies that on September 13, I submitted this *Motion in Limine* to the Court via the Court's ECF filing system, and it will be served on all counsel via ECF.

        */s/ Sara Coulter*
        Sara Coulter (#0096793)