# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CECIL KOGER, *Plaintiff*, v. GARY C. MOHR, *et al. Defendant*. | Case No 4:17CV2409 Judge Benita Y. Pearson **MOTION IN LIMINE TO EXCLUDE DEFENDANTS FROM INTRODUCING EVIDENCE AND ARGUMENT REGARDING PURPORTED STATUTE OF LIMITATION DEFENSES** |

Plaintiff Cecil Koger moves this Court for an Order, *in limine*, excluding Defendants from presenting evidence and argument that Plaintiff's claims are barred by the Statute of Limitations. ODRC has a longstanding and demonstrable policy of discrimination against incarcerated people practicing their Rastafarian faith illustrated by their continual denials of Mr. Koger's accommodation requests, and Defendants' continuing violations of Mr. Koger's rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*

Broadly, a motion *in limine* "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The practice of using *in limine* rulings "has developed pursuant to the district court's inherent authority to manage the course of trials." *Id.* at 41 n.4. "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R.

Evid. 104(a). Evidence is only relevant, and therefore admissible, under Fed. R. Evid. 401 if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

This Court should grant an *in limine* ruling preventing Defendants from arguing that Mr. Koger's claims are barred by Statute of Limitation defenses. This case has been on remand for over a year. Now, less than a month before trial, Defendants indicated over email that they believe they have a Statute of Limitations defense. However, any defense fails under a continuing violation theory: Mr. Koger's complaint alleges that ODRC and the individual Defendants have violated and are continually violating the Constitution and RLUIPA via a longstanding policy of discrimination.

**I. Defendants should be precluded from raising a Statute of Limitations defense because Mr. Koger has adequately pled a continuing violation of his rights under the First Amendment and RLUIPA.**

The Sixth Circuit recognizes a "longstanding and demonstrable policy of discrimination" constitute continuing violations that fall under an exception to traditional statute-of-limitations defenses in § 1983 cases. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *see also Click v. Thompson,* 926 F. Supp. 2d 972, 975 (E.D. Ky. 2013). The plaintiff must show "that some form of intentional discrimination against the class of which plaintiff was a member was the company's

2

standing operating procedure." *Id*. at 269. Here, Mr. Koger has pleaded that it was ODRC's standard operating procedure to deny vital rights to incarcerated Rastafarians:

- "…Defendants have denied Mr. Koger access to Rastafarian religious texts, dietary accommodations, and a head covering, yet they afforded similar accommodations to similarly situated inmates of other faiths." Am. Compl. at ¶4, ECF Doc # 32, PageID # 312;
- "The ODRC Defendants provide no faith-specific policy or guidance permitting Rastafarian inmates to seek accommodations to wear dreadlocks and tams, maintain an *ital* diet in accordance with the mandates of their faith, or access Rastafarian religious texts." *Id*. at ¶58;
- "…ODRC Defendants' failure to officially recognize Rastafarianism has proven fatal to Mr. Koger's attempts to secure religious accommodations throughout his incarceration. None of his requests has received an individualized assessment." *Id*. at ¶61.

Indeed, Mr. Koger's Complaint alleges that the Defendants have effectuated a policy of discrimination against his religious beliefs. Mr. Koger has maintained throughout this litigation that ODRC's **policies** do not allow Mr. Koger to practice his Rastafarian faith, as it does with so many other religions. Mr. Koger's claims do not relate to a particular set of discrete incidents, but the Defendants' continual violation of his rights, evidenced by years of application of discriminatory policy. Mr. Koger presented evidence that ODRC has continually denied him equal protection of the laws and burdened his religious exercise; Defendants have *never* allowed him to practice his preferred religious diet:

- "I continue to attempt to diet and fast according to my religious beliefs but ODRC does not facilitate my particular diet or fasting on the days required by Rastafarianism." Koger Aff. Opp. Summ. J. at ¶9, ECF Doc # 50-1, PageID # 473;
- "ODRC will not allow me to fast as a Rastafarian" *Id*. at ¶ 14;

3

- "If ODRC allowed Rastafarians to receive diet and fasting accommodations, I would not be forced to request exemptions as a Muslim simply so that I may practice my religion more faithfully." *Id*. at ¶ 19.

The United States Court of Appeals for the Sixth Circuit acknowledged the systematic scope of Mr. Koger's allegations: "Between 2009 and 2018, through accommodation requests, appeals, and letters to ODRC, Koger repeatedly requested accommodations for his religious diet, including both fasting days and Ital food." *Koger v. Mohr*, 964 F.3d 532 at 541 (6th Cir. 2020). Indeed, ODRC explicitly referenced policies in one of the denials, explaining to Mr. Koger that ODRC "has not set up any special dietary requirements for those of the Rastafarian religious group." *See Id*. Any evidence or argument that some of Mr. Koger's accommodation requests are not at issue in this case is irrelevant under a continuing violation theory under Evid. R. 401 and would also be unduly prejudicial and should be excluded under Evid. R. 403. Mr. Koger requests an order that the jury not be permitted to hear evidence and argument about Defendants' statute of limitations theory.

## II.     Conclusion

Plaintiff requests that the Court order that Defendants are barred from presenting evidence and argument that any of the facts substantiating the long pattern of discrimination are outside of the applicable statute(s) of limitation, since it relates to their continued violation of Mr. Koger's rights.

Respectfully submitted,

4

<div style="display: flex;">

<div>

*/s/ Makela Hayford*
Makela Hayford
*Certified Legal Intern*

*/s/ Ginger Pinkerton*
Ginger Pinkerton
*Certified Legal Intern*

*/s/ Nathan Venesky*
Nathan Venesky
*Certified Legal Intern*

*/s/ Sara Coulter*
Sara Coulter (#0096793)
*First Amendment Fellow*

</div>

<div>

*/s/ Andrew Geronimo*
Andrew Geronimo (#0086630)
*Director & Supervising Attorney*
FIRST AMENDMENT CLINIC
KRAMER LAW CLINIC CENTER
CASE WESTERN RESERVE UNIVERSITY SCHOOL OF LAW
11075 East Blvd.
Cleveland, Ohio 44106
mhayford-lawclinic@case.edu
gpinkerton-lawclinic@case.edu
nvenesky-lawclinic@case.edu
sara.coulter@case.edu
andrew.geronimo@case.edu
P: (216)-368-6855 F: (216)-368-2086
*Attorneys for Plaintiff Cecil Koger*

</div>

</div>

5

**Certificate of Service**

The undersigned certifies that on September 13, I submitted this *Motion in Limine* to the Court via the Court's ECF filing system, and it will be served on all counsel via ECF.

*/s/ Sara Coulter*
Sara Coulter (#0096793)