# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CECIL KOGER,<br>    *Plaintiff*,<br>v.<br><br>GARY C. MOHR, *et al.*<br>    *Defendant*. | Case No 4:17CV2409<br><br>Judge Benita Y. Pearson<br><br>**MOTION IN LIMINE TO EXCLUDE DEFENDANTS FROM INTRODUCING EVIDENCE AND ARGUMENT REGARDING NEW EXPLANATIONS NOT GIVEN AT THE TIME DEFENDANTS DENIED THE REQUESTED ACCOMMODATIONS** |

Plaintiff Cecil Koger moves this Court for an Order, *in limine,* excluding Defendants from presenting after-the-fact explanations for denying Mr. Koger's religious accommodations requests. As the Sixth Circuit noted, ORDC did "not articulate[] any justification with a valid, rational connection to the denial of Koger's diet requests." *Koger v. Mohr*, 964 F.3d 532, 544 (6th Cir. 2020). Under Fed. R. Evid. 401, evidence is only relevant if it "has a tendency to make a fact more or less probable." Post-hoc rationalizations for accommodations denials are irrelevant, and it would be unduly prejudicial for ORDC to present new, more thorough explanations that were not included in the initial denials and offered for the first time only after litigation commenced. Additionally, the best evidence of the reasons ODRC had at the time of the denials can be found in their written responses to Mr. Koger's accommodation requests. The Court should prohibit Defendants from introducing evidence and verbal testimony

containing "new" explanations, and hold Defendants to the true explanations contained in their denials.

Broadly, a motion *in limine* "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The practice of using *in limine* rulings "has developed pursuant to the district court's inherent authority to manage the course of trials." *Id.* at 41 n.4. "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**I. Only ORDC's contemporaneous explanations for denying Mr. Koger's dietary accommodations requests should be presented to the jury, and any attempt to provide new explanations during trial is highly prejudicial.**

In this case, "explanations offered for the first time in litigation ought to come with a truth-in-litigating label, requiring the official to disclose whether the new explanations motivated the prison officials at the time of decision or whether they amount to post hoc rationalizations. Only the true explanations for the policy count." *Koger v. Mohr*, 964 F.3d 532 at 542 (6th Cir. 2020), quoting *Haight v. Thompson*, 763 F.3d 554, 562 (6th Cir. 2014).

The ORDC Defendants had numerous opportunities to explain their denials of Mr. Koger's accommodations requests over the decade-plus of denying his dietary accommodations before litigation commenced, but only provided the following explanations:

- On December 12, 2009, an ODRC official wrote, "the department of rehabilitation and correction has not set up any special dietary requirements for those of the Rastafarian religious group." R. 50-1, PID 487.

- On January 11, 2010, an ODRC official wrote, "your request to receive Kosher meals has not been approved. Keeping Kosher is not a vegetarian diet and is provided to those keeping an orthodox Jewish tradition. A vegetarian alternative is provided at each meal upon the request of any individual." R. 50-1, PID 486.

- On June 18, 2018, an ODRC official wrote, "DRC provides a reasonable meal accommodation." R. 52-2, PID 577.

These are ORDC's true explanations for denying Mr. Koger's requests and ORDC should be held to them during trial. Explanations offered only after Mr. Koger named ODRC and its officials as defendants in a lawsuit—such as the "lack of information" theory counsel advanced for the first time in their Reply in Support of Motion for Summary Judgment[1]—were never given to Mr. Koger before this lawsuit, and should not reach the jury.

---

[1] *See, e.g.*, Affidavit of Mike Davis, ECF Doc.#52-2, PageID # 567 ("Mr. Koger's request for accommodation to observe "fast days" provided no information detailing the religious basis for his request or the number of fast days he was seeking to observe, much less who would be in attendance, what foods were permitted and precluded for each of the fast days, where each fast day would be observed, when each fast day would occur, how long each of the fast days would last, or any other requirements.").

3

It is prejudicial for Defendants to introduce new arguments and evidence as to why Mr. Koger's requests were denied. Mr. Koger was limited to the explanations that ORDC provided him at the time he was denied. Mr. Koger made subsequent decisions about his religious practices based on the information he was given at the time. Any new justifications for denying Mr. Koger's requests presented during trial, though improper, reinforce the reality that ORDC did not truly consider Mr. Koger's repeated requests. For these reasons, the ODRC Defendants should be limited from presenting the jury with after-the-fact explanations that were not contained in their contemporaneous responses to Mr. Koger's accommodation requests.

## II. Conclusion

Plaintiff requests that the Court order that Defendants are barred from presenting evidence and argument containing any new explanations for denying Mr. Koger's dietary accommodations requests that were not contained in their responses to his accommodation requests.

Respectfully submitted,

*/s/ Makela Hayford*
Makela Hayford
*Certified Legal Intern*

*/s/ Ginger Pinkerton*
Ginger Pinkerton
*Certified Legal Intern*

*/s/ insert name*
Nathan Venesky
*Certified Legal Intern*

*/s/ Sara Coulter*
Sara Coulter (#0096793)
*First Amendment Fellow*

*/s/ Andrew Geronimo*
Andrew Geronimo (#0086630)
*Director & Supervising Attorney*

4

| | |
|---|---|
| FIRST AMENDMENT CLINIC | Cleveland, Ohio 44106 |
| KRAMER LAW CLINIC CENTER | sara.coulter@case.edu |
| CASE WESTERN RESERVE UNIVERSITY | andrew.geronimo@case.edu |
| SCHOOL OF LAW | P: (216)-368-6855 F: (216)-368-2086 |
| 11075 East Blvd. | *Attorneys for Plaintiff Cecil Koger* |

## Certificate of Service

The undersigned certifies that on September 13, 2021, I submitted this *Motion in Limine* to the Court via the Court's ECF filing system, and it will be served on all counsel via ECF.

*/s/ Sara Coulter*
Sara Coulter (#0096793)