# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CECIL KOGER, *Plaintiff*, v. GARY C. MOHR, *et al. Defendant*. | Case No 4:17CV2409 Judge Benita Y. Pearson **MOTION IN LIMINE TO EXCLUDE DEFENDANTS FROM REFERENCING SPECIFICS ABOUT PLAINTIFF'S CRIMINAL HISTORY** |

Plaintiff Cecil Koger moves this Court for an Order, *in limine*, excluding Defendants from referring to specifics about Plaintiff's criminal conviction at trial because it is irrelevant, or to the extent it is relevant, it would be unduly prejudicial under. Defendants' Motion in Limine regarding qualified immunity, ECF Doc. # 84 states "Plaintiff, an inmate serving a life sentence for aggravated murder …" The specifics of Mr. Koger's criminal conviction are wholly irrelevant to the rights provided to him by the United States Constitution and the Religious Land Use and Institutionalized Persons Act at issue in this case, and any attempt by the Defendants to reference the specific crime that Mr. Koger was convicted of is inappropriate character evidence. Fed R. Evid. 401; *See also* Fed. R. Evid. 404(b).

Broadly, a motion *in limine* "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The practice of using *in limine* rulings "has developed pursuant to the district court's inherent authority to manage the

course of trials." *Id.* at 41 n.4. "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a). Evidence is only relevant, and therefore admissible, under Fed. R. Evid. 401 if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

This Court should grant an *in limine* ruling preventing Defendants from referencing the specifics of Mr. Koger's criminal conviction because it has no relevance to this case and would be unduly prejudicial if heard by the jury.

Respectfully submitted,

*/s/ Sara Coulter*
Sara Coulter (#0096793)
*First Amendment Fellow*

*/s/ Andrew Geronimo*
Andrew Geronimo (#0086630)
*Director & Supervising Attorney*
FIRST AMENDMENT CLINIC

KRAMER LAW CLINIC CENTER
CASE WESTERN RESERVE UNIVERSITY SCHOOL OF LAW
11075 East Blvd.
Cleveland, Ohio 44106
sara.coulter@case.edu
andrew.geronimo@case.edu
P: (216)-368-6855 F: (216)-368-2086
*Attorneys for Plaintiff Cecil Koger*

**Certificate of Service**

The undersigned certifies that on September 13, I submitted this *Motion in Limine* to the Court via the Court's ECF filing system, and it will be served on all counsel via ECF.

*/s/ Andrew Geronimo*
Andrew Geronimo (#0086630)