UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CECIL KOGER,<br>*Plaintiff*,<br>v.<br>GARY C. MOHR, *et al.*<br>*Defendant*. | Case No 4:17CV2409<br><br>Judge Benita Y. Pearson<br><br>**OPPOSITION TO DEFENDANTS' IMPROPER REQUEST FOR DISPOSITIVE RELIEF** |

Pursuant to this Court's Order dated September 9, 2021 denying Defendants' Motion for Status Conference, Plaintiff Cecil Koger submits this filing in response to Defendants' request for dismissal.

Defendants' request should be denied to the extent it seeks dispositive relief (or leave to move for dispositive relief) because there is no legal basis for which it can be granted. Defendants have failed to, and indeed cannot, explain any legal basis to seek the relief they request at this stage of litigation. *See* Counsel's Email Exchange, attached as Exhibit A.  The undersigned counsel for Plaintiff repeatedly informed counsel for Defendants that they had no legal basis for which to request this relief on September 1,[1]

---

[1] *See* Email from Attorney Geronimo to Attorney Worly (Sep. 1, 2021), Ex. A at 2-3 ("it is too late for ODRC to challenge the sufficiency of the Complaint, close as it is to the scheduled trial date."); *see also* Geronimo to Worly Email (Sep. 3, 2021), Id. at 2 ("Do you intend to seek some sort of relief under the Civil Rules? It would help if we had that context in order to prepare for a discussion."); *see also* Geronimo to Worly Email (Sep. 10, 2021), Id. at 1 (noting Defendants' counsel's failure to offer any legal basis for the relief sought, and stating "I don't know what mechanism you're proposing that the Court use to make the changes you're requesting--in my previous email I asked if there is particular relief you'd like to ask the Court for under the Civil Rules, and we haven't received a substantive response other than a request for a status conference.").

yet they persisted in pressing this issue over email without ever identifying a legal basis for the relief they request, ultimately filing their knowingly baseless Motion with this Court on September 8 (ECF Doc. # 82). The Federal Rules of Civil Procedure by design do not permit counsel for Defendants to seek dispositive relief at such a late stage in litigation, and there is no legal basis that could require the parties to brief the merits of relief that is simply not available.

As the Court notes in its Order, "Defense counsel offers no explanation for the delay in seeking such relief." Indeed, the undersigned repeatedly pressed defense counsel for any basis in the Civil Rules that affords such relief, and in reply received from Defendants' counsel only vague references to professional standards and efficiency. If Defendants were truly interested in professional standards and efficiency, they would have filed an appropriate motion at the appropriate time—not forced Plaintiff and his counsel to address allegedly dispositive issues long after the deadline for seeking such relief had passed and amidst the current trial-preparation schedule. If Defendants wanted to challenge the sufficiency of the Amended Complaint, they should have filed a motion "early enough not to delay trial." *See* Fed. R. Civ. P. 12(c). If Defendants wanted to assert that there were no genuine issues of material fact, they could have sought leave to file a second motion for summary judgment (after refusing to consent to moving the original deadline, see ECF Doc. # 44), because it is after "30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Each of those procedural mechanisms (that may have once been, but are no longer, available to Defendants) contain important and well-established safeguards—controlling legal standards and

2

presumptions, requirements for the quality of evidence presented, and adversarial briefing under appropriate deadlines—under which the Court could properly evaluate the kind of relief Defendant is asking this Court to issue. None of those standards apply to Defendants' extraordinary request in their Motion.[2]

The irony of Defendants' position is that they are asking this Court to do away with procedural rules and protections here so that Defendants can raise an essentially procedural defense: that Mr. Koger didn't follow proper procedures to enforce his Constitutional and statutory rights to a religious diet, despite his decade of repeated pleas for ODRC officials to recognize his Rastafarian religion. Defendants' insistence on pressing this issue—not only in this <u>Motion</u>, but in numerous dispositive motions disguised as motions *in limine*—serves only to multiply these proceedings, needlessly increase the effort Plaintiff's counsel is required to expend on this matter amidst a busy pre-trial schedule, and consume this Court's time with requests Defendants know have no basis in the Civil Rules. Ultimately, it further demeans Mr. Koger for the ODRC Defendants to refuse to fully consider even the most basic issues in this lawsuit the claims at issue in this lawsuit (to say nothing about his accommodations requests) for years, until the eve of trial. It is unfair to Mr. Koger, unfair to the Court, and inimical to the interests of justice in this matter.

While Plaintiff has substantive responses to the issues Defendants are attempting to raise, it would be improper and unfair to force Plaintiff to do so in under 7 days,

---

[2] Or, for that matter, in the consideration of related, but also improper, motions *in limine* that Defendants have forced Plaintiff to oppose.

3

while also preparing motions *in limine*, oppositions to Defendants' motions *in limine* (which inappropriately raise similar dispositive issues), jury instructions, a trial brief, and a preliminary statement. Defendants and their counsel seem to believe that they can avoid a fair evaluation of the merits of Mr. Koger's requests by essentially ignoring them for a decade and then mounting administrative and procedural objections long after the deadline for doing so has passed. Unfortunately, while counsel for both sides have been expending lots of time on Defendants' pursuit of these improper issues, other issues—like the Defendants' engagement with the extent to which they could actually accommodate Mr. Koger's diet and fasting requests—have fallen sadly by the wayside.

Defendants have no right to the relief they seek, and this Court should deny their improper request to dismiss claims and parties this close to trial.

Respectfully submitted,

*/s/ Andrew Geronimo*
Andrew Geronimo (#0086630)
*Director*, FIRST AMENDMENT CLINIC
KRAMER LAW CLINIC CENTER
CASE WESTERN RESERVE UNIVERSITY SCHOOL OF LAW
11075 East Blvd.
Cleveland, Ohio 44106
andrew.geronimo@case.edu
P: (216)-368-6855 F: (216)-368-2086
*Attorney for Plaintiff Cecil Koger*

## Certificate of Service

The undersigned certifies that on September 17, I submitted this *Opposition to Defendants' Improper Request for Dispositive Relief* to the Court via the Court's ECF filing system, and it will be served on all counsel via ECF.

*/s/ Andrew Geronimo*
Andrew Geronimo (#0086630)