

Andrew Geronimo <acg33@case.edu>

## Koger Defendants

**Andrew Geronimo** <acg33@case.edu>  Fri, Sep 10, 2021 at 7:33 PM
To: Mindy Worly <Mindy.Worly@ohioago.gov>
Cc: Sara Coulter <sec142@case.edu>, Ginger Pinkerton Law Clinic <gpinkerton-lawclinic@case.edu>, Nathan Venesky-Kramer Law Clinic <nvenesky-lawclinic@case.edu>, "9c0891d2b+matter1041144692@maildrop.clio.com" <9c0891d2b+matter1041144692@maildrop.clio.com>, Tony Shang <Tony.Shang@ohioago.gov>, Tracy Bradford <Tracy.Bradford@ohioago.gov>, Thomas Madden <Thomas.Madden@ohioago.gov>, Gregory Glasgow <JGregory.Glasgow@ohioago.gov>, Makela Hayford-Kramer Law Clinic <mhayford-lawclinic@case.edu>

Mindy,

I understand that you're trying to informally challenge the sufficiency of the allegations and the weight of the evidence with these emails, but I've now asked you twice whether there is a Civil Rule that would allow you to seek the relief you're asking for at this stage of the proceeding, and you haven't provided one (and I'm not aware of one). If you have a relevant Rule that you'd like to point me to, we'd be glad to look at it.

In my view, as an officer of the Court and in the interests of managing this litigation efficiently, if your clients thought they had these defenses (or even were unclear about the scope of the litigation on remand) those issues should have been raised on the Court's Docket in a proper motion at the proper time.

As for settlement, I've told you that I'd prefer to solve the accommodations issues before negotiating the settlement amount, but rather than responding to my follow-up questions about the fasting accommodations, you've created a substantial amount of work for us asking for parties to be dismissed with no apparent basis in the Rules. We cited jury awards to substantiate the damages demand in a prior email to you, and since this is a fee shifting case, the more time we have to spend responding to requests with no basis in the Rules, the more those fees (which currently include over 1,000 hours of time, before trial) continue to build.

Thanks,
Andy

On Fri, Sep 10, 2021 at 5:51 PM Mindy Worly <Mindy.Worly@ohioago.gov> wrote:
> Andy,
> This is not the eleventh hour. The very same non-involvement of these defendants was spotlighted in Defendants' motion for summary judgement. If you recall, the Defendants won that round lock, stock and barrel. It makes no sense to waste the Court's, or that of the jury, time sifting through a cadre of individuals who had no personal involvement in any of Mr. Koger's dietary claims. The exception is Warden Marquis who did review, sign and forward Mr. Koger's accommodation request to Dr. Davis. But he is being sued in his official capacity only, so is not liable for any damages. Moreover, the present Warden of RCI, has been substituted in as a Defendant for purposes of any injunctive relief the Court, or the jury, might see fit to award.
>
> Please reconsider your position. I see no prospect for settlement in this case unless you substantially lower your expectation on a damage award. Meanwhile, as officers of the Court, it is our duty to manage this litigation efficiently rather than waste the Court's time with Defendants against whom there is absolutely no evidence.
>
> Best,
> Mindy
> (www.blackberry.com)
>
> ---
>
> **From:** Andrew Geronimo <acg33@case.edu>
> **Date:** Friday, Sep 10, 2021, 4:31 PM
> **To:** Mindy Worly <Mindy.Worly@OhioAGO.gov>
> **Cc:** Sara Coulter <sec142@case.edu>, Ginger Pinkerton Law Clinic <gpinkerton-lawclinic@case.edu>, Nathan Venesky-Kramer Law Clinic <nvenesky-lawclinic@case.edu>, 9c0891d2b+matter1041144692@maildrop.clio.com <9c0891d2b+matter1041144692@maildrop.clio.com>, Tony Shang <Tony.Shang@OhioAGO.gov>, Tracy Bradford <Tracy.Bradford@OhioAGO.gov>, Thomas Madden <Thomas.Madden@OhioAGO.gov>, Gregory Glasgow <JGregory.Glasgow@OhioAGO.gov>, Makela Hayford-Kramer Law Clinic <mhayford-lawclinic@case.edu>
> **Subject:** Re: Koger Defendants
>
> Hi Mindy,
>
> Our position hasn't changed since my emails to you last Wednesday (9/1) and Friday (9/3), primarily because we are diligently preparing for trial and cannot substantively brief these allegedly dispositive issues you're raising for the first time at the 11th hour. And as the Court noted, there's no explanation why these arguments are only being raised now. I don't know what mechanism you're proposing that the Court use to make the changes you're requesting--in my previous email I asked if there is particular relief you'd like to ask the Court for under the Civil Rules, and we haven't received a substantive response other than a request for a status conference. We think all of the conduct alleged in the Complaint is relevant because we've pled that these defendants effectuated a policy of discrimination, but also offered to discuss substituting and dismissing/adding parties through stipulations. I'm still open to scheduling a time early next week to have these conversations, but it doesn't seem fruitful to be discussing these issues in an informal context without the essential context of how the Court could order the relief you're asking for (especially when ODRC has previously balked at the amount of fees our Clinic has accrued on this matter and said it would object to continuing the trial).
>
> Again, while we feel confident about the prospects about prevailing at trial, we're committed to attempting to settle this matter. We continue to spend a significant amount of time both preparing for trial and evaluating the content of your emails, and I think if there is any chance that ODRC would consider settling this matter we should do it before we accrue any additional time that would add to the damages in this case should we prevail.
>
> Thanks,
> Andy
>
> On Fri, Sep 10, 2021 at 2:36 PM Mindy Worly <Mindy.Worly@ohioago.gov> wrote:
>> Andy,
>>
>> As the email train suggests, we have been talking about this for almost two weeks. Based on the Court's most recent order, I need to know if you have been able to talk with your client about our discussions, if your position has changed as a result, and/or whether you are now willing to dismiss those defendants identified below (the same defendants identified in my motion for a status conference). I previously tried to call you and just got off the phone with Sara. Sara indicates that you may be open to dismissing at least some of the defendants, but is uncertain as to whom, and since she is currently focused on another case, she would rather that I talk with you directly. She hopes to coordinate a call among the three of us to discuss the matter later this afternoon.
>>
>> Best,
>>
>> Mindy
>>
>> I can be reached at 614-████████ whenever you are available.
>>
>> Thanks,
>>
>> Mindy

