| | | |
|---|---|---|
| **Ohio** \| Department of Rehabilitation & Correction | SUBJECT:<br>**Religious Accommodations** | PAGE   1   OF   7  .<br>NUMBER: **72-REG-02** |
| | RULE/CODE REFERENCE:<br>AR 5120-9-19 | SUPERSEDES:<br>72-REG-02 dated 03/04/10 |
| | RELATED ACA STANDARDS:<br>4-4319; 2-CO-5E-01, 5E-02 | EFFECTIVE DATE:<br>**March 12, 2018** |
| | | APPROVED:<br>*[signature]* |

## I. AUTHORITY

Ohio Revised Code 5120.01 authorizes the Director of the Department of Rehabilitation and Correction, as the executive head of the department, to direct the total operations and management of the department by establishing procedures as set forth in this policy.

## II. PURPOSE

The purpose of this policy is to set forth the manner in which inmate requests for religious affiliation change and accommodations shall be addressed.

## III. APPLICABILITY

The policy is applicable to employees, contractors, and volunteers of the Ohio Department of Rehabilitation and Correction (DRC) who have a part in providing for the religious needs of inmates.

## IV. DEFINITIONS

**Non-Work Day** - A day when an inmate is excused from work based upon a religious belief, holiday, or observance.

**Religious Accommodation** - A religious practice not addressed in other religious policies which has been authorized by the DRC.

## V. POLICY

It is the policy of the Ohio Department of Rehabilitation and Correction (DRC) that inmates have freedom of conscience to seek and/or subscribe to any religious belief. The DRC will seek to meet inmate religious needs within the unique parameters of the correctional setting. When an inmate makes a request that is not addressed directly within policy, he/she shall have recourse to make this known to the institution. The decision whether or not and how a request is to be accommodated shall be made according to the procedures in this policy. This decision shall consider:

| SUBJECT: **Religious Accommodations** | PAGE 2 OF 7 . |
|---|---|

- the extent to which the request reflects or is based upon a sincerely held religious belief;
- available resources;
- adequacy of existing practices;
- the operational concern for safety, security, and the good order of institutions; and
- any other legitimate penological concerns.

### VI. PROCEDURES

A. The inmate's religious affiliation shall be noted and established at the reception centers. An inmate's declaration of religious affiliation at the reception center shall be accepted as valid for the purposes of establishing affiliation. Accommodations requested which are not already addressed in DRC Religious Service policies shall not be granted automatically based on affiliation alone. Such requests require review and further verification the request is religiously based and not in conflict with the operational and security concerns of the institution.

B. Religious Accommodations and practices shall not be restricted or suspended for disciplinary reasons unless the infraction is directly related to the accommodation or practice being restricted or suspended. Special Religious Accommodations may be provisionally granted; however, they are subject to review and if circumstances warrant, modification or discontinuance. The institution may revoke or modify a previously granted accommodation for religious practice if the inmate accommodated violates the terms under which the Religious Accommodation was granted. Religious Accommodations may be reviewed based on security, class, or changes in status other than general population.

C. All inmate religious activities and property shall be subject to reasonable restrictions regarding time, place and manner in which such practices may be accommodated. All group religious activities are subject to institutional concerns for safety, security and orderly institutional operation, including staff supervision of any such activities. The classification level, institutional offense records, institutional adjustment records, STG records, etc. of those requesting the congregate activity as part of a requested accommodation may be considered in imposing a restriction.

D. All religious property is subject to search and inspection; however, staff members shall treat religious items with respect and shall handle them only to the extent necessary to conduct such inspections.

E. The means of accommodating religious practices may vary among institutions based on the nature, security level, or population of the institution.

F. The DRC will not accommodate any religious practice that encourages racial and/or ethnic discrimination or violence.

G. Request for Religious Accommodation

For those inmates who have established their religious affiliation and wish to request an accommodation not addressed in DRC Religious Services policies, the inmate shall request a meeting with the chaplain and the following steps shall take place:

| SUBJECT: **Religious Accommodations** | PAGE 3 OF 7 . |
|---|---|

1. The inmate requests and shall be provided the Request for Religious Accommodation form (DRC4326).

2. It is the inmate's responsibility to complete the Request for Religious Accommodation form (DRC4326) which shall include the following:

   a. Branch of the religion to which the inmate belongs;
   b. The specific practice, observance, or item requested;
   c. Basis for the requested religious practice (origin of request in the writings or traditions of the faith group); and
   d. Names of any religious leaders needed to verify the request.

