# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CECIL KOGER,** | ) |
| Plaintiff, | ) Case No. 4:17-CV-02409 |
| | ) |
| | ) Judge Benita Y. Pearson |
| v. | ) |
| | ) |
| **DIRECTOR GARY MOHR, et al.,** | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, Cecil Koger, files this Opposition to Defendants' Motion for Summary Judgment (ECF No. 45)(Hereinafter, "Defts.' MSJ"). A memorandum of law is attached.

Respectfully submitted,

/s/ John Wrench
*Certified Legal Intern**
/s/ Andrew C. Geronimo
Andrew C. Geronimo (#0086630)
*Supervising Attorney*
MILTON A. KRAMER LAW CLINIC CENTER
CASE WESTERN RESERVE UNIVERSITY
SCHOOL OF LAW
11075 East Boulevard
Cleveland, Ohio 44106
Telephone: 216.368.2766
Facsimile: 216.368.5137
Email: andrew.geronimo@case.edu
*Attorneys for Plaintiff*

---

\* Plaintiff filed a Motion for Leave to Appear on April 3, 2019. (ECF No. 49). Counsel also wishes to thank Zora Raglow-Defranco, a first-year law student at Case Western Reserve University School of Law, for her contributions to this brief.

**_Defendants' Trial Exhibit 16-1_**

Koger's religious beliefs require him to adhere to a strict *ital* diet of organic unprocessed foods and fast one-hundred-eighty days per year. Mr. Koger's Rastafarianism teaches him that his hair is his strength and personal identity, and requires him to grow his hair naturally, without manipulating it or cutting it. Id. ODRC's policies prohibit him from growing his hair naturally, and do not permit him to fast according to his beliefs. Being forced to choose between violating religious beliefs and facing discipline in the prison context is a substantial burden. *Holt*, 135 S.Ct. at 862.

### 3. Defendants have not met their burden to demonstrate that there is a compelling interest in substantially burdening Mr. Koger's religious beliefs.

ODRC claims it has "a security interest in the searchability of an inmate's hair," and "maintaining safety and security." Defts.' MSJ at 8, 18. RLUIPA requires a "rigorous standard" to evaluate a compelling interest, and "does not permit [] unquestioning deference" to a prison's purported interest. *Holt* at 864. Moreover, RLUIPA "does not permit … unquestioning deference" to penological interests, and "[m]akes clear that it is the obligation of the courts to consider whether exceptions are required under the test set forth by Congress." *Id.*, citing *Gonzales v. O Centro Espírita Beneficente Unió do Vegetal*, 546 U.S. 418, 434. That test "requires [a prison] not merely to explain why it denied the exemption, but to prove that denying the exemption is the least restrictive means of furthering a compelling governmental interest." *Id.* In other words, ODRC may not rely upon "broadly formulated" interests to satisfy RLUIPA, but must conduct a "more focused inquiry" which "requires the Government to demonstrate that the compelling interest test is

7

## CERTIFICATE OF SERVICE

On this 3rd day of April, 2019 I filed the foregoing electronically. The Court's electronic filing system will send notice of this filing to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Andrew C. Geronimo
*One of the Attorneys for Plaintiff Cecil Koger*
