# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Cecil Koger,** | : | |
| Plaintiff, | : | Case No. 4:17-cv-02409 |
| v. | : | Judge Benita Y. Pearson |
| **Director Gary C. Mohr, et al.,** | : | |
| Defendants. | : | |

## **DEFENDANTS' NOTICE REGARDING JOINT STIPULATIONS**

At 11:06 PM on September 27, 2021, Plaintiff's counsel sent the undersigned a list of exhibits he proposed to use at the upcoming October 4, 2021 trial of this matter. Not only did the bulk of the proposed list relate to the force cutting of Plaintiff's hair, and was thus irrelevant to the issues remaining for decision in this case, it also included the affidavit of Kelly Riehl and the attachments thereto, which the Court had previously ruled should be disregarded, ECF 56, at 652, and a medical diet policy, 68-MED-10, against which Plaintiff had filed a motion in limine claiming that Defendants might try to use the exhibit at trial to his prejudice. ECF No. 89, at 796. The proposed list also included a list of Plaintiff's witnesses and those witnesses that Plaintiff proposed the parties call jointly.

At 11:09, 11:10, and 11:20, the undersigned tried to call Plaintiff's counsel to inform him that she believed he had misread the Court's order. When Plaintiff's counsel did not pick up or return any of the undersigned's calls, at 12:18 PM she sent him an email stating that she believed the Court's order said nothing about joint witnesses, nor did it require a joint exhibit list. Instead, it required the parties to file a list of exhibits to which they would agree to stipulate and those to which they would not.

At 1:56 AM, the undersigned sent Plaintiff a partial list of twenty-seven exhibits to which she would *not* agree to stipulate, and nineteen others to which she would. The email also advised Plaintiff's counsel that since the undersigned was having trouble finding all of the documents on the proposed exhibit list, she would need to send him a more inclusive list of those exhibits with which she objected later that day.

At 3:58 PM, the undersigned sent Plaintiff's counsel a list of the remaining exhibits to which she would not agree to stipulate. At 4:21 PM, and again at 4:38 PM, the undersigned tried to call Plaintiff's counsel in order to coordinate a joint list of those exhibits to which the parties would not agree. When Plaintiff's counsel did not pick up, at 4:38 PM the undersigned emailed him Defendants' list of proposed exhibits, stating "Here is Defendants' exhibit list. I tried to call you twice to coordinate this but you did not pick up and have not returned my calls. Please let me know if you have any objections to the exhibits and/or if you will agree to their stipulation. Also, please let me know what you are doing with regard to the joint list of those exhibits for which there is no stipulation. It needs to be filed by close of business today."

At 5:09 PM, believing that the Court's order required the parties to file their exhibits by 5:00 PM, a paralegal filed Defendants' exhibits. Upon learning this, at 5:26 PM, the undersigned emailed Plaintiff's counsel regarding the filing, stating "I did not direct that they be filed. If you get the joint list filed I will withdraw my list. The list was filed without my knowledge. Please continue working with the joint list. It is my intention to get the marked exhibits filed on CD by Friday noon. Since the order requires three separate CDs, Plaintiff's, Defendants' and Joint, it cannot be done until the stipulated list is completed and filed."

Disregarding the undersigned's email, at 6:27 PM Plaintiff's counsel went ahead and filed what he captioned a "Proposed [Joint] Witness and Exhibit List." ECF No. 119. Except there is

nothing "joint" about Plaintiff's filing. Apparently, Plaintiff's counsel used the list of those exhibits to which Defendants' counsel agreed to stipulate to file a purported set of joint exhibits. However, despite the fact that Plaintiff's counsel advised the undersigned that he was working on a joint set of exhibits to which the parties objected, the list he filed with the Court at ECF No. 119 contains none of these exhibits. Nor did Plaintiff's counsel seek the undersigned's approval before designating certain exhibits "joint," much less to the identification of any joint witnesses.

In sum, Defendants do not, and have not, agreed to stipulate to the following exhibits: PID 562; PID 563; PID 564; PID 565; PID 507; PID 163; PID 164; PID 165; PID 166; PID 167; PID 569; PID 570; PID 571; PID 556; PID 557; PID 558; PID 559; PID 560; PID 561; PID 181; PID 182; PID 183; PID 184; PID 213; PID 214; Force Cut Video; 68-MED-10 Diet Formulary Protocol; PID 536; PID 537; PID 538; PID 539; PID540; PID 541; PID 542; PID 420; PID035; PID 530; PID 531; PID 532; PID 533; PID 534; PID 535; PID 343; PID 344; PID 345; PID 346; PID 550; PID 551; PID 552; PID 553; and a 7/22/16 Request for Religious Accommodation for which Plaintiff's counsel has provided no number.

                                                    Respectfully submitted,

                                                    DAVE YOST
                                                    Ohio Attorney General

                                                    /s/ *Tracy L. Bradford*
                                                    TRACY L. BRADFORD (0058556)
                                                    MINDY WORLY (0037395) *
                                                    TONY H. SHANG (0100246)
                                                        *Lead counsel*
                                                    Assistant Attorneys General
                                                    Criminal Justice Section
                                                    Corrections Litigation Unit
                                                    30 East Broad Street, 23rd Floor
                                                    Columbus, Ohio 43215
                                                    T: (614) 728-0161; F: (866) 474-4985
                                                    Mindy.Worly@OhioAGO.gov

Tracy.Bradford@OhioAGO.gov
Tony.Shang@OhioAGO.gov

*Trial Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2021, a copy of the foregoing was filed electronically utilizing the Clerk's ECF system.  Notice of this filing will be sent to all parties by the operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Tracy L. Bradford*
TRACY L. BRADFORD (0058556)
Principal Assistant Attorney General