# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CECIL KOGER, | : | |
| | : | Case No. 4:17-cv-02409 |
| Plaintiff, | : | |
| | : | Judge Benita Y. Pearson |
| v. | : | |
| | : | |
| DIRECTOR GARY C. MOHR, et al., | : | Plaintiff's Response to |
| | : | Defendants' Notice Regarding |
| Defendants. | : | Joint Stipulations (ECF No. #120) |

Defendants' "Notice Regarding Joint Stipulations" (ECF Doc. #120), contains a misleading recitation of the parties' attempts to confer on a proposed joint exhibit list.

For the sake of completeness, attached is the full string of emails between counsel, attached as Exhibits 1, 2, and 3, which contain a complete description of the communications between the parties (and show the deceptive nature of Defendants' Notice). Notably, Defendants' notice is signed by Attorney Bradford, not Attorney Worly, who was on all of the relevant communications and who would be responsible for attesting to knowledge of the matters at issue.

The undersigned also certifies that he spoke with Attorney Worly on September 28 at 4:38 p.m. for 6 minutes (after missing her call at 4:22 p.m. while preparing for trial in this matter). During the call, Ms. Worly said that the Court's order did not require exhibits to be filed until Friday (by delivering CDs), and that Defendants did not intend to (and, indeed, could not) file any exhibits, only a list of proposed exhibits. The undersigned disagreed and read aloud the applicable language in the Court's pretrial

order as amended in ECF Doc. #77. During that 4:38 p.m. call, I told Ms. Worly that Plaintiff's Counsel would incorporate Defendants' exhibit lists (that she sent moments earlier) into the existing draft and circulate the proposed joint filing as soon as possible, but that Plaintiff would be filing his exhibits as required by ECF # 77. Nonetheless, while Plaintiff's counsel were attempting to re-name and re-label joint exhibits in order to submit a compliant joint filing, Defendants filed their exhibits separately without waiting for a revised draft or allowing even an hour to confer. This is not the first time the parties' attempts at joint filings have been frustrated by the inconsistent and unpredictable messaging from Defendants while conferring on applicable orders.

    Finally, Defendants' Notice admits that a "paralegal" submitted Defendants' filings under Ms. Worly's electronic signature "without [her] knowledge," which Ms. Worly then immediately sought to undo by ordering the undersigned to "[f]inish the list of exhibits to which we will not stipulate and file it ASAP." This is obviously improper, and it unnecessarily created additional work and confusion while frustrating this court's orders.

Respectfully submitted,
*/s/ Andrew Geronimo*
ANDREW GERONIMO (0086630)
*Director*, FIRST AMENDMENT CLINIC
MILTON A. KRAMER LAW CLINIC CENTER
Case Western Reserve University
School of Law
11075 East Boulevard
Cleveland, Ohio 44106
T: (216) 368-2766 F: (216) 368-5137
andrew.geronimo@case.edu
*Counsel for Plaintiff*

2

## CERTIFICATE OF SERVICE

The undersigned certifies that this *Response to Defendants' Notice* was filed electronically on September 29, 2021, and will be served upon all parties of record by the Court's electronic case filing system.

*/s/ Andrew Geronimo*
ANDREW GERONIMO (0086630)
