PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CECIL KOGER, | ) | |
| | ) | CASE NO.  4:17CV2409 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GARY C. MOHR, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | Resolving [ECF Nos. 82, 84, 85, 86, 87, 88, |
| | ) | 89, 90, 91, 92, 93] |

Pending before the Court are ten motions *in limine* and a previous motion for a status

conference.  This case is on a limited remand from the Court of Appeals in which the Sixth

Circuit reversed, in part, the Court's initial grant of summary judgment to Defendants.  A trial in

which Plaintiff's remaining claims will be adjudicated commences on October 4, 2021.

**Defendants' Motion for Status Conference (ECF No. 82)**

Defendants first attempted to raise the issues contained in ECF No. 82 in an *ex parte* call

to Chambers, without opposing counsel on the line.  The Court noted that improper attempt at a

conversation in a Non-Document Order on September 7, 2021.  The Court then requested that

the issues be presented in a motion that Defendants filed as ECF No. 82.  The Court in a separate

Non-Document Order on September 9, 2021 denied ECF No. 82, stating that Defendants

improperly sought dispositive relief by not first conferring with Counsel as required under

Courts previous Orders.  ECF No. 29 at PageID #: 295.  The Court then directed counsel on both

sides to confer, and if no agreement was reached the motion should be fully briefed.  No

agreement was reached, and the issues were fully briefed.

(4:17CV2409)

Having reviewed the arguments, it is apparent that ECF No. 82 is merely a rephrased request for dispositive relief presented both in an improper form and at an improper time.

The form of ECF No. 82 is improper under the rule set out in *Louzon v. Ford Motor Co., 718 F.3d 556, 563 (6th Cir. 2013)*.  In *Louzon*, the Sixth Circuit reversed a district court that decided dispositive issues that were brought in the motion *in limine* stage, in part because the issues therein were not properly before the Court.  *Id*.  Part of the reasoning behind the decision in *Louzon*, is that allowing a party to litigate matters that have been or should have been resolved at an earlier stage deprives their opponents of the procedural protections that attach at summary judgment.  *Id*. at 561.  In this case, although ECF No. 82 is not labelled a motion *in limine,*[1] the reasoning in *Louzon* still applies.  Allowing Defendants to raise these dispositive issues now would deprive Plaintiff of the procedural protections that are afforded under Fed. R. Civ. P. 56.

The timing of Defendants' motion is problematic under the decision in *Kay v. United of Omaha Life Ins. Co.*, 709 F. App'x 320, 326-27 (6th Cir. 2017).  In *Kay*, the Sixth Circuit held that the district court did not abuse its discretion by denying a post-remand request for a renewed motion for summary judgment closely before trial.  *Id*.  The Court in *Kay* focused its analysis solely on the premise that a district court has wide discretion to manage its docket and insure an expeditious processing of the litigation. *See Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986).

In *Kay*, the Sixth Circuit observed that, the "obvious time to have sought permission to file a motion for summary judgment was, if at all, shortly, if not immediately, after remand."

---

[1] In Limine is Latin for "at the threshold", that to be resolved before trial.  *See* The Free Dictionary, *in limine*, https://legal-dictionary.thefreedictionary.com/in+limine (last visited 9/30/2021).

2

(4:17CV2409)

*Kay*, 709 F. App'x, 320, at 326. In this case, the mandate from the Sixth Circuit for remand came on July 31, 2020. Defendants did not make this motion until September 8, 2021, well over a year after remand. Defendants not only have made no request for leave to file a dispositive motion, but also made no objections to any schedules the Court proposed that did not include dispositive motion deadlines. The only post-remand request to address these dispositive issues came less than a month before trial.

The Court is therefore exercising its discretion to decide not to address any of the substantive issues mentioned in ECF No. 82 under *Kay* and *Louzon*. Defendants are not prejudiced by the Court's refusal to take up these issues at this time, as the issues can be raised again under Fed. R. Civ. P. 50 at the conclusion of trial.

Accordingly, Defendants' Motion (ECF No. 82) is denied.

### **Defendants' First Motion *in limine* (ECF No. 84)**

Defendants request an Order barring Plaintiff from making claims for money damages related to his Ital diet. ECF No. 84 at PageID #: 700. Defendants' substantive argument is that qualified immunity would forbid money damages. *Id.* at PageID #: 701. Plaintiff claims that Defendants' request is an improper dispositive request, and that a motion *in limine* is not the proper forum to weigh sufficiency of evidence. ECF No. 109 at PageID #: 1023-1026.

