# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Cecil Koger,** | : | |
| Plaintiff, | : | Case No. 4:17-cv-02409 |
| v. | : | Judge Benita Y. Pearson |
| **Director Gary C. Mohr, et al.,** | : | |
| Defendants. | : | |

## DEFENDANTS' AMENDED MOTION FOR JUDGMENT ON PARTIAL FINDINGS

Pursuant to Federal Rule of Civil Procedure 52(c), Defendants Chambers-Smith, Mohr, Black, Banks, and Davis ("Defendants") respectfully move the Court for an Order entering judgment in their favor and against Plaintiff Cecil Koger ("Koger") on his Free Exercise Clause, Equal Protection Clause, and RLUIPA claims. A memorandum in support is attached.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Mindy Worly
MINDY WORLY (0037395)*
TRACY L. BRADFORD (0058556)
TONY H. SHANG (0100246)
    *Lead counsel
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
T: (614) 728-0161; F: (866) 474-4985
Mindy.Worly@OhioAGO.gov
Tracy.Bradford@OhioAGO.gov
Tony.Shang@OhioAGO.gov
*Counsel for Defendants*

**MEMORANDUM**

Federal Rule of Civil Procedure 52(c) governs judgment on partial findings by the Court in a non-jury trial. Fed. R. Civ. P. 52(c). Accordingly, when a defendant moves to dismiss for insufficiency of the plaintiff's evidence, "it becomes the duty of the court to weigh and evaluate the evidence." *Hersch v. United States*, 719 F.2d 873, 876-77 (6th Cir. 1983) (citation omitted). Moreover, in weighing the evidence and determining the facts as contemplated by Rule 52(c), "the judge makes no special inferences in favor of the plaintiff." *Haskell v. Washington Township*, 864 F.2d 1266, 1274 (6th Cir. 1988) (citation omitted). Consequently, a Rule 52(c) dismissal "operates as an adjudication upon the merits . . . subject to the clearly erroneous standard of review." Id. (collecting cases); see also *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987).

A judgment on partial findings can be entered "at any time that the court can appropriately make a dispositive finding of fact on the evidence." Fed. R. Civ. P. 52(c) (advisory committee notes on 1991 amendment). And while a Rule 52(c) judgment must be supported by findings of fact and conclusions of law, Fed. R. Civ. P. 52(c), which will be filed in tandem with this motion, the following evidence remains uncontroverted by either party:

1. The evidence is uncontroverted that although Plaintiff initially filed his Complaint on November 16, 2017, he subsequently filed an Amended Complaint on June 8, 2018. Unlike the superseded Complaint, the Amended Complaint expressly and explicitly limits any recovery for money damages to the Trumbull Correctional Institution ("TCI")

    Defendants, all of whom have since been dismissed, and to those of the ODRC Defendants with jurisdiction over TCI. Therefore, because Defendant Ishee has also since been dismissed from this case, only Defendants Mohr and Davis remain subject to Plaintiff's damage claims. ECF No. 32, at 337-38.

2. The evidence is also uncontroverted that Religious Services Administrator ("RSA") Defendant Davis did not issue a final decision regarding Plaintiff's May 27, 2018 request for fast days and to have *Ital* until July 23, 2018, forty-five days after Plaintiff filed his Amended Complaint. Testimony of Plaintiff Koger; Testimony of Defendant Davis; Joint Trial Exhibit 10-1 (ECF No. 52-2, at 577).

3. The evidence is similarly undisputed that Plaintiff never submitted a request to fast on any particular day 90 days in advance of that observance as is explicitly required by 72-REG-02-VI-J-3. Testimony of Defendant Davis; Defendants' Trial Exhibit 2.

4. Nor is there any dispute that Plaintiff failed to submit any request whatsoever for a work proscription in order to observe a verbal fast as is explicitly required by 72-REG-02-VI-J-2. Testimony of Plaintiff Koger.

5. Likewise, the evidence is uncontroverted that it is not possible to gauge from the face of Plaintiff's May 27, 2018 fast days and *Ital* request what his fasting beliefs are, what his version of *Ital* entails, or whether the request is in conflict with the prison's operational and security concerns.

      Testimony of Plaintiff Koger; Testimony of Warden Bowen; Testimony of Defendant Davis; Joint Trial Exhibit 10-1 (ECF No. 52-2, at 577).

6. Nor is the evidence controverted that unlike Plaintiff, those inmates who celebrate Ramadan are observing a known fast, on known dates, with a known beginning and end time, requiring known accommodations, for which the Imam considers ODRC's vegetarian option to be consistent with Halal. Additionally, not only are Kosher meals certified by a Rabbi and prepared under rabbinical supervision in the distributor's off-site kitchen, but also neither Kosher meals nor those served to the adherents of Islam during Ramadan are curated in accordance with individual beliefs or preferences.  Instead, they are prepared in bulk and not particularized. Otherwise, any accoutrements requested by inmates pursuant to ODRC's faith-specific policies must be provided by the religious leaders of that faith themselves or obtained at the inmate's own expense. Testimony of Warden Bracy; Testimony of Warden Bowen; Testimony of Ms. Tatman; Testimony of Defendant Davis; Defendants' Trial Exhibits 3, 4, 5, 6, 7, 8, 9, 10, 11.