**From:** Andrew Geronimo <acg33@case.edu>
**Sent:** Friday, September 3, 2021 4:50 PM
**To:** Mindy Worly <Mindy.Worly@OhioAGO.gov>
**Cc:** Sara Coulter <sec142@case.edu>; Ginger Pinkerton Law Clinic <gpinkerton-lawclinic@case.edu>; Koko Etokebe-Kramer Law Clinic <ketokebe-lawclinic@case.edu>; Nathan Venesky-Kramer Law Clinic <nvenesky-lawclinic@case.edu>; 9c0891d2b+matter1041144692@maildrop.clio.com; Tony Shang <Tony.Shang@OhioAGO.gov>; Tracy Bradford <Tracy.Bradford@OhioAGO.gov>; Thomas Madden <Thomas.Madden@OhioAGO.gov>; Gregory Glasgow <JGregory.Glasgow@OhioAGO.gov>
**Subject:** Re: Koger Defendants

Mindy,

Again, we disagree with your analysis. Mr. Koger's Complaint alleges that ODRC and the individual Defendants have violated and are continually violating the Constitution and RLUIPA via a long-standing policy of discrimination, putting all of this conduct at issue. And again, our position is that it would prejudice Mr. Koger to for the ODRC Defendants to challenge the sufficiency of the Complaint this late  (especially informally over email). Do you intend to seek some sort of relief under the Civil Rules? It would help if we had that context in order to prepare for a discussion.

Unfortunately we weren't able to have a call with you today -- we had Clinic Seminar and individual and team meetings most of the day today, in addition to assembling the writ responsive to the Court's order, and the Motion for the Interns to participate that you should see on the docket shortly. Although Ginger, Makela, and Nathan are working diligently on this matter, I cannot get them prepared to address this newly-raised issue today consistent with my supervisory obligations.

Finally, were you ever able to discuss the outstanding issues from our settlement discussions? You mentioned that there were no special procedures at Marion, but I believe you were still going to check into issues you raised about access to the Dining Hall on the requested fast days. Please let me know if you would still like to talk about a potential settlement, as we believe we've proposed a reasonable resolution (and we continue to expend considerable time on this matter, adding to the fees we'd ask the Court to award if Mr. Koger prevails).

Thanks, and have a good weekend.