3. The inmate shall submit the completed Request for Religious Accommodations (DRC4326) to the chaplain. The chaplain shall meet with the inmate and may ask the inmate to explain his/her views. The inmate shall have the opportunity to explain his/her request and to discuss the matter with the chaplain. The inmate shall be given the opportunity to submit written materials in support of his/her request.

4. Following the meeting, the chaplain shall record his/her recommendation and any reasons in support concerning the inmate's request. The chaplain may note any apparent insincerity to the extent it is relevant. The chaplain may consider whether the request is consistent with the established traditions of the faith group, although that factor need not be controlling. The chaplain may also consider any operational difficulties presented by the request and any obvious and reasonable alternatives.

5. The chaplain shall refer the request together with the chaplain's recommendation and reasons to the institution Religious Accommodation Review Committee within twenty-one (21) days. This committee shall include, at a minimum, the chaplain, the appropriate deputy warden/designee, the chief of security/designee and other such persons as may be advisable on particular issues.

6. The committee shall evaluate the written request for accommodation together with any supporting materials and the chaplain's recommendation. In addition to the religious nature of the request, the committee shall evaluate the operational and security implications of the requested Religious Accommodation. The committee shall also seek input from the religious services administrator to determine whether the requested accommodation has been addressed elsewhere in the DRC and the potential impact of the requested accommodation on other institutions. The committee shall consider the DRC policies that are applicable to all faith groups (i.e., religious feasts, grooming standards, etc.).

7. Upon completing its evaluation, the committee shall recommend an appropriate response to the Request for Religious Accommodation (DRC4326). The committee shall record its recommendation along with a brief explanation of its reasons. The committee may recommend the request be granted, denied or may recommend some alternative accommodation. This recommendation and supporting explanation shall be recorded on the Response to Request for Religious Accommodation (DRC4327). The committee

| SUBJECT: **Religious Accommodations** | PAGE 4 OF 7 . |
|---|---|

shall exercise best efforts to complete its response within forty-five (45) days of receiving the request.

8. The committee shall forward the Request for Religious Accommodation (DRC4326) along with its recommended Response to Request for Religious Accommodation (DRC4327) to the managing officer/designee for review and approval. The managing officer/designee may approve, disapprove or modify the committee's recommended response or the managing officer/designee may return the matter to the committee for further consideration. If the managing officer/designee considers any factors not identified by the committee, the managing officer/designee shall identify those factors and explain his/her decision.

9. The managing officer/designee shall record his/her decision on the Response to Request for Religious Accommodation (DRC4327), forward the decision to the inmate, and shall forward a copy of both the Request and the Response to the Chaplain's Office. To the extent possible the managing officer's/designee's decision shall be made within fifteen (15) business days of receiving the committee's recommendation.

10. If the inmate is requesting an accommodation for one of the matters listed in section VI.H of this policy, the managing officer/designee shall record a recommendation on the Response to Request for Religious Accommodation (DRC4327). The managing officer/designee shall forward the Response to Request for Religious Accommodation (DRC4327) and all accompanying materials to the religious services administrator for a final decision. The managing officer/designee shall also forward a copy of the response form to the inmate and to the Chaplain's Office.

11. The inmate shall be permitted to appeal any final decision and object to any recommendation made by the managing officer/designee. The inmate must submit the Offenders Appeal of Decision Regarding Religious Accommodation (DRC4442) to the religious services administrator within fifteen (15) business days.

12. Once a Religious Accommodation has been granted and/or completed, the inmate must wait twelve (12) months to request a change in that particular Religious Accommodation.

H. The following matters shall be referred to the religious services administrator:

1. New Dietary Requests: Requests that would require the creation of a special diet, a religious "feast" menu, or that would require the purchase of special foods (e.g., kosher, halal, etc.) not currently offered, or which would expand access to such diets to different or additional religious groups must be referred to the religious services administrator for final decision. Decisions to accommodate an individual inmate with existing dietary options (e.g., meatless diet, etc.) may be made at the institution.

2. Congregate Services: The approval of Congregate Services for any group and requested by at least five (5) documented members of that group not already receiving such services must be referred to the religious services administrator for final decision.

3. The recognition of any religious holiday not previously observed or recognized.

| SUBJECT: **Religious Accommodations** | PAGE 5 OF 7 |
|---|---|

I. The religious services administrator shall consult with the regional directors, the regional operations managers, the STG coordinator, food service managers, dieticians, and any other person whose expertise might be relevant, in order to arrive at the final decision on any appeal or objection. When appropriate, the religious services administrator shall convene a meeting of such interested persons to review the requested accommodation and the recommendations from the institution. The religious services administrator shall issue a final decision within sixty (60) days of receiving the request for accommodation from the institution. This decision shall be distributed to the inmate, the managing officer, the institutional chaplain, and scanned into OnBase.