Motions *in limine* are designed to narrow the evidentiary issues at trial, not to provide dispositive relief. *See Louzon*, 718 F.3d at 561. When a motion *in limine* is no more than a rephrased summary judgment motion, the motion should not be considered. *Id.* at 563.

In this case, ECF No. 84 is an obvious request for dispositive relief by asserting a qualified immunity defense. As discussed above, such a request is no more than a rephrased summary judgment motion and the Court may rely on its broad discretion to deny such a motion.

3

(4:17CV2409)

Accordingly, ECF No. 84 is denied.

**Defendants' Second Motion *in limine* (ECF No. 85)**

Defendants request an Order prohibiting Plaintiff from making any reference relating to "his dreadlocks, ODRC's revised grooming policy, 65-GRM-01, or the force cutting of his hair." ECF No. 85 at PageID #: 775.  Plaintiff argues that evidence related to Plaintiff's hair show an ongoing animosity towards Rastafarianism which is relevant to the remaining dietary claims. ECF No. 110 at PageID #: 1029.

The Court of Appeals has dispatched with all claims related to Plaintiff's dreadlocks, so the issues are not before the Court on this limited remand.  *See Koger v. Mohr*, 964 F.3d 532, 539-543 (6th Cir. 2020).  Plaintiff argues that, although the claims are dispatched evidence, related to Plaintiff's dreadlocks are relevant to his remaining claims under RLUIPA and can be used to show long term burdening of Rastafarian practice.  ECF No. 110 at PageID #: 1029.  The Court is not persuaded by Plaintiff's argument.  To the extent that Plaintiff's religion may have been burdened, the only cognizable burdens that remain are those that were remanded by the Court of Appeals.

Evidence related to the non-cognizable burdens unfairly distract and should be excluded under Fed. R. Evid. 403.  For that reason, evidence that is only slightly probative is more susceptible to exclusion under rule 403. *See Jones v. Wiseman*, 838 F. App'x 942, 949 (6th Cir. 2020).  In this case, because all specific claims related to Plaintiff's hair have been dispensed, evidence related to Plaintiff's hair and how policies related to his hair burden his religion have no probative value to the remaining claim of Plaintiffs diet.  Also, the danger of creating

4

(4:17CV2409)

confusion and conflating unresolved issues with those to be resolved is substantial in this case.[2]

In summary, Plaintiff may not make reference to his dreadlocks, ODRC's revised grooming policy, 65-GRM-01, or the force cutting of his hair.  To the extent Plaintiff is worried about evidence and documents that reference Plaintiff's diet claims, those documents should be redacted in a manner consistent with this Order and the redacted versions provided to Defendants.

Accordingly, Defendants' Motion (ECF No. 85) is granted.

**Defendants' Third Motion *in limine* (ECF No. 86),**

Defendants request an Order prohibiting Plaintiff from asserting any claims at trial relating to the pictures taken of Plaintiffs dreadlocks or his alleged inability to commune with others.  ECF No. 86 at PageID #: 778.  Plaintiffs have indicated it has no plans to present such pictures, but it is not legally obligated to keep that position, and that the communing claim relates to remaining claims of ongoing discrimination against Rastafarianism.  ECF No. 111 at PageID #: 1040-41.

When this case was on Appeal the Sixth Circuit dispatched with any claims related to Plaintiff communing and Plaintiff's dreadlocks.  *See Koger*, 964 F.3d at 539-543.  The case is on a limited remand and the Court will not allow any mention of evidence related to the forestalled claims on remand.

---

[2] The Court is considering altering the way the case is presented, including but not limited to, employing an advisory jury under Fed R. Civ. P. 39(c). To the extent that occurs, there may be room for potential limiting instructions that are not yet before the Court. Plaintiff must however show the specific probative value of the evidence in relation to the claims to be considered for there to be any reconsideration of this motion.

(4:17CV2409)

Furthermore, evidence related to any claim that was forestalled on appeal will likely confuse and distract and should be excluded under Fed. R. Evid. 403, as indicated above.[3]  In summary, Plaintiff may not make any reference to the pictures taken of his dreadlocks or his ability to commune at trial.  Similarly, to the extent Plaintiff is worried about evidence and documents that reference Plaintiffs diet claims, those documents should be redacted in a manner consistent with this Order and provided to Defendants.

Accordingly, Defendants' Motion (ECF No. 86) is granted.

### **Defendants' Fourth Motion *in limine* (ECF No. 87)**

Defendants request an Order prohibiting Plaintiff "from making any reference to his Ital diet or Rastafarian fast day claims at the trial of this matter because they were not administratively exhausted before he commenced this lawsuit." ECF No. 87 at PageID #: 781. Plaintiff argues "[t]his Court should deny Defendants' motion, because (1) the Sixth Circuit found that these claims were preserved and Defendants had waived any defenses under the PLRA and, (2) presenting an affirmative defense as an evidentiary issue is improper for a motion in limine." ECF No. 112 at PageID #: 1046.

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA.' [.]... [I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 199 (2007)).  The exhaustion requirement is not jurisdictional.  *See, e.g., Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999) ("[t]he exhaustion requirement in the [PLRA] governs the timing of a federal action by a prisoner, not whether the

---

[3] *See supra* note 2.

6

(4:17CV2409)

court has the power to hear the suit"); *Woodford v. Ngo*, 548 U.S. 81, 101 (2006) (stating that the "PLRA exhaustion requirement is not jurisdictional").  Because Defendants' request amounts to an affirmative defense under the PLRA, which they have already asserted, and does not otherwise affect the Court's jurisdiction, the Court has no need to prohibit Plaintiff from making reference to his Ital diet or Rastafarian fast day claims.

Accordingly, Defendants' motion (ECF No. 87) is denied.

### **Defendants' Fifth Motion *in limine* (ECF No. 88)**

Defendants request an Order from the Court prohibiting Plaintiff "from claiming at trial that any of the Defendants prevented him from fasting as a Rastafarian."  ECF No.88 at PageID #: 786.  To counter, Plaintiff argues that "(1) Defendants' Motion improperly requests this Court to weigh the sufficiency of the evidentiary record, and (2) the Defendants are improperly disguising a dispositive motion for a motion in limine."  ECF No. 113 at PageID #: 1055. "Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose."  *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.*  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."  *Id.*  "A motion in limine that seeks to exclude broad categories of evidence should rarely be granted."  *Lankford v. Reladyne, LLC*, No. 1:14-CV-682, 2016 WL 1337293 at *2 (S.D. Ohio. Apr. 1, 2016).  "The better practice is to deal with questions of admissibility of evidence as they arise at trial."  *Id.*  When a party attempts to gain relief by excluding a

7

(4:17CV2409)

substantive issue via motion *in limine*, courts typically deny such motion because "a motion in limine … is not an appropriate device for resolving substantive issues." *Id*.

In the case at bar, Defendants are seeking to prohibit Plaintiff from making claims closely related to a central issue of the case – religious accommodations.  Fasting was among Plaintiff's numerous requests for such accommodations.  The denial of Plaintiff's requests is the impetus of the instant suit.  This substantive issue is not appropriately resolved via a motion *in limine*.

Accordingly, Defendants' Motion (ECF No. 88) is denied.

### Plaintiff's First Motion *in limine* (ECF No. 89)

Plaintiff seeks to preclude "Defendants from introducing evidence, argument, and testimony not related to materials previously disclosed during the discovery period or via discovery supplementation." ECF No. 89 at PageID #: 792.  As a basis for such a request, Plaintiff makes specific reference to a series of email communications with Defendants.  *Id*. at PageID #: 795-96.  In response, Defendants point out that the email communications Plaintiff references "were forwarded in response to questions posed by opposing counsel during settlement discussions." ECF No. 99 at PageID #: 880.  Fed. R. Evid. 408(a)(2) bars the admissibility of such communications.  Plaintiff also expressed concern about the disclosure of written discovery, document discovery, and expert witnesses.  The Federal Rules of Evidence, Federal Rules of Civil Procedure, and the Court's Case Management Order prohibit the specific types of disclosure Plaintiff seeks to exclude

Accordingly, Plaintiff's motion (ECF No. 89) is granted.

### Plaintiff's Second Motion *in limine* (ECF No. 90)

Plaintiff seeks to exclude "Defendants from presenting evidence and argument in an attempt to demonstrate that Plaintiff's religious accommodation requests are not mandated by

(4:17CV2409)

Rastafarianism." ECF No. 90 at PageID #: 799.  Defendants argue that "[i]t is for the jury to determine whether or not Plaintiff's fasting and Ital beliefs are religiously sincere based on the evidence and argument presented at trial, something Defendants could not determine from the limited information provided in Plaintiff's May 27, 2018 accommodation request." ECF No. 100 at PageID #: 883.  Without deciding whether this question is resolved by jury or the bench, it is nonetheless, within the province of the factfinder to determine the sincerity of Plaintiff's beliefs.

Accordingly, Plaintiff's Motion (ECF No. 90) is denied.

**Plaintiff's Third Motion *in limine* (ECF No. 91)**

Plaintiff seeks that Defendants be barred from asserting a statute of limitations defense under the continuing violation theory. ECF No 91 at PageID #: 806.  Defendants argue that the continuing violation theory does not apply, and it were to apply, the facts in this case do not support it. ECF No. 101 at Paged ID #: 890, 892.

In this case, the Court, similar to the Court in *Papaneck*, questions if a motion seeking to bar a statute of limitations defense under a continuing violation theory, can be raised at the motion *in limine* stage of the litigation.  *See Allstate Ins. Co. v. Papanek*, No. 3:15-CV-240, 2020 WL 246418, at *8 (S.D. Ohio Jan. 16, 2020).  Furthermore, it is apparent from the briefs that there are issues of material fact at play in this dispute.  It would be improper for the Court to resolve issues of material fact at this stage.

Accordingly, Plaintiff's motion (ECF No. 91) is denied.

**Plaintiff's Fourth Motion *in limine* (ECF No. 92)**

Plaintiff seeks that Defendants be barred from providing rationalizations that were not present at the time Plaintiff's initial requests for religious accommodation were made. ECF No.

9

(4:17CV2409)

92 at PageID #: 812.  Defendants claim that the lack of information theory, is not new and any argument against it goes to weight not credibility. ECF No. 102 at PageID #: 895-97.

In the Sixth Circuit's opinion, the Court of Appeals specifically indicated that explanations such as the one that Plaintiff did not provide sufficient information for his requests, were not present prior to litigation, and refused to consider them.  *See Koger*, 964 F.3d at 542. The Court similarly will not consider any such rationalization that were not espoused prior to litigation.

Although Defendant argues the facts that underlie the argument that Plaintiff's claim lacked sufficient information are not new, Defendants point to nowhere in the record where the lack of information theory was given to Plaintiff in response to the denial of his claims.  It is the new explanation, that Plaintiff objects to *not* the underlying facts.   It was such new explanations that the Court of Appeals refused to consider. Only the explanations given to Plaintiff at the time the accommodation request was made should be considered.

Accordingly, Plaintiff's motion (ECF No. 92) is granted.

**Plaintiff's Fifth *motion in limine* (ECF No. 93)**

Plaintiff seeks to prohibit Defendants from mentioning that Plaintiff is serving a life sentence for aggravated murder. ECF No. 93 at PageID #: 818.  Defendants claim that such information can be presented to the trier of fact under Fed. R. Evid. 609.  ECF No. 103 at PageID #: 899.

The fact of Plaintiff's incarceration is at issue, given his RLUIPA claim.  Applying the necessary balancing required under Fed. R. Evid. 609(a)(1)(A),  the Court weighs the probative value of the evidence and whether it is substantially outweighed by a danger of unfair prejudice.

10

(4:17CV2409)

Any probative value regarding the type of the Plaintiff's crime or length of incarceration, beyond the fact that he is incarcerated is minimal if existent.  The fact that Plaintiff is incarcerated is sufficient for Defendants to attack his credibility.  However, the convictions in question, aggravated murder, and the sentence in question, a life sentence, are of such a severe nature that they present an unacceptable risk of prejudice to Plaintiff.  Murder and a life sentence are a crime and a punishment to which jurors will be familiar. That familiarty my cause them to harbor strong entrenched beliefs about Plaintiff.  Those risks include but are not limited to the risk that the finder of fact may question the religious beliefs of Plaintiff on the sole reason that all murders are such bad individuals they cannot hold sincere religious beliefs.  Further, a finder of fact may impermissibly and implicitly consider the length of the sentence when considering the severity of Plaintiffs claims.

 To lessen these risks, the Court lands on the following limiting instructions.  The parties may mention that Plaintiff is incarcerated, however neither side shall make any mention of the reason for incarceration or the length of  Plaintiff's sentence.

Accordingly, (ECF No. 93) is granted in part.

### Conclusion

In sum, for the reasons discussed above, the Court rules on the ten pending motions *in limine* and the motion for a status conference.  The Court advises Counsel that, although these motions have been ruled upon, all issues are subject to further limitations as the trial progresses. *See*, *e.g.*, *Luce v. United States*, 469 U.S. 38, 41–42 (1984) ("[T]he district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling"); *United States v. Hurd, 7 F.3d 236 (6th Cir. 1993)*. ("Under Sixth Circuit precedent, a ruling on a motion *in limine* is no

(4:17CV2409)

more than a preliminary, or advisory, opinion which falls entirely within the discretion of the

district court").

      IT IS SO ORDERED.


September 30, 2021                                                      /s/ Benita Y. Pearson
Date                                                                   Benita Y. Pearson
                                                                       United States District Judge

12