7. The evidence is similarly undisputed that there is no such thing as a frozen prepackaged meal which is certified by an authorizing body as being prepared in accordance with the precepts of *Ital*. Testimony of Plaintiff Koger; Testimony of Ms. Tatman; Testimony of Defendant Davis.

8. The evidence is also uncontroverted that in none of Plaintiff's accommodations submissions did he ever disclose that he objected to eating dairy products. Testimony of Plaintiff Koger; Joint Trial Exhibit 11-1; Defendants' Trial Exhibits 14 and 17.

9. The evidence is likewise undisputed that ODRC policy requires the operational concern for safety, security and the good order of the institutions to be considered whenever prison officials evaluate an inmate's religious accommodations request. Testimony of Defendant Davis; Defendants' Trial Exhibit 2.

10. Nor is the evidence controverted that Plaintiff could have timely submitted a new religious accommodations request that definitively articulates what his version of having *Ital* entails, specifically identifies which fast days he wants to observe and when they would occur, and describes in detail the accommodations he is requesting along with the religious basis therefor, but that he has failed to do so. Testimony of Defendant Davis.

Certainly, Rule 52(c) may be invoked when a plaintiff fails to demonstrate the elements of his claim either in fact or in law, or when a plaintiff's own evidence establishes one of the defendant's defenses as a matter of fact or law. *CMS Software Design Systems v. Info Designs, Inc.*, 785 F.2d 1246, 1248 (5th Cir. 1986). And such is the case here. Not only does Plaintiff's testimony regarding his May 27, 2018 request for accommodations establish Defendants' exhaustion defense as to all of Plaintiff's claims, but also his testimony regarding his failure to

5

submit a request to fast on any particular day 90 days in advance of that observance as is explicitly required by 72-REG-02-VI-J-3 establishes Defendants' qualified immunity fast days defense.

Moreover, not only did Plaintiff testify that he continued to have *Ital* and observe his fast days after Defendant Davis issued his May 27, 2018 final decision, but in addition Plaintiff failed to demonstrate the sincerely-held belief and substantial burden prongs of his RLUIPA and First Amendment claims. Likewise, Defendants' evidence regarding the prison's compelling interest in its security, safety, operational, and budgetary concerns was not controverted by the Plaintiff, nor did Plaintiff refute Defendants' evidence regarding the least restrictive means with which to accommodate his indeterminate fast days and *Ital* diet request.

When a defendant moves to dismiss for insufficiency of the plaintiff's evidence, it becomes the duty of the court to weigh and evaluate the evidence in accordance with its own view of the proceedings. *Ritchie v. U.S.,* 451 F.3d 1019, 1023 (9th Cir. 2006) (footnote omitted) (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990). While the 1993 amendment to Rule 52(c) makes clear that judgment as a matter of law in non-jury trials may be entered against both plaintiffs and defendants, and with respect to issues or defenses that may not be wholly dispositive of a claim or defense, such a ruling would, nevertheless, demand that either a plaintiff or defendant be afforded the opportunity to be fully heard on the relevant issues prior to judgment. See Fed. R. Civ. P. 52(c), Advisory Committee Note to 1993 Amendment.

However, in the instant case, not only was Plaintiff afforded the full opportunity to present evidence in support of his claims in his case in chief, but also the Court graciously permitted him

6

to call a witness who was neither previously disclosed nor included on his witness list in an effort to support his claims in the midst of Defendants' case in chief.

Because the evidence Plaintiff presented at trial is insufficient to support either his fast days or his *Ital* diet claims, whether under RLUIPA or the First or Fourteenth Amendments Defendants are entitled to judgment as a matter of law.

    Respectfully submitted,

    DAVE YOST
    Ohio Attorney General

    /s/ Mindy Worly
    MINDY WORLY (0037395)*
    TRACY L. BRADFORD (0058556)
    TONY H. SHANG (0100246)
      *Lead counsel*
    Assistant Attorneys General
    Criminal Justice Section
    Corrections Litigation Unit
    30 East Broad Street, 23rd Floor
    Columbus, Ohio 43215
    T: (614) 728-0161; F: (866) 474-4985
    Mindy.Worly@OhioAGO.gov
    Tracy.Bradford@OhioAGO.gov
    Tony.Shang@OhioAGO.gov
    *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of October, 2021, a copy of the foregoing was filed electronically utilizing the Clerk's ECF system.  Notice of this filing will be sent to all parties by the operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Mindy Worly  
MINDY WORLY (0037395)