Andy

On Fri, Sep 3, 2021 at 11:02 AM Mindy Worly <Mindy.Worly@ohioago.gov> wrote:

> Andy,
>
> Claims filed under Section 1983 are subject to a two-year statute of limitations, while those filed under RLUIPA fall under that statute's more expansive four-year limitations period.  Since Mr. Koger's complaint was filed on November 16, 2017, any constitutional claims accruing on or after November 16, 2015, and any RLUIPA claims accruing on or after November 16, 2013, would be barred by the respective statute of limitations. Although Mr. Koger was denied accommodation for his dietary claims in 2009-2010, any claims based on these denials, whether under Section 1983 or RLUIPA, were time-barred by the time the complaint was filed.  Although Mr. Koger filed more recent accommodation requests regarding his grooming and communing claims, those claims have been dismissed by the courts. Therefore, in the wake of the Court of Appeals' ruling, the only claims left standing for trial are those founded on Mr. Koger's May 27, 2018 accommodation request to have *Ital* and for fast days. However, the complaint alleges no personal involvement on the part of Gary Mohr, Todd Ishee, Charmaine Bracy, Alexander Kostenko, or Richard Bowen regarding these claims. And to be awarded damages against any of these defendants, you would have the burden of proving that he or she was personally involved in preventing Mr. Koger from having *Ital* or observing fast days. But by the the time the May 27, 2018 accommodation request was submitted to prison officials, Mr. Koger was no longer incarcerated at TCI.  Instead, he had already been transferred to RCI where his May 27, 2018 request was submitted and the institution's recommendations thereto were rendered. With regard to Mr. Marquis, although he was the Warden of RCI on May 27, 2018, since the complaint against him was filed only in his official capacity, he cannot be held liable in damages, and since he is no longer employed by ODRC, he no longer has any ability to afford Mr. Koger the injunctive relief he seeks. And while the RCI Chaplain and the members of  the RCI Accommodation Review Committee did make recommendations regarding Mr. Koger's accommodation requests to have *Ital* and for fast days, since none of these individuals are named as defendants in the complaint, and the cut-off date to add parties was June 8, 2018, they are not subject to any liability regarding the remaining claims.
>
> As for the alleged inability to depose any of the named defendants, you had from November 16, 2017 to the close of discovery on November 30, 2018 within which to do so.  Yet you made no effort whatsoever to depose even one of these defendants during the relevant time period, nor did you make any suggestion to continue discovery until after the window had already closed.
>
> You state in your email that you cannot make any final decisions regarding your actions until you talk with your client.  Do you want to rethink your position, try to talk with Mr. Koger yet today (I can try to facilitate this if you wish), or do you want to join me in calling the Court regarding the above later this afternoon?
>
> Meanwhile, my personal cell number is 614-█████████ if you want to call me to further discuss this matter.
>
> Thanks,
>
> Mindy
>
> **From:** Andrew Geronimo <acg33@case.edu>
> **Sent:** Wednesday, September 1, 2021 1:39 PM
> **To:** Mindy Worly <Mindy.Worly@OhioAGO.gov>
> **Cc:** Sara Coulter <sec142@case.edu>; Ginger Pinkerton Law Clinic <gpinkerton-lawclinic@case.edu>; Koko Etokebe-Kramer Law Clinic <ketokebe-lawclinic@case.edu>; Nathan Venesky-Kramer Law Clinic <nvenesky-lawclinic@case.edu>; 9c0891d2b+matter1041144692@maildrop.clio.com
> **Subject:** Re: Koger Defendants
>
> Hi Mindy,
>
> Thank you for your email. We disagree on whether Mr. Koger still has remaining damages claims -- he still has pending claims for monetary damages against all the individually named Defendants for their unconstitutional actions in denying his religious accommodation requests with respect to his diet throughout the time he has been incarcerated at ODRC facilities. Those claims still exist whether or not those individuals are still employed by ODRC, or whether he's still incarcerated in those facilities.

And it is too late for ODRC to challenge the sufficiency of the Complaint, close as it is to the scheduled trial date. We cannot agree to dismiss these people based purely off of your representations, without ever having an opportunity to depose any ODRC employees about their denials of Mr. Koger's dietary accommodation requests. In fact, this is the reason I asked you back in 2019 if you'd agree to extend the summary judgment deadlines and have a call with the Court -- because prior to my involvement, counsel thought a settlement agreement between the parties had been reached, and the record was still undeveloped as to these important points. Unfortunately your response was just that your MSJ was "ready to go," so we weren't able to fully explore our claims in a setting that would create admissible evidence as to the factual assertions in your email.

If you have proposed substitutions for the official-capacity claims, I would be happy to discuss those. For the individual capacity claims, we may be able to come to some stipulated agreement about the parties based on conversations we will have with our client, but I don't see how we can remove Defendants who you say were not involved in dietary decisions without ever questioning them under oath about any involvement they might have had (and also considering adding Defendants who *were* involved in denying the diet requests).

I can't make any firm commitments about what we will do until we talk with our client, which won't be before the deadline you provided in your email, but it may make sense to have a conference with the court on these issues in any event. We remain committed to attempting to settle this matter, but it seems this is a fundamental disagreement about the scope of the remaining litigation that might need to be clarified to advance those talks.

I also wanted to let you know that I've CC'd the three Certified Legal Interns who have been assigned this matter for this semester -- Ginger Pinkerton, Koko Etokebe, and Nathan Venesky. You should see a Motion for them to appear and participate in this matter in the coming days.

Please let me know if you'd like to discuss.

Thanks,
Andy

On Mon, Aug 30, 2021 at 3:37 PM Mindy Worly <Mindy.Worly@ohioago.gov> wrote:

> Andy,
>
> As you may recall, on June 8, 2018, Plaintiff Cecil Koger, previously incarcerated at the Trumbull Correctional Institution ("TCI"), and since April 19, 2018 an inmate at the Richland Correctional Institution ("RCI"), filed an Amended Complaint which included Gary C. Mohr, Todd Ishee, Charmaine Bracy, Alexander Kostenko, Richard Bowen, Jr., and Dave Marquis as defendants in this case. Since that time, both the trial court and the Court of Appeals have dismissed all of Plaintiff's constitutional and statutory claims regarding both the force cuttings of his hair and his alleged inability to freely wear his dreadlocks.
>
> Moreover, three months after Plaintiff's Amended Complaint was filed, Gary C, Mohr stepped down from his position as the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"). Although sued in both his individual and official capacities, since retiring as Director in September, 2018, Mr. Mohr no longer has the authority or the ability to manage, direct or establish rules or regulations respecting any of Ohio's prisons, much less does he have jurisdiction over TCI or RCI. As such, Mr. Mohr cannot direct or implement any injunctive relief on behalf of the Plaintiff. Nor can Mr. Mohr be held liable in damages for Plaintiff's constitutional grooming claims related to force cuttings and/or his alleged inability to wear dreadlocks while incarcerated at TCI, the only claims for which the Amended Complaint seeks monetary relief, because they have all since been dismissed.
>
> Sued only in his official capacity, Mr. Dave Marquis is no longer the Warden of RCI, nor is he currently employed by ODRC in any capacity. Having been replaced as the Warden of RCI by Warden Kenneth Black, Mr. Marquis has no authority to direct or implement any injunctive relief on behalf of the Plaintiff. Accordingly, Mr. Marquis should be dismissed as a defendant from this case.
>
> Alleging that Mr. Todd Ishee was responsible for establishing and enforcing ODRC policies in the Northeast region of Ohio during Plaintiff's incarceration at TCI, the Amended Complaint brings suit against him in his individual capacity only. Because Plaintiff's grooming claims related to force cuttings and his alleged inability to wear dreadlocks while incarcerated at TCI have since been dismissed, and the record is devoid of Mr. Ishee's personal involvement respecting any of Plaintiff's dietary claims, Mr. Ishee cannot be held liable in damages for these alleged violations. Since the record is devoid of any personal involvement on the part of Mr. Ishee relating in any way to Plaintiff's incarceration at RCI, Mr. Ishee should be dismissed as a defendant from this case.
>
> Likewise alleging that Ms. Charmaine Bracy, Warden of TCI, was the managing officer responsible for making final institutional determinations on inmate religious-accommodation requests and for overseeing the enforcement of grooming policies during Plaintiff's previous incarceration at TCI, the Amended Complaint brings suit against her in her individual capacity only. Because Plaintiff's grooming claims related to force cuttings and his alleged inability to wear dreadlocks while incarcerated at TCI have since been dismissed, Ms. Bracy cannot be held liable in damages for the alleged violations of these constitutional rights. Accordingly, Ms. Bracy should be dismissed as a defendant from this case.
>
> Similarly alleging that Alexander Kostenko, Chaplain at TCI, was responsible for evaluating and recommending dispositions of Plaintiff's religious-accommodation requests to TCI's Religious Accommodation Review Committee, the Amended Complaint brings suit against him in his individual capacity only. But because Plaintiff's grooming claims related to his force cuttings and alleged inability to wear dreadlocks while incarcerated at TCI have since been dismissed; Plaintiff was transferred to RCI on April 19, 2018; Plaintiff's request for religious accommodation was not submitted until May 27, 2018, more than a month after he was transferred to RCI; and the record is devoid of Chaplain Kostenko's personal involvement respecting any of Plaintiff's dietary claims, Chaplain Kostenko cannot be held liable in damages for the alleged violations of Plaintiff's constitutional rights while at RCI. Accordingly, Chaplain Kostenko should also be dismissed as a defendant from this case.
>
> For much the same reasons, Richard Bowen, Jr., Deputy Warden at TCI, should be dismissed as a defendant from this case. Bringing suit against Mr. Bowen in his individual capacity only, the Amended Complaint alleges that it was he who was responsible for giving orders related to Plaintiff's discipline and the force-cutting of Plaintiff's hair. However, because Plaintiff's grooming claims related to force cuttings and his alleged inability to wear dreadlocks while incarcerated at TCI have since been dismissed, Mr. Bowen cannot be held liable in damages for the alleged violations of Plaintiff's constitutional rights. Accordingly, Mr. Bowen, too, should be dismissed as a defendant from this case.
>
> In sum, liability for an individual-capacity claim under § 1983 hinges on a defendant's personal involvement in the deprivation of a constitutional right. *See Kentucky v. Graham,* 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).
>
> Similarly, liability under RLUIPA is limited to a defendant's intentional conduct. *Garrison v. Dutcher*, No. 1:07-cv-642, 2008 U.S.

Dist. LEXIS 90504, 2008 WL 4534098, at *6 (W.D. Mich. Sept. 30, 2008). By contrast, the Amended Complaint makes no particularized allegations whatsoever against Mr. Mohr. Nor are there any particularized allegations against Mr. Bowen, Ms. Bracy, Mr. Ishee, or Chaplain Kostenko but for those that focus on Plaintiff's alleged inability to wear dreadlocks and/or the force-cuttings of his hair while incarcerated at TCI.

Since "liability under § 1983 must be based on active unconstitutional behavior," *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998) and RLUIPA liability requires intentional conduct to violate a plaintiff's statutory rights, *Nelson v. Jackson*, No. 2:12-cv1167, 2014 U.S. Dist. LEXIS 5222, 2014 WL 197877, at *13 (S.D. Ohio Jan. 15, 2014), as a result of the fact that all of Plaintiff's claims regarding force cuttings and the inability to wear dreadlocks were previously dismissed, here there is neither. Nor is there anything in the record to suggest that any of these defendants can afford Plaintiff the injunctive relief he seeks. Accordingly, Gary C. Mohr, Todd Ishee, Charmaine Bracy, Alexander Kostenko, Richard Bowen, Jr., and Dave Marquis should be dismissed as defendants in this case.

Please do not hesitate to email or call me at 614-■■■■■■ with any questions about this dismissal request. Since the trial of this matter is little more than a month away, if I do not hear from you by 4:00 pm, Friday, September 3, 2021, I will call the Court to request a status conference regarding the issue.

Best,

Mindy

--

Andrew Geronimo

*Director, First Amendment Clinic*

*Lecturer in Law*

Case Western Reserve University School of Law
11075 East Blvd
Cleveland, Ohio 44106

pronouns: he/him/his
216.368.2766 (phone)

_____

The information contained in this email transmission and any attachments thereto is intended for use by only the addressee(s) and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email and any attachments or other communication of contents is strictly prohibited. If you have received this email in error, please immediately notify me at (216) 368-6855 and permanently delete the original copy or printout.

--

Andrew Geronimo

*Director, First Amendment Clinic*

*Lecturer in Law*

Case Western Reserve University School of Law
11075 East Blvd
Cleveland, Ohio 44106

pronouns: he/him/his
216.368.2766 (phone)

_____

The information contained in this email transmission and any attachments thereto is intended for use by only the addressee(s) and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email and any attachments or other communication of contents is strictly prohibited. If you have received this email in error, please immediately notify me at (216) 368-6855 and permanently delete the original copy or printout.

--

Andrew Geronimo
*Director, First Amendment Clinic*
*Lecturer in Law*
Case Western Reserve University School of Law
11075 East Blvd
Cleveland, Ohio 44106
pronouns: he/him/his
216.368.2766 (phone)

_____

**The information contained in this email transmission and any attachments thereto is intended for use by only the addressee(s) and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email and any attachments or other communication of contents is strictly prohibited.  If you have received this email in error, please immediately notify me at (216) 368-6855 and permanently delete the original copy or printout.**


--
Andrew Geronimo
*Director, First Amendment Clinic*
*Lecturer in Law*
Case Western Reserve University School of Law
11075 East Blvd
Cleveland, Ohio 44106
pronouns: he/him/his
216.368.2766 (phone)

_____

**The information contained in this email transmission and any attachments thereto is intended for use by only the addressee(s) and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email and any attachments or other communication of contents is strictly prohibited.  If you have received this email in error, please immediately notify me at (216) 368-6855 and permanently delete the original copy or printout.**