J. Religious accommodations shall be subject to the following general provisions:

1. Special Rites - An inmate's request to participate in a special ceremony, procedure, observance, or activity shall be evaluated with respect to the religious customs. Any contract clergyperson, volunteer, or minister of record who wishes to perform a special rite for an inmate shall first obtain approval from the chaplain. Any inmate wishing to participate in such special rite shall request an accommodation using the Request for Religious Accommodation (DRC4326). In addition to the general considerations stated elsewhere in this policy, other considerations include:

    a. Availability and cost of an appropriate religious leader;
    b. Availability and cost of custody supervision;
    c. Cost of special materials or other arrangements;
    d. Any other factor that may affect the security or orderly operation of the institution.

2. Work Accommodations - An inmate may request to be excused from work in order to observe a religious holiday as a Non-Work Day. An inmate may also request to be excused for a shorter period of time during a work day in order to attend a religious activity of their particular faith group (e.g., worship, prayer, or study groups, etc.).

    a. The inmate requesting a Non-Work Day must submit a written request for such an accommodation to the chaplain at least thirty (30) days in advance of the holiday or occasion in question.

        i. An inmate requesting to observe a non-work day or other religious activity that recurs at intervals of less than thirty (30) calendar days (e.g., a weekly Sabbath, weekly worship service, etc.) need not make a specific request for each occasion, but shall need to make only one (1) request.

        ii. An inmate requesting to be excused for part of a work day for a religious service shall either submit a written request for such an accommodation to the chaplain no less than thirty (30) calendar days prior to the requested observance or in the alternative, the person leading that faith group or observance may submit a list of attendees to the chaplain for approval.

| SUBJECT: **Religious Accommodations** | PAGE  6   OF  7  . |
|---|---|

    b.  In addition to the general concerns expressed elsewhere in this policy, the institution Religious Accommodations Committee shall consider the following points in deciding work accommodations:

        i.  Whether the inmate is assigned to a work detail that is essential to the operations of the facility; or

        ii.  Whether allowing the inmate to attend would be incompatible with safety, security, or the reasonable allocation of personnel, space or other available resources. Where possible and consistent with sound correctional practice, such requests should be granted.

    c.  Inmates who are excused from work to observe a Non-Work Holy Day or attend a religious activity may be required to work alternative hours when possible to make up any hours missed.  Inmates assigned to work programs operated by the Ohio Penal Industries (OPI) may be allowed to take personal leave, leave without pay, or administrative leave in accordance with the rules governing that program in order to facilitate the observance of the holy day or religious activity.

3.  Special Dietary Practices or Restrictions - Inmates requesting a religious diet shall request a religious accommodation using the Request for Religious Accommodation, (DRC4326). Where feasible, DRC will strive to accommodate dietary restrictions by providing a combination of foods that is consistent with dietary restrictions and that fulfill the nutritional requirements of DRC Policy 60-FSM-02, Food Service Operations. Inmates must submit requests for special temporary dietary restrictions or practices as a part of a religious holiday or observance at least ninety (90) days in advance of said holiday or period of observance.  In addition to the general considerations stated elsewhere in this policy, the committee shall consider the following:

    a.  Whether the dietary practice is part of a religious holiday or observance;
    b.  The general practice or tradition regarding the dietary restriction or practice in question; and
    c.  The impact of its decision on the institution or institutional operation.

4.  Religious property - Religious items, apparel, and literature are subject to the following general provisions:

    a.  All religious objects, apparel, and literature are subject to the general regulations affecting similar property in institutions.

    b.  Religious literature and recordings may only be withheld under the terms of the DRC Policy 75-MAL-02, Printed Material, and Administrative Regulation 5120-9-19, Printed Material.

    c.  All such items are subject to regulations regarding limits and storage unless a valid institutional exemption is in effect.

DRC 1362

*Defendants' Trial Ex. 2-6*    DRC000250

    d.  Religious items not otherwise permitted in the institution may be approved if their use or possession is religiously based and their presence does not constitute a threat to the security and good order of the institution.

**Related Department Forms:**

| | |
|---|---|
| Request for Religious Accommodations | DRC4326 |
| Response to Request for Religious Accommodations | DRC4327 |
| Offender's Appeal of Decision Regarding Religious Accommodation | DRC4